# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

December 19, 2024

<u>Particle Health Inc. v. Epic Systems Corporation</u>, 24-cv-07174-NRB

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") pursuant to Your Honor's Individual Rule 2(H)(2) to respectfully request leave to file under seal portions of an e-mail appended as Exhibit 3 to the Declaration of Lauren A. Moskowitz (the "Moskowitz Declaration") in Support of Epic's Motion to Dismiss.  The aforementioned document has been contemporaneously filed under seal on ECF and electronically related to this letter-motion.

In particular, Epic respectfully requests that the Court order sealing of limited portions of Exhibit 3 to the Moskowitz Declaration that reflect the personal contact information of the sender and third-party recipients of the communication (respectively, an Epic employee and employees of an Epic customer), including their names and e-mail addresses.  "[W]here only names are sought to be redacted, the presumption of public access is relatively low because 'the public can still glean from' the Court's use of those redacted documents 'the substance of [the] arguments and the manner in which the Court handled them'".  *Citgo Petroleum Corp. v. Starstone Ins. SE*, 2023 WL 7497858, at *2 (S.D.N.Y. Nov. 9, 2023) (second alteration in original) (citation omitted).  Moreover, "[t]he privacy interests of 'innocent third parties . . . should weigh heavily' when balancing the presumption of disclosure".  *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (second alteration in original) (citation omitted).

Epic's proposed redactions are appropriate where, as here, the contents of the e-mail are unredacted and the personal identifiable information sought to be redacted—including the identity of the Epic customer and its employees to whom the e-mail was sent and the identity of the Epic employee who sent the email—has no bearing on the substance of the claims at issue. *See, e.g.*, *id.* at *2 (approving redactions because "[t]he public interest in the names of the specific senders and recipients in [the] e-mails is low, as is the identities of certain entities referenced within the e-mails"); *Citgo*, 2023 WL 7497858, at *2 (approving "redactions of certain names and limited, targeted information in the documents" where "the public [would] be able to read and understand each document even with the redacted information"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (approving redactions to "names and addresses of third parties [that] were immaterial to [defendant's] motion for summary judgment").

For all the reasons discussed above, Epic respectfully requests that its letter-motion to seal portions of Exhibit 3 to the Moskowitz Declaration be granted.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Respectfully submitted,

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
   United States Courthouse
      500 Pearl St.
         New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF