**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

January 30, 2025
VIA ECF

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    **Request for Leave to File Short Sur-Reply Brief**
       *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

We write on behalf of Plaintiff Particle Health Inc. ("Particle"). On January 24, 2025, Defendant Epic Systems Corporation ("Epic") filed a reply brief in support of its motion to dismiss Particle's complaint. Dkt. 29. In that brief, Epic contends for the first time that a competitor only suffers antitrust injury from exclusionary conduct where it has "exit[ed] from the market." *Id.* at 9. Particle respectfully requests leave to file a one-page sur-reply memorandum of law solely for the purpose of responding to Epic's new (and meritless) argument concerning antitrust injury.

"Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Bates v. Deva Concepts LLC*, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022). In its opening brief, Epic argued that Particle failed to allege antitrust injury solely because Epic's conduct could not have "adversely affected competition in the payer platform market." *See* Dkt. 21 at 24. However, after Particle explained in its opposition that a competitor's "[e]xclusion from a market is a conventional form of antitrust injury," Dkt. 28 at 24-25, Epic shifted gears. In its reply brief, Epic raised a new and deeply misleading argument, contending that a competitor may only seek damages based on exclusionary conduct when "the defendant's conduct allegedly caused the plaintiff's '*exit* from the market.'" Dkt. 29 at 9 (emphasis in original). Because this argument was raised for the first time in a reply brief and plainly contradicts binding precedent, Particle submits that there is good cause for its request to file a one-page sur-reply solely to address this argument.

The sur-reply Particle proposes to file is attached as an exhibit to this letter motion. We appreciate Your Honor's consideration of this request.

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH