# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

January 31, 2025

Particle Health Inc. v. Epic Systems Corporation, 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") in response to Particle Health Inc.'s ("Particle") request for leave to file a sur-reply to Epic's motion to dismiss. (*See* Dkt. 30.) Particle's request should be denied because it has failed to demonstrate good cause as required by Your Honor's Individual Practice 2.C.3.

Particle asserts that in Epic's reply brief, "Epic contends for the first time that a competitor only suffers antitrust injury from exclusionary conduct where it has 'exit[ed] from the market'". (*Id.* at 1.) Epic made no such argument. Epic merely responded to Particle's assertion in its opposition brief that the type of antitrust injury at issue was "[e]xclusion from a market", which it claimed "is a conventional form of antitrust injury". (Dkt. 28 at 24-25 (quoting *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 802093, at *11 (S.D.N.Y. Feb. 21, 2019).) On reply, Epic pointed out that Particle did not actually allege the type of injury Particle argued was at issue (exclusion from a market) and that the two cases Particle relied upon are distinguishable, namely, that the plaintiff in *Valassis* alleged that it was forced to exit from the relevant market, 2019 WL 802093, at *12, which Particle has not alleged here, and that *Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F. Supp. 2d 372, 381-82 (S.D.N.Y. 2007), is irrelevant as it addressed the distinct standard governing standing *for injunctive relief*, whereas Particle does not only seek injunctive relief but also seeks *treble damages*. (Dkt. 29 at 9 & n.10.)

Because Epic's reply brief did not raise any new arguments but rather responded to Particle's own characterization of its complaint in its opposition and distinguished the authorities cited therein, good cause does not exist for Particle to file a sur-reply and Epic respectfully requests that the Court deny Particle's request.

Respectfully submitted,

/s/ Lauren A. Moskowitz

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
    United States Courthouse
        500 Pearl St.
            New York, NY 10007-1312

BY ECF

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP