**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

Application granted.
SO ORDERED.

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Date: February 4, 2025
New York, New York

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

January 30, 2025

<u>VIA ECF</u>

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   **Request for Leave to File Short Sur-Reply Brief**
      *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

We write on behalf of Plaintiff Particle Health Inc. ("Particle"). On January 24, 2025, Defendant Epic Systems Corporation ("Epic") filed a reply brief in support of its motion to dismiss Particle's complaint. Dkt. 29. In that brief, Epic contends for the first time that a competitor only suffers antitrust injury from exclusionary conduct where it has "exit[ed] from the market." *Id.* at 9. Particle respectfully requests leave to file a one-page sur-reply memorandum of law solely for the purpose of responding to Epic's new (and meritless) argument concerning antitrust injury.

"Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." *Bates v. Deva Concepts LLC*, 2022 WL 2106494, at *1 (S.D.N.Y. June 10, 2022). In its opening brief, Epic argued that Particle failed to allege antitrust injury solely because Epic's conduct could not have "adversely affected competition in the payer platform market." *See* Dkt. 21 at 24. However, after Particle explained in its opposition that a competitor's "[e]xclusion from a market is a conventional form of antitrust injury," Dkt. 28 at 24-25, Epic shifted gears. In its reply brief, Epic raised a new and deeply misleading argument, contending that a competitor may only seek damages based on exclusionary conduct when "the defendant's conduct allegedly caused the plaintiff's '*exit* from the market.'" Dkt. 29 at 9 (emphasis in original). Because this argument was raised for the first time in a reply brief and plainly contradicts binding precedent, Particle submits that there is good cause for its request to file a one-page sur-reply solely to address this argument.

The sur-reply Particle proposes to file is attached as an exhibit to this letter motion. We appreciate Your Honor's consideration of this request.

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson

---

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC., *Plaintiff*, v. EPIC SYSTEMS CORPORATION *Defendant*. | Case No.: 1:24-cv-07174 <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S [PROPOSED] SUR-REPLY MEMORANDUM OF LAW
IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

I.  **EPIC'S NEW ARGUMENT ON ANTITRUST INJURY CONTRADICTS DECADES OF PRECEDENT**

In its reply brief, Epic advances for the first time a new and plainly meritless argument regarding antitrust injury. Namely, Epic asserts that a competitor may only "adequately allege" antitrust injury resulting from exclusionary conduct if that conduct "allegedly caused the plaintiff's '*exit* from the market.'" Reply at 9 (emphasis in original). Epic further contends that anything less than total destruction of the plaintiff as a competitor is mere "*threatened* antitrust injury," and thus sufficient only for "injunctive relief." *Id.* at 9 n.10 (emphasis in original). That is not the law.

To the contrary, it is well-established that competitors harmed by exclusionary conduct may seek damages under Section 4 of the Clayton Act "***before*** they actually are driven from the market and competition is thereby lessened." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 n.14 (1977) (emphasis added). Indeed, "[a] rival has clear standing to challenge the conduct of rival(s) that is illegal precisely because it ***tends to*** exclude competitors from the market." *Yankees Ent. & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 669-70 (S.D.N.Y. 2002) (emphasis added). Put differently, a "rival's loss is compensable when it results from conduct that, ***if successful***, would have caused the type of market damage the antitrust laws seek to prevent." Areeda & Hovencamp, *Antitrust Law*, ¶ 348d1 (emphasis added). Thus, "[s]tanding is clear and seldom challenged when the plaintiff alleges that its rival engaged in an exclusionary practice designed to rid the market of the plaintiff[.]" *Id.*

Such "exclusionary practice[s] designed to rid the market of the plaintiff" are the very crux of Particle's viable antitrust claims, *id.*, and Epic's conduct is "illegal precisely because it tends to exclude" Particle from the payer platform market, *Yankees*, 224 F. Supp. 2d at 669-70. *See* Dkt. 1. Therefore, the harms Particle has suffered due to Epic's exclusionary conduct are exactly "the type of injury the antitrust laws were intended to prevent." *Yankees*, 224 F. Supp. 2d at 670.

Dated: January 30, 2025                                    Respectfully Submitted,

                                                               **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:  */s/ Adam B. Wolfson*

Adam B. Wolfson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3101
adamwolfson@quinnemanuel.com

Kathryn Bonacorsi
Lauren Beck
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathrynbonacorsi@quinnemanuel.com
laurenbeck@quinnemanuel.com

*Attorneys for Plaintiff Particle Health Inc.*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Adam B. Wolfson,  an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that annexed Memorandum of Law was prepared using Microsoft Word and the document contains 330 words as calculated by the application's word-counting function, excluding the parts of the Affirmation exempted by Local Civil Rule 7.1(c). I further certify that the annexed Memorandum of Law is within one page.

I certify under the penalty of perjury the forgoing statements are true and correct. Executed on this 30th day of January, 2025 in Los Angeles, California.

                                                */s/  Adam B. Wolfson*
                                                Adam B. Wolfson