UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EPIC SYSTEMS CORPORATION <br><br> *Defendant*. | Case No.: 1:24-cv-07174 <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW
IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

## I.     EPIC'S NEW ARGUMENT ON ANTITRUST INJURY CONTRADICTS DECADES OF PRECEDENT

In its reply brief, Epic advances for the first time a new and plainly meritless argument regarding antitrust injury. Namely, Epic asserts that a competitor may only "adequately allege" antitrust injury resulting from exclusionary conduct if that conduct "allegedly caused the plaintiff's '*exit* from the market.'" Reply at 9 (emphasis in original). Epic further contends that anything less than total destruction of the plaintiff as a competitor is mere "*threatened* antitrust injury," and thus sufficient only for "injunctive relief." *Id.* at 9 n.10 (emphasis in original). That is not the law.

To the contrary, it is well-established that competitors harmed by exclusionary conduct may seek damages under Section 4 of the Clayton Act "***before*** they actually are driven from the market and competition is thereby lessened." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 n.14 (1977) (emphasis added). Indeed, "[a] rival has clear standing to challenge the conduct of rival(s) that is illegal precisely because it ***tends to*** exclude competitors from the market." *Yankees Ent. & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 669-70 (S.D.N.Y. 2002) (emphasis added). Put differently, a "rival's loss is compensable when it results from conduct that, ***if successful***, would have caused the type of market damage the antitrust laws seek to prevent." Areeda & Hovencamp, *Antitrust Law*, ¶ 348d1 (emphasis added). Thus, "[s]tanding is clear and seldom challenged when the plaintiff alleges that its rival engaged in an exclusionary practice designed to rid the market of the plaintiff[.]" *Id.*

Such "exclusionary practice[s] designed to rid the market of the plaintiff" are the very crux of Particle's viable antitrust claims, *id.*, and Epic's conduct is "illegal precisely because it tends to exclude" Particle from the payer platform market, *Yankees*, 224 F. Supp. 2d at 669-70. *See* Dkt. 1. Therefore, the harms Particle has suffered due to Epic's exclusionary conduct are exactly "the type of injury the antitrust laws were intended to prevent." *Yankees*, 224 F. Supp. 2d at 670.

1

Dated: February 5, 2025

Respectfully Submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: */s/ Adam B. Wolfson*

Adam B. Wolfson
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3101
adamwolfson@quinnemanuel.com

Kathryn Bonacorsi
Lauren Beck
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathrynbonacorsi@quinnemanuel.com
laurenbeck@quinnemanuel.com

*Attorneys for Plaintiff Particle Health Inc.*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Adam B. Wolfson, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that annexed Memorandum of Law was prepared using Microsoft Word and the document contains 330 words as calculated by the application's word-counting function, excluding the parts of the Affirmation exempted by Local Civil Rule 7.1(c). I further certify that the annexed Memorandum of Law is within one page.

I certify under the penalty of perjury the forgoing statements are true and correct. Executed on this 30th day of January, 2025 in Los Angeles, California.

                                                       */s/ Adam B. Wolfson*
                                                          Adam B. Wolfson