# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

March 10, 2025

<u>Particle Health Inc. v. Epic Systems Corporation</u>, No. 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") to respectfully request that the Court enter on the docket an order confirming that discovery is stayed during the pendency of the motion to dismiss that has been filed in this matter.

By way of background, at the November 21, 2024 conference with the Court, Epic stated its position that discovery should not proceed during the pendency of the then-forthcoming motion to dismiss. Despite having the opportunity to object, Particle Health Inc. ("Particle") did not do so. The Court stated that it agreed with Epic's position that discovery should be stayed during the pendency of the motion to dismiss.

Disregarding the Court's order, Particle sought to commence discovery just four days later. (Ex. 1 at 7.) Epic reminded Particle of what transpired at the conference and offered to meet and confer should Particle wish to seek relief from the Court. (*Id*. at 5-7.) Particle asserted that "the Court's general statement does not constitute a formal stay" (*id*. at 6) and stated that it "reserve[d] all rights" (*id*. at 4).

Particle sought no relief and took no further action for nearly three months. On February 24, 2025, Particle then purported to serve its First Set of Requests for the Production of Documents (the "RFPs") (attached hereto as Ex. 2) and declared discovery open and Epic in default of its obligations. (Ex. 1 at 3-4.) Particle's position ignores that document requests cannot be served before a Rule 26(f) conference has taken place. *See* Fed. R. Civ. P. 26(d)(1), (d)(2)(B). No Rule 26(f) conference has occurred, and Particle's attempt to unilaterally deem it to have occurred (Ex. 1 at 2, 4) is ineffective. Particle's conduct here is particularly odd given that Particle has not served any initial disclosures, has not requested a Rule 16 scheduling conference, and has not otherwise sought any relief from the Court's order at the conference.

The parties met and conferred on March 10, 2025, and were unable to resolve this issue; Particle is maintaining its position that the Court's oral order at the conference was ineffective because it was not accompanied by a written order entered on the docket. Epic thus respectfully requests that the Court enter on the docket an order staying discovery during the pendency of Epic's fully dispositive motion to dismiss. In the event that the Court prefers a formal motion on this issue, Epic requests pursuant to Your Honor's Individual Rule 2(B) a pre-motion conference in advance of a motion to stay discovery, the basis for which is outlined below. Particle requested that Epic indicate that Particle plans to submit a response to this letter.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Pursuant to Federal Rule of Civil Procedure 26(c), "upon a showing of good cause a district court has considerable discretion to stay discovery". *Broccoli v. Ashworth*, 2023 WL 6795253, at *1 (S.D.N.Y. Oct. 11, 2023). When a motion to dismiss is pending, courts consider three factors in determining whether there is good cause to stay discovery: "(1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Id*. Each of these factors weighs decidedly in favor of staying discovery until after a decision on the motion to dismiss.

*First*, given the nature and scope of the claims Particle has asserted (all of which should be dismissed), discovery undoubtedly would "be broad and significant, weighing in favor of a stay". *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Here, Particle's 78-page (221-paragraph) Complaint asserts nine causes of action, including five antitrust claims. *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (holding that "even document discovery would be onerous" where the complaint "is more than 200 paragraphs long, and involves five separate counts"). Antitrust discovery, in particular, is notoriously burdensome and expensive. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007); *see also N.Y. Indep. Contractors All. Inc. v. Consol. Edison Co. of N.Y.*, 2017 WL 773600, at *3 (S.D.N.Y. Feb. 27, 2017) (citing "[t]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts" as weighing "against sending the parties into discovery").

Moreover, the Complaint implicates numerous third parties, as it alleges that Epic consummated vertical agreements to restrain trade with certain of Particle's former and prospective customers, Carequality, and Carequality Steering Committee members, and further alleges that Epic tortiously interfered with Particle's contractual and prospective business relationships. (Compl. ¶¶ 175-76, 193-96, 200.) The discovery that will be called for in a case with such wide-ranging allegations and claims that implicate numerous third parties undoubtedly would be burdensome, weighing in favor of a stay. *See, e.g.*, *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (holding that a stay of discovery "would conserve both judicial and party resources" in part due to "potential third-party discovery involving various non-parties referred to in [plaintiff's] First Amended Complaint").

Indeed, Particle's RFPs preview the broad discovery it will seek in this case. For example, Particle's RFPs seek the production of "[a]ll Documents and Communications" for more than a seven-year period (from January 1, 2018 to the present) concerning myriad broad subjects, including Epic Payer Platform and all actual and potential competitors, all services offered to payers more broadly relating to the exchange of health records, and Epic's business practices related to record requests for non-treatment purposes. (*See generally* Ex. 2.) Courts have found that voluminous document production can constitute a significant burden that weighs in favor of staying discovery. *E.g.*, *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024); *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (finding that "one request" that sought "ten broad categories of documents, including all documents and communications regarding the negotiation, drafting and performance of the relevant policies" was "expansive enough in its wording to impose significant discovery obligations on [d]efendants" (citations omitted)).

A stay of discovery is particularly appropriate here because it could avoid the expenditure of significant time and resources that may be wholly unnecessary depending on the outcome of Epic's motion to dismiss. *See, e.g.*, *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (holding that "because the disposition of the dismissal motions may

significantly narrow, if not eliminate, the issues remaining in th[e] case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on [d]efendants" (citation omitted)); *see also Romain v. Webster Bank N.A.*, 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety[.]").

*Second*, Epic has set forth substantial grounds for dismissal. As articulated in Epic's motion to dismiss, Particle's Complaint is a baseless retributive attack on Epic for bringing to light the fact that Particle's customers were obtaining confidential patient medical records under false pretenses. Each of Particle's invented claims is supported only by conjecture and legal conclusions, not by properly alleged facts. Particle's antitrust claims fail for numerous reasons, including because (i) each is reliant upon a gerrymandered market that is artificially restricted to a single set of customers—payers—while wishing away all the competing products that perform the same functions as Particle's product (Dkt. 21 at 12-17); (ii) each fails to plausibly allege anticompetitive conduct (*id.* at 17-23); and (iii) each fails to plausibly allege antitrust injury, as Particle merely alleges harm to *itself* as opposed to harm to competition as a whole (*id.* at 24). Particle's state law claims similarly fail because the Complaint fails to adequately plead various elements of each. (*Id.* at 24-35.) For all the reasons set forth in Epic's motion to dismiss, Epic has demonstrated "substantial arguments for dismissal". *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023). Furthermore, that the Court's decision may "dispose of the entire action" weighs in favor of a stay. *Broccoli*, 2023 WL 6795253, at *2; *accord Press v. Primavera*, 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (holding that "[b]ecause [d]efendant's success on the motion to dismiss would dispose of the entire action, this factor weighs in favor of granting the requested stay"). At a minimum, the Court's decision on Epic's motion may narrow the claims and, with it, the scope of discovery. *See, e.g.*, *Spinelli*, 2015 WL 7302266, at *2 (holding, in an antitrust case, that "[a] stay may also have the advantage of simplifying and shortening discovery in the event that some of [p]laintiff['s] claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable"). A stay is warranted in these circumstances.

*Third*, Particle will not be prejudiced by a stay of discovery. Epic's motion to dismiss, which is now fully briefed, is case dispositive. A stay during the pendency of such a motion does not substantially or unduly delay the action. *E.g.*, *Spinelli*, 2015 WL 7302266, at *2 ("[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (holding that a delay in discovery did not constitute "prejudice sufficient to avoid a stay, especially given that briefing on [plaintiff's] motion[] to dismiss . . . is complete"); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) ("[T]he motion to dismiss is fully briefed, so any consequent stay is likely to be short-lived."). Particle cannot credibly claim that a short stay would cause it any meaningful prejudice. Indeed, Particle's own conduct demonstrates that it perceives no such prejudice as it did not object at the November 21 conference and waited another three months to suddenly insist that discovery must commence (or already had, according to Particle). *See, e.g.*, *Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) ("That plaintiff is not conducting discovery expeditiously weighs in favor of granting a stay.").

For all these reasons, Epic respectfully requests that the Court enter a written order on the docket staying discovery pending resolution of the fully briefed motion to dismiss.

Respectfully submitted,

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
   United States Courthouse
     500 Pearl St.
       New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF