# Exhibit 1

| | |
|---|---|
| **From:** | Lauren Beck <laurenbeck@quinnemanuel.com> |
| **Sent:** | Friday, March 7, 2025 10:10 AM |
| **To:** | Madalyn Vaughn; Adam Wolfson; Kathryn Bonacorsi; Steven Becker; Johnston Hill |
| **Cc:** | Lauren Moskowitz; Lauren Rosenberg; Margaret Segall; Damian O'Sullivan; Lauren Reisig; Jonathan Sarnoff |
| **Subject:** | RE: Particle Health v. Epic Systems |

External (laurenbeck@quinnemanuel.com)

Report This Email  FAQ

Thanks, Madalyn. Any time between 2 p.m. ET on Monday works for us.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Thursday, March 6, 2025 2:42 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Damian O'Sullivan <dosullivan@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

[EXTERNAL EMAIL from mvaughn@cravath.com]

Counsel:

We disagree with Particle's position outlined in your March 3, 2025 email and are available to meet and confer regarding this dispute on Monday, March 10 between 11:30-3 ET.  Please let us know what time works for you and we will send a calendar invite.

1

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Monday, March 3, 2025 10:34 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Damian O'Sullivan <dosullivan@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Counsel,

As we have explained previously, your assertion that the Court "made clear" discovery "should not proceed" is unsupported and incorrect. In any event, your choice of words reveals your understanding of the key fact here: that no stay has been ordered or entered. Rule 79(a) requires all "orders" to be "entered chronologically in the docket." The docket in this case does not reflect any order staying discovery—including, notably, in the Minute Entry for the November 21, 2024 conference. That means, by definition, that no stay of discovery has been ordered.

Absent such a stay or other order modifying them, the deadlines and obligations set out in the Federal Rules of Civil Procedure apply, including your obligation under Rule 26(f) to meet and confer by a date that is now three months passed. Your suggestion that the onus is on Particle to seek relief from the Court gets it exactly backwards—Epic is the one seeking to depart from deadlines and obligations contained in the Federal Rules of Civil Procedure which no court order has modified. If Epic believes these obligations should not apply to it, then it must seek an order from the Court staying discovery. Epic cannot help itself to a stay the Court has not ordered.

Since Epic is still refusing to engage in a 26(f) conference despite our repeated requests, we will consider our obligations under Rule 26(f) fulfilled. We also consider our RFPs "served" under Rule 26(d)(2). If Epic intends to continue to flout its obligations under the Rules, please let us know times you are available this week to discuss Particle's potential motion to compel Epic to confer under Rule 26(f), to respond to Particle's discovery requests within 30 days as required, and potentially for sanctions under Rule 37.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX

2

laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Wednesday, February 26, 2025 9:45 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Damian O'Sullivan <dosullivan@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

---

Counsel:

As stated in our November 25, 2024 email, the deadlines you reference are not applicable given that the Court made clear at the November 21, 2024 pre-motion conference that discovery should not proceed while the motion to dismiss is pending. To the extent Particle wishes to seek relief from the Court, we reiterate our offer from three months ago to make ourselves available to meet and confer in advance of your motion. (*See* 11/26/2024 from M. Vaughn.)

With respect to Particle's document requests, Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except for circumstances not applicable here. Fed. R. Civ. P. 26(d)(1). Given that no Rule 26(f) conference has taken place, Epic does not consider Particle's First Set of Requests for Production as having been "served". *See* Fed. R. Civ. P. 26(d)(2) (providing that document requests may be delivered early but are only "considered to have been served at the first Rule 26(f) conference").

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Monday, February 24, 2025 8:42 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Counsel,

Please see attached Particle's First Requests for the Production of Documents to Epic.

We also write to again request that Epic comply with its obligation under Federal Rule of Civil Procedure 26(f) to meet and confer with Particle. Pursuant to Rule 26(f)(1) and 16(b)(2), the parties were required to meet and confer on discovery no later than November 25, 2024—nearly three months ago. Given Epic refused to do so and the Court has not issued an order staying discovery, Particle understands it has satisfied its obligations under Rule 26(f) and will therefore begin to issue discovery requests. However, we would prefer to provide the Court with the required Rule 26(f) statement, so once again ask for your availability for that conference.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Lauren Beck
**Sent:** Wednesday, November 27, 2024 4:19 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Counsel,

Thank you for outlining your position. Your assertion that you relied on the purported "fact" of a discovery stay in agreeing to the briefing schedule—one that we're compelled to note complies with the Court's directive and the Federal Rules—is belied by the record below where you did not mention such a stay. We also disagree with the remainder of your email but believe the record speaks for itself. Particle reserves all rights in this respect and waives none.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010

4

212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Tuesday, November 26, 2024 1:13 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

As you know, at the November 21, 2024, conference, we specifically raised this issue to avoid needing to come back to the Court on this issue, especially given the upcoming holidays. At the conference, we stated our position that discovery in this case should not proceed during the pendency of our motion to dismiss. Judge Buchwald, with the benefit of the parties' letters on the forthcoming motion, agreed. You had every opportunity to speak to this issue at the conference, but you elected not to do so. The result of the conference is thus that discovery is stayed until a decision on the motion to dismiss. Indeed, we relied on that fact in agreeing to your proposed briefing schedule. Should you wish to seek relief from the Court, we can make ourselves available next week to meet and confer in advance of your motion.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Tuesday, November 26, 2024 10:40 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Counsel,

As you know, the Court has not entered any order that excuses the parties from complying with the Federal Rules of Civil Procedure. While Judge Buchwald stated that she tended to agree, as a general matter, that discovery should not proceed while motions to dismiss are being briefed, Particle did not have an opportunity to respond to Epic's position and the Court's general statement does not constitute a formal stay, as would be required to suspend Epic's discovery obligations under the applicable Rules. If Epic is refusing to hold a *Rule 26* meet and confer—either on the basis that Epic somehow believes that the Court has entered a formal stay of discovery or because Epic anticipates filing a motion to stay discovery—a meet and confer to discuss is still nevertheless required under the Rules. That is particularly the case here where Particle has not had an opportunity to state its position—namely, that the circumstances here more than warrant discovery starting promptly, including because of the ongoing harm Epic's anticompetitive conduct is causing Particle and because Epic's motion to dismiss—premised largely on fact-intensive arguments—is unlikely to succeed on the merits. Please let us know your availability to discuss next week or, alternatively, if you are refusing a meet and confer. Particle reserves all rights and waives none.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Monday, November 25, 2024 6:49 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

[EXTERNAL EMAIL from mvaughn@cravath.com]

Counsel:

The Court made clear at the November 21, 2024 pre-motion conference that discovery should not proceed while the motion to dismiss is pending—which was an issue we specifically raised and was addressed. As such, the deadlines you reference are not applicable.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Monday, November 25, 2024 4:52 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Counsel,

Given that a scheduling order is due December 16 under Rule 16, we understand that the parties are required to hold a Rule 26 discovery conference 21 days in advance of that date. However, given the holiday week, we would be amenable to pushing to next week. Can you let us know your availability for a Rule 26 meet and confer after the holiday?

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Monday, November 25, 2024 11:17 AM
**To:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

[EXTERNAL EMAIL from mvaughn@cravath.com]

Thanks, Adam.  We will file today.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Adam Wolfson <adamwolfson@quinnemanuel.com>
**Sent:** Monday, November 25, 2024 11:06 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

Thanks, Madalyn. This looks fine to us and you have our authorization to file jointly on Particle's behalf.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Monday, November 25, 2024 7:34 AM
**To:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Please see attached a draft joint letter to the Court regarding the motion to dismiss briefing schedule and page limits. Let us know if you have any comments, or if you are signed off on us filing this version.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Adam Wolfson <adamwolfson@quinnemanuel.com>
**Sent:** Friday, November 22, 2024 8:05 PM

**To:** Madalyn Vaughn <mvaughn@cravath.com>; Lauren Beck <laurenbeck@quinnemanuel.com>
**Cc:** Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** Re: Particle Health v. Epic Systems

Thanks, Madalyn. This works for us. We will be on the lookout for the draft letter.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Friday, November 22, 2024 7:15:51 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Cc:** Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** Re: Particle Health v. Epic Systems

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

We disagree with the numerous mischaracterizations in your email, but we will not respond to them here. To avoiding burdening the Court on the briefing schedule, Epic will agree to Particle's proposed briefing schedule subject to (i) the one minor adjustment below in blue text given the MLK holiday weekend, and (ii) Particle's agreement to Epic's proposed page extension (35 pages for the opening and opposition briefs, and 15 pages for the reply brief).

- Epic opening brief:  **December 19, 2025**
- Particle opposition brief:  **January 9, 2025**
- Epic reply brief:  **January 24, 2025**

Please confirm Particle agrees and we will prepare a joint letter to be submitted to the Court early next week.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

On Nov 21, 2024, at 6:56 PM, Lauren Beck <laurenbeck@quinnemanuel.com> wrote:

Counsel,

We do not agree to your proposed schedule. Particle filed its complaint on September 23. Epic waited until the eve of the day its response was due under Federal Rule of Civil Procedure 12 to file its pre-motion letter. Under Judge Buchwald's individual rules, the pre-motion conference stayed that deadline, meaning Epic's motion is due tomorrow.

While we are willing to be reasonable, Epic's proposal of a four-month extension of its time to respond (21 days under the FRCP) is simply not a serious one, particularly where it already outlined its arguments in detail over a month ago. With all of this in mind, we trust you'll reconsider your position so we can avoid burdening the Court with an unnecessary administrative dispute so early in the case. However, in light of the active harm that Epic's actions have caused Particle—harms that increase every day—we are prepared to raise this with the Court if Epic is unwilling to agree to a reasonably prompt schedule that adheres more closely to the FRCP.

We propose the following schedule:

- Epic opening brief:  **December 19, 2025**
- Particle opposition brief:  **January 9, 2025**
- Epic reply brief:  **January 21, 2025**

In addition, while we are open to discussing a limited page extension, we do not believe the pages proposed are necessary. Particle only has five claims and while, as you conceded today, the factual issues are "hotly contested," factual disputes are irrelevant at the motion dismiss stage and the legal issues are fairly straightforward.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Thursday, November 21, 2024 5:01 PM
**To:** Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>
**Cc:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>
**Subject:** RE: Particle Health v. Epic Systems

[EXTERNAL EMAIL from mvaughn@cravath.com]

Counsel:

Thanks for your email. During the hearing, Judge Buchwald stated that the briefing needs to be completed within 60 days <u>after the initial brief is filed</u>—not that the briefing needs to be complete within 60 days from now. Judge Buchwald further noted that she did not have a preference on when the briefing started so long as it is complete within 60 days after Epic filing its motion to dismiss. Accordingly, Epic proposes to file its opening brief on January 13, 2025. That would mean the reply needs to go in by March 13, 2025. We would propose something along the lines of the following:

- Epic opening brief: **January 13, 2025**
- Particle opposition brief: **February 19, 2025** (5+ weeks after opening)
- Epic reply brief: **March 13, 2025** (3+ weeks after opposition)

Epic further proposes that the parties agree to a limited page extension for the briefing—35 pages for the opening and opposition briefs, and 15 pages for the reply brief—in light of the number of claims at issue that Epic is seeking to dismiss.

Please confirm whether Particle agrees with both of these proposals, and we will put together a draft joint letter to the Court for your review.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>
**Sent:** Thursday, November 21, 2024 4:06 PM
**To:** Lauren Moskowitz <LMoskowitz@cravath.com>; Lauren Rosenberg <lrosenberg@cravath.com>; Madalyn Vaughn <mvaughn@cravath.com>; Margaret Segall <MSegall@cravath.com>; Lauren Reisig <lreisig@cravath.com>
**Cc:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Subject:** Re: Particle Health v. Epic Systems

Counsel -

Nice to meet you today. Per Judge Buchwald's statement that briefing should be submitted within 60 days, it looks like the parties have until January 21 to fully submit. We think it makes the most sense for each party to utilize 30 days of that time period as each party sees fit. Given that Epic has been in receipt of Particle's complaint for two months now and has already outlined motion to dismiss arguments in its pre-motion letter, we expect that the parties will not have any issues complying with the Court's directive.

Please let us know when you plan to submit your opening brief and we can set the opposition and reply due dates after that.

Best,
Kate

**Kathryn Bonacorsi**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7312 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
kathrynbonacorsi@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.