**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

March 11, 2025
**VIA ECF**

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   **Defendant's March 10, 2025 Letter**
       *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

We write on behalf of Plaintiff Particle Health Inc. ("Particle") in response to Defendant Epic Systems Corporation's ("Epic") March 10, 2025 letter, claiming that a formal stay of discovery has been entered in this matter. We disagree that a formal stay of discovery is in place and further submit that "good cause" does not exist to support a stay under the circumstances.

Epic bases its assertion on a statement the Court made at the end of the November 21, 2024 conference on Epic's request to file a motion to dismiss. Particle understood Your Honor's statement—namely, that the Court "tended to agree" with Epic that discovery should not proceed while a dispositive motion is pending—to be an informal description of the Court's general views. We did not understand the Court to be altering the parties' rights and obligations under the Federal or Local Rules, particularly given that Particle did not have an opportunity to respond and the Court did not determine there was "good cause" to justify a stay. Indeed, any such determination likely would have been premature because, as no discovery had been sought and Epic had not even submitted its motion, Epic could not have met the standard for good cause at that time, let alone made the requisite "strong showing" that its motion was "likely to succeed on the merits." Consistent with Particle's understanding, no order staying discovery was entered or noted in the Minute Entry for the November 21, 2024 conference. *See* Dkt. at Nov. 21, 2024 Minute Entry.

Accordingly, after the conference, Particle sought to adhere to its obligations under the Federal Rules of Civil Procedure, including the obligation to meet and confer under Rule 26(f) "as soon as practicable—and in any event at least 21 days before … a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1)(a); *see also* Rule 16(b)(2) (noting scheduling order due "within the earlier of 90 days after any defendant has been served … or 60 days after any defendant has appeared"). The Rules required the parties to hold their Rule 26(f) conference no later than November 25, 2024—over three-and-a-half months ago.[1] Particle repeatedly has asked Epic to meet and confer as required by the Rules, both prior to and since that date. Ex. 1 at 2-8. Particle also properly served early, limited discovery requests under Rule 34. *Id.* Epic has refused to meet and confer or respond to Particle's targeted requests based solely on its unfounded assertion that

---

[1]  Epic first appeared on October 15, 2024, *see* Dkt. 7–11, making the deadline November 25, 2024. FED. R. CIV. P. 26(f); 16(b).

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

discovery has been stayed *sub silentio*, and insisted that the burden is on Particle to compel discovery, rather than on Epic to seek a stay. *Id.* By refusing to adhere to the Federal Rules, Epic has effectively and improperly "granted itself a unilateral stay." *Envirosource, Inc. v. Horsehead Res. Dev. Co., Inc.*, 1996 WL 399823, at *1 (S.D.N.Y. July 17, 1996). Particle thus informed Epic that it would move to compel Epic to meet and confer under Rule 26(f) and to adhere to the Federal Rules. Apparently recognizing that its gamesmanship would not be well received if Particle filed such a motion, Epic filed its letter to "confirm[]" that discovery has been stayed, which in reality, is Epic's first attempt to establish good cause for a stay, as is its burden.

To the extent Epic now requests permission to move for a stay, its request is baseless. "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *P.C. v. Driscoll*, 2024 WL 3606511, at *1 (S.D.N.Y. July 30, 2024) (citation omitted). In assessing whether to stay discovery pending a dispositive motion, "[c]ourts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Cambridge Capital LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). "The movant bears the burden as to all three factors." *Vista Food Exch., Inc. v. Lawson Foods, LLC*, 2018 WL 4278342, at *1 n.1 (S.D.N.Y. May 1, 2018). A stay of discovery pending a motion to dismiss is "not automatic," and is appropriate only where the defendant makes "a strong showing that the plaintiff's claim is unmeritorious," which Epic has not done. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Moreover, where as here, an action concerns "direct marketplace competitors, there is an increased likelihood that a stay would result in undue prejudice," which further warrants a finding of no good cause. *Nielsen Co. (US) LLC v. TVSquared LTD*, 2023 WL 4363005, at *2 (S.D.N.Y. July 6, 2023).

**Strength of the Motion.** In order to obtain a stay, the movant ***must*** make a "strong showing that the plaintiff's claim is unmeritorious." *Hong Leong*, 297 F.R.D. at 72. When determining if a defendant has made this "strong showing," courts look to "whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Nielsen*, 2023 WL 4363005, at *2. If "both [plaintiff's] claim and [defendant's] defenses sound in law and reason," *id.* at *1, or if "the issues raised by the Motion to Dismiss are not 'clear cut,'" *Idle Media, Inc. v. Create Music Group, Inc.*, 2024 WL 2946248, at *2 (S.D.N.Y. June 11, 2024), then the defendant has not made this "strong showing." *Id.*; *see also Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) (denying stay because there are "strong arguments on both sides" of motion to dismiss).

Epic comes nowhere close to the "strong showing" required to support a stay. *Hong Leong*, 297 F.R.D. at 72. Rather than grapple with this standard, Epic rehashes the deeply flawed, fact-intensive arguments it advances in its motion to dismiss. Particle's opposition and sur-reply meticulously address each of these arguments with numerous citations to established authority. *See generally* Dkt. 28; Dkt. 32. This is a far cry from those cases where "the complaint is facially without merit or … the plaintiff has been unable to cite relevant authority in response" to a motion. *Nielsen*, 2023 WL 4363005, at *2. Further precluding this "strong showing" is the fact that Epic does not "challenge the antitrust … claims on pure questions of law." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2 (S.D.N.Y. Jan. 22, 2002). Indeed, every single one of Epic's bases for dismissal relies heavily on its ***own view*** of the facts. *See* Dkt. 21 at 11–24. And critically, even if the Court did ultimately grant aspects of Epic's motion (and it should not), that decision would have little affect on the scope of this action or discovery, given the overlapping nature of Particle's claims. For instance, Particle will be entitled to discovery into Epic's

anticompetitive attempts to interfere with Particle's client relationships and false statements about Particle to its customers under *either* Particle's substantive antitrust claims or its state law claims for tortious interference and defamation. *See, e.g.*, Dkt. 1 ¶¶ 148-220; *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (denying stay where motion would not "dispose[] of th[e] entire action" and "discovery w[ould] largely be the same" given that "[p]laintiff's claims all ar[o]se from" the same facts).

**Breadth of Discovery Sought**. "[B]road, conclusory complaints" about the burden of discovery, like those lodged by Epic, do not support a stay. *Nielsen*, 2023 WL 4363005, at *2. Instead, Epic must specify unusual burdens which "move beyond … the costs of participating in standard civil discovery." *Simpson-Quin v. Montejano*, 2024 WL 3347040, at *1 (S.D.N.Y. July 9, 2024). The requests Particle has served are indeed "unusual," *id.*, but in the *opposite* sense Epic suggests. Particle has served a narrow, targeted set of only sixteen Requests for Production on the core issues in this case. *See* Ex. 2; *see, e.g.*, *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (denying stay in defamation case because "119 document demands" is "not an unusual number of requests in an action such as this one."); *Robbins v. Candy Digital Inc.*, 2024 WL 2221362, at *2 (S.D.N.Y. May 15, 2024) (denying stay because the "34 document requests" served by Plaintiff were "not exceptional"). Epic also incorrectly states that Particle seeks documents "concerning myriad broad subjects" over "more than a seven-year period." Dkt. 34 at 2. This is highly misleading: the majority of Particle's requests are limited to documents from *September 2023 (or later)* to the present. Ex. 2 at 6-10. Several of the requests that go back further in time also seek highly targeted categories of documents, such as organizational charts and policies that are typically centrally stored and easily accessible. *Id.*

In any case, Epic's objections regarding breadth and burden are premature where Epic has made no attempt to meet and confer with Particle regarding its requests. *See, e.g.*, *Robbins*, 2024 WL 2221362, at *2 ("If, *after attempting to meet and confer*, no agreement is reached, then Defendants may seek a protective order from the Court.") (emphasis added). In fact, Epic's letter is the first Particle has heard of such objections. Had Epic brought its concerns to Particle first, as is required, Particle would have fulfilled its obligation to address any concrete showing of burden via appropriate search terms, custodians, and time periods, as is common practice. Simply put, Epic's presently unsupported objections can be dealt with in the ordinary course of discovery; they do not entitle Epic to push off the process altogether where good cause does not exist to do so.

**Prejudice to Non-Movant.** Particle will be irreparably prejudiced by a stay. *Epic* bears the burden to show no prejudice to Particle as the party seeking a stay. *Mirra*, 2016 WL 889559, at *2. Epic cannot meet this burden where, as alleged in the Complaint, Epic's continuing anticompetitive conduct poses an existential threat to Particle's very existence. *See, e.g.*, Dkt. 1 ¶ 18. Should a stay be entered and Epic's anticompetitive efforts succeed, Particle may be forced from the market before the Court has even had an opportunity to address Particle's requests for relief. In such a case, there is "an increased likelihood that a stay would result in undue prejudice." *Nielsen*, 2023 WL 4363005, at *2 (holding a "direct marketplace competitor" was likely to "suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case.").

\*   \*   \*

For all these reasons, Particle respectfully requests that Epic be required to adhere to its obligations under the Federal Rules in the absence of stay, and, if Epic is permitted to file a motion to stay, that the parties be allowed to submit full briefing and oral argument on the issue.

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson