**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

July 3, 2025
**VIA ECF**

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   **Notice of Supplemental Authority Regarding Epic's Motion to Dismiss**
*Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

We write on behalf of Plaintiff Particle Health Inc. ("Particle") to notify the Court of two recent decisions further demonstrating why the Court should deny Epic's Motion to Dismiss. *See generally* Dkt. 28. These decisions, which issued last week and both found antitrust claims plausible under Rule 12(b)(6), are attached to this letter as Exhibits A and B, respectively:

- *United States v. Visa, Inc.*, 2025 WL 1740613 (S.D.N.Y. June 23, 2025).

- *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 2025 WL 1730270 (9th Cir. June 23, 2025).

Like Epic, the defendant in *Visa* argued that the plaintiff's market definition was implausible because it excluded products that "perform the same core function." 2025 WL 1740613, at *12. Judge Koeltl rejected that argument based on allegations that "no other type of payment network offers all four of the minimum attributes of [the product market]." *Id*. Particle alleges a similarly unique combination of attributes—including that "no other type of product or service available to payers" bears the key attributes of payer platforms. Dkt. 1 ¶¶ 56, 62. The court in *Visa* also found that the plaintiff plausibly alleged that the defendant "excluded rivals from the relevant market," based in part on allegations similar to Particle's allegations in this case, including that the defendant "used its dominant position in the relevant market to coerce customers" into foregoing relationships with its rivals. *Visa*, 2025 WL 1740613, at *18.

In *CoStar*, the Ninth Circuit confirmed that the "refusal-to-deal framework" does not apply in cases, like this one, where "exclusionary practices kept [the defendant's] ***customers***—not [the defendant] ***itself***—from dealing with [the plaintiff]." 2025 WL 1730270, at *9 (emphasis added). This holding demonstrates in practice why (consistent with Particle's opposition arguments) Epic's attempts to have the Court apply an "irrational conduct" standard (derived from refusal-to-deal cases) is inappropriate for Particle's claims. *See* Dkt. 28 at 19–20. The court in *CoStar* also found conduct similar to the conduct at issue here—leveraging control over customers' critical information to prevent them from working with a rival—to be plausibly anticompetitive. *See* 2025 WL 1730270, at *9–11.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson