**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

August 13, 2025
<u>VIA ECF</u>

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: **Conspiracy Arguments Not Raised in Epic's Motion to Dismiss**
*Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

We write on behalf of Plaintiff Particle Health Inc. ("Particle") in regard to certain questions the Court raised at the August 12, 2025 Oral Argument regarding Epic Systems Corporation's ("Epic") Motion to Dismiss. Specifically, the Court asked several questions about whether Epic and its co-conspirators had sufficiently "common goals" to form agreements subject to Sherman Act Section 1 scrutiny. *See* Aug. 12, 2025 Hr'g. Tr. at 54:8–11; 57:1–5, 59:10–15.

Particle respectfully notes that Epic did not raise this argument in its Motion to Dismiss and the argument therefore cannot serve as a basis for its dismissal request. If the Court is inclined to rule on the basis of this "common goals" issue, Particle respectfully requests permission to submit supplemental briefing to explain why dismissal on this basis would be contrary to decades of antitrust precedent. *See McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) ("A district court should not dismiss an action pending before it without first providing the adversely affected party with notice and an opportunity to be heard.").

If Particle were to brief this issue, it would, for example, note that "[a]ntitrust law has never required identical motives among conspirators when their independent reasons for joining together lead to collusive action." *United States v. Apple, Inc.*, 791 F.3d 290, 317 (2d Cir. 2015). Instead, even at summary judgment, the evidence must simply prove "defendants had an intent to adhere to an agreement that was designed to achieve an unlawful objective; ***specific intent to restrain trade is not required***." *Geneva Pharms. Tech. Corp. v. Barr Lab'ys Inc.*, 386 F.3d 485, 507 (2d Cir. 2004) (emphasis added). This is because "the essence of any violation of § 1 [of the Sherman Act] is the illegal agreement itself." *United States v. Apple Inc.*, 952 F. Supp. 2d 638, 689 (S.D.N.Y. 2013), *aff'd*, 791 F.3d 290 (2d Cir. 2015) (quoting *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 330, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991)). Therefore, "[c]onspirators who are not competitors of the victim may have no interest in curtailing competition in a market in which they do not compete; nevertheless, when they have been ***enticed or coerced to share in an anticompetitive scheme***, there is still a combination within the meaning of the Sherman Act." *Spectators' Commc'n Network Inc. v. Colonial Country Club*, 253 F.3d 215, 221 (5th Cir. 2001) (emphasis added). "For acquiescence in an illegal scheme is as much a violation of the Sherman

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Act as the creation and promotion of one." *United States v. Paramount Pictures*, 334 U.S. 131, 161, (1948); *see also MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc*., 62 F.3d 967, 973 (7th Cir. 1995) ("[T]he 'combination or conspiracy' element of a section 1 violation is not negated by the fact that one or more of the co-conspirators acted unwillingly, reluctantly, or only in response to coercion.").

There is substantial additional law on this issue. Accordingly, if the Court does plan to consider that question on the pending motion, Particle requests an opportunity to respond. *See McGinty*, 251 F.3d at 90; *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53-54 (2d Cir. 2022) (similar).

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson