**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**                                                                                          (212) 805-0194
**UNITED STATES DISTRICT JUDGE**

August 20, 2025

Adam Bryan Wolfson
Quinn Emanual Urquhart & Sullivan LLP
295 5th Avenue
New York, New York 10016

**Re: Particle Health, Inc. v. Epic Systems Corp., 24 Civ. 7174 (NRB)**

Dear Mr. Wolfson:

      The Court is in receipt of plaintiff's letter of August 13, 2025, requesting permission to submit supplemental briefing.  ECF No. 38.  As an initial matter, the Court disagrees with plaintiff's assertion that, if a specific argument has not been raised in a motion to dismiss, it cannot serve as a basis for dismissal.[1]  Moreover, the Court is not persuaded that the case law cited in plaintiff's letter conflicts with the Court's questioning at oral argument or its understanding of the elements necessary to state a claim under Section 1 of the Sherman Act.

      Accordingly, plaintiff's request to submit supplemental briefing is denied.

Very truly yours,

Naomi Reice Buchwald
United States District Judge

Cc:   All Counsel of record (via ECF)

---

[1] We note that both cases cited by plaintiff in support of this claim involved a district court's sua sponte dismissal of a case before the filing of a formal motion to dismiss.  See McGinty v. New York, 84 F. Supp. 2d 314, 315 (N.D.N.Y. 2000) (district court dismissed case for lack of subject matter jurisdiction sua sponte and without notice after determining that there "[wa]s no need to await a formal motion to dismiss by the defendants"); Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 53-54 (2d Cir. 2022) (district court dismissed case sua sponte and without notice on the basis of parties' pre-motion letters regarding a proposed motion to dismiss).  By contrast, in the instant action, defendant filed a motion seeking dismissal of all plaintiff's claims, including its Section 1 claim, in December 2024.  ECF Nos. 20-21.  In response, plaintiff has filed a brief opposing defendant's motion to dismiss, ECF No. 28, a sur-reply, ECF No. 33, and a notice of supplemental authority, ECF No. 37.  The Court has also held oral argument on the motion.