# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

September 15, 2025

Particle Health Inc. v. Epic Systems Corporation, No. 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") regarding a threshold dispute between the parties as to the Court's instructions in its Memorandum and Order dated September 5, 2025 (Dkt. No. 42 (the "Order")).  The parties met and conferred on September 11, 2025, and were unable to reach agreement, but agreed that the parties would brief the issue by letter beginning with Epic.

The Order "note[s] that important factual questions were raised in the parties' briefing and at oral argument regarding the suitability and scope of th[e] alleged product market" and that "disagreement regarding one of the foundational facts in this case – whether the parties' products perform the same basic functions – is frustrating".  (Order at 29, 30.)  Therefore, the Order states that the parties' arguments concerning certain market definition issues "would be best informed by limited discovery addressing:  (i) the definitions of 'payer' and 'payvider,' and whether either or both of the parties' payer platform products have payers and/or payviders as customers; (ii) the exact functions offered by the parties' payer platform products, and specifically the unique characteristics identified by Particle (*i.e.*, retrieval at scale, storage, and analytics); and (iii) the existence of alternative products available to suit payer needs".  (*Id.* at 31.)  The Order expressly instructs the parties to "confer and submit an expeditious schedule to complete the discovery" addressed to those three narrow subjects.  (*Id.* at 69.)  "After the parties engage on these narrow subjects, the Court may re-evaluate Particle's claims with the benefit of a fuller record".  (*Id.* at 31.)

Epic reads the Court's Order as contemplating a partial lift of the discovery stay in this matter to permit an expedited and narrowly focused phase of this case that would limit discovery to those three subjects, followed by briefing based on the results of that limited discovery, but that the rest of the case would remain paused unless and until the Court determined that it was appropriate to proceed to a further stage.  Particle, however, maintains that the entire case should proceed now, including full discovery on its remaining claims and that all the Court's Order requires is for a subset of that discovery as to three topics to proceed on a separate, expedited track.

Epic fully expects that the limited discovery that the Court ordered will show that Particle's market definition—on which all of its Section 2 claims depend—fails as a matter of law.  Epic further believes that this limited discovery can and should be done expeditiously and efficiently.  As a result, it would be inefficient and a waste of the resources of the Court and both the parties

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

to proceed with full-blown discovery at this stage. Having the case proceed on two simultaneous but misaligned tracks would complicate the process and reduce the efficiency sought by the Court's Order.

Relatedly, Epic likewise believes it would be inefficient (and inconsistent with both the text and spirit of the Court's Order) to be required to file an answer to Particle's Complaint and assert its affirmative defenses and/or counterclaims at this time, which would likely lead to further motion practice. Proceeding with all of this would distract from the issues on which the Court asked the parties to focus, waste judicial resources, and be costly to the parties. Moreover, Epic expects that all of these items may be avoided altogether because Epic believes Particle's Section 2 claims will be disposed of entirely after this first phase of limited discovery.[1]

Clarification from the Court on these issues will assist the parties in completing the meet and confer process to propose the "expeditious schedule to complete the discovery" in phase 1 that the Court ordered. (*Id.* at 69.) Epic respectfully requests that the Court order the following:

(1) The "limited discovery" on the three "narrow subjects" set forth in the Court's Order (*id.* at 31) and the related briefing contemplated therein proceed as a phase 1, but that any and all other discovery or other proceedings remain stayed until after the Court reevaluates Particle's claims based on such limited discovery.

(2) Epic need not file an answer to Particle's Complaint and need not assert any affirmative defenses or counterclaims that would be filed therewith until 30 days after a decision by the Court concluding phase 1.

In the event that the Court instructs Epic to answer or otherwise respond to the operative complaint at this time, Epic requests, with Particle's consent, that the Court order that Epic's answer and counterclaims be due 30 days following such an order.

                                                           Respectfully submitted,

                                                           */s/ Lauren A. Moskowitz*

                                                           Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
    United States Courthouse
        500 Pearl St.
            New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF

---

[1] Moreover, upon such dismissal of Particle's Section 2 claims, Epic will move to dismiss Particle's only remaining state law claim for tortious interference with contract on jurisdictional grounds pursuant to Rule 12(b)(1).