# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

September 19, 2025

Particle Health Inc. v. Epic Systems Corporation, No. 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") further to Epic's September 15, 2025 letter (Dkt. No. 43) and in response to Particle Health Inc.'s ("Particle") September 18, 2025 letter (Dkt. No. 45) regarding the parties' competing interpretations of the Court's instructions in its Memorandum and Order dated September 5, 2025 (Dkt. No. 42 (the "Order")).

Much of Particle's letter is not ripe for determination by the Court. The parties had one meet and confer in which they began to discuss what "limited discovery" might look like as to the three "narrow subjects" that the Court ordered the parties to conduct during the phase 1 contemplated by the Order. (Order at 31, 69.) Unfortunately, it quickly became clear during that meet and confer that there was a fundamental threshold disagreement as to whether the rest of the case would remain stayed during phase 1. The parties agreed they would benefit from guidance from the Court on that question before further negotiating the nuts and bolts of discovery. The parties never came close to reaching impasse as to what phase 1 would look like, so Particle's recitation of Epic's "positions" is inaccurate and misleading. The only question on which the parties reached impasse and that they agreed to brief was what, if anything, beyond the limited discovery on the three narrow subjects identified in the Order would proceed and what would remain stayed.

The Court has wide discretion under the Federal Rules of Civil Procedure, including Rule 1, to determine how this case should proceed, including to obtain a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1; *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (describing "the district court's broad discretion to direct and manage the pre-trial discovery process"). Epic understands the Court's view to be that the parties' disputes over "foundational facts" relevant to market definition "would be best informed by limited discovery addressing" three "narrow subjects", since that tailored discovery might permit "the Court [to] re-evaluate Particle's claims with the benefit of a fuller record". (Order at 30-31.) Thus, Epic understands the Court to have partially lifted the stay of discovery in this matter (*see* Dkt. No. 36) solely with regard to the three subjects identified in the Order, and to have exercised its discretion and authority to extend the time for the parties to proceed with other aspects of this case, including but not limited to the filing of Epic's answer and counterclaims. Epic is confident that the Court will dismiss Particle's claims after re-evaluating them because there will be no genuine dispute over material facts necessary to the case Particle alleged. On the other hand, should Particle's claims survive the Court's re-evaluation (which they should not), the Court would then determine whether to lift the remainder of the stay to enable Particle to explore broader discovery, including additional "market definition discovery". (Dkt. 45 at 2.)

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Epic's position is that the Court's instruction is not only clear but that it is the most efficient way to proceed under the circumstances of this case.  Particle's proposal of having two tracks proceeding simultaneously for the case—track one with full document discovery, depositions, and expert discovery as to market definition, beyond the three "narrow subjects" the Court identified, on a somewhat expedited track (Particle provided a rough estimate of approximately 9 months during the meet and confer), and track two with all of those same stages but as to all the other issues as well—would have the parties and the Court in chaos for the entire case.  To try to illustrate what Particle's proposal would look like in practice:  the parties would be in document discovery on both tracks but with different timings, and track one would need to be completed at the same time that the parties are conducting additional motion practice on Epic's answer and counterclaims on track two; the parties would be taking fact depositions on track one while trying to complete document production—including for some of the same custodians—on other issues on track two; the parties' experts would be submitting expert reports on track one while the parties are still conducting fact discovery on track two; and the parties would be briefing summary judgment on track one at the same time they are supposed to be working on expert discovery for the full case on track two.  The efficiency that Epic understands was the aim of the Court's Order would be eviscerated if Particle's proposed approach were followed.  Epic believes that proceeding with discovery and briefing as to phase 1 and only as to those activities would be the most efficient way to proceed and would be in the interests of justice to bring this case to a just and speedy conclusion with the least expense and burden on the Court and the parties.

Following a ruling from the Court as to the threshold issues on which Epic sought clarification (*see* Dkt. No. 43 at 2), Epic believes the parties will be able to have more productive negotiations as to the scope and timing of phase 1 contemplated in the Order (Order at 69).  It may be that the parties ultimately reach impasse as to some aspects of those issues as well, but that has not yet occurred.  As such, notwithstanding Particle's request (*see* Dkt. No. 45 at 3), Particle's arguments as to what discovery can and should take place regarding the three "narrow subjects" during phase 1 are not yet ripe.

        Respectfully submitted,

        */s/ Lauren A. Moskowitz*

        Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
    United States Courthouse
        500 Pearl St.
            New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF