# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

October 27, 2025

<u>Particle Health Inc. v. Epic Systems Corporation</u>, No. 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") to respond to Particle's letter of October 22, 2025 (Dkt. No. 50) concerning the parties' dispute over whether the expedited limited discovery ("Phase 1") into the three narrow topics identified by the Court (the "Court-Identified Topics"), in its Memorandum and Order dated September 5, 2025 (Dkt. No. 42 (the "Order")), should be expanded to include expert discovery as Particle urges.

The Court's original Order was clear that all discovery during Phase 1 was to be limited to the three Court-Identified Topics.  But Particle ignored that Order and sought to commence discovery as to all aspects of this case, forcing Epic to seek guidance from the Court to be able to move forward with negotiating a schedule.  In a second order, the Court again made an "explicit directive that the parties schedule and complete 'focused,' 'narrow,' and 'limited' discovery solely addressing three issues identified in the Order relating to market definition".  (Dkt. No. 47 at 1 (citing Order at 30-31, 69).)  Particle's present attempt to expand Phase 1 discovery to include expert discovery again attempts to expand the scope of this phase beyond what the Court has (twice now) ordered.

As an initial matter, Particle not only seeks to conduct expert discovery but also to conduct expert discovery on all of market definition.  (Dkt. No. 50 at 2.)  It is unclear how Particle expects to put forward an expert to opine on all of market definition when Phase 1 discovery has clearly been limited to the three Court-Identified Topics.  Those three fact issues do not encompass all of the facts that may ultimately bear on market definition if the case proceeds past Phase 1.  And Epic's motion for summary judgment immediately following Phase 1 would not be addressing those additional facts.  Instead, Epic's motion for summary judgment would be limited to addressing the legal significance of the answers to the three Court-Identified Topics on Particle's proposed market definition.  Thus, Particle's position should at a minimum be rejected as to the overbroad scope of the expert testimony it is proposing.

Even if limited to the three Court-Identified Topics, no expert discovery should take place during Phase 1.  The three Court-Identified Topics are *factual* issues.  Facts are adduced through fact discovery, not expert testimony.  The Court explained that Phase 1 arose in the first place because of the Court's "frustrati[on]" that the parties disagree as to certain "foundational facts in this case" (Order at 30) that bear on "the suitability and scope of [Particle's] alleged product market" (*id.* at 29).  The Court thus ordered limited discovery focused only on three of those foundational facts, with the aim of providing a "fuller record" that may be used to "re-evaluate Particle's claims".  (*Id.* at 31.)

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

These three limited issues are about how the parties' own products work, their own customers, and other products that exist that can do what the parties' products do. Particle offers no explanation as to why expert testimony is needed to establish the facts as to those issues. Indeed, Particle does not even attempt to explain why expert discovery is necessary to answer two of the three Court-Identified Topics—"whether either or both of the parties' payer platform products have payers and/or payviders as customers" and "the exact functions offered by the parties' payer platform products, and specifically the unique characteristics identified by Particle (i.e., retrieval at scale, storage, and analytics)". (*Id.*) It is plain that no expert economic analysis is necessary to determine the answers to those questions or the legal significance of the answers to those questions. As to the third topic, "the existence of alternative products available to suit [customer] needs" (*id.*), that factual question too does not require expert analysis to answer. Whether an alternative product exists can be shown with an array of factual testimony or documents, such as customer surveys; it does not require expert testimony to *identify the existence* of such alternatives.[1]

The thrust of Particle's argument is that it would be "improper" to grant summary judgment in advance of expert discovery. (Dkt. No. 50 at 2.) That is wrong. A court is absolutely entitled to hear and grant a motion for summary judgment before expert discovery (or before any discovery for that matter) has been completed. *See, e.g.*, *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 149 (2d Cir. 2016) (affirming grant of summary judgment and denial of non-moving party's request for additional discovery); *Emigra Grp., LLC v. Fragomen, Del Ray, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330, 346 (S.D.N.Y. 2009) ("[T]here is nothing in the Federal Rules of Civil Procedure precluding summary judgment—in an appropriate case—prior to discovery."); 10A Wright & Miller's Federal Practice & Procedure § 2718 n.3 (4th ed. 2025) (explaining that Rule 56 "does not require that discovery take place before a motion for summary judgment may be considered; when discovery sought is irrelevant to court's consideration of a pending motion, summary judgment can and should be granted without discovery").[2] The Federal Rules of Civil Procedure expressly contemplates summary judgment in advance of expert discovery by providing that it may be sought "*at any time until* 30 days after the close of all discovery". Fed. R. Civ. P. 56(b) (emphasis added). Indeed, before any discovery has even commenced a court is permitted to convert a motion to dismiss to one for summary judgment. Fed. R. Civ. P. 12(d).

This is just as true for antitrust cases. Courts can and do grant summary judgment dismissing antitrust claims on the basis of evidence produced in fact discovery. *See, e.g.*, *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105-07 (2d Cir. 2002) (affirming dismissal at summary judgment on market-definition grounds referring only to factual evidence, with no discussion of expert testimony). A plaintiff's proposed market definitions may fail for many different reasons, some

---

[1] Particle relies on *Fed. Trade Comm'n v. Tapestry, Inc.*, 755 F. Supp. 3d 386 (S.D.N.Y. 2024), for the proposition that expert testimony is "consistently directed" to this question. (Dkt. No. 50 at 2 n.1.) But in *Tapestry*, the court considered testimony in the context of actually defining a market in deciding a motion for a preliminary injunction to enjoin a merger as opposed to a summary judgment motion. The key factual point of what other products a customer may divert to, however, came from the parties' own customer surveys. *Id.* at 443.

[2] The cases on which Particle relies (*see* Dkt. No. 50 at 2) are inapposite. All that is shown by *Caruso Mgmt. Co. v. Int'l Council of Shopping Ctrs.*, 403 F. Supp. 3d 191, 207-09 (S.D.N.Y. 2019), is that in one instance a court has considered expert discovery in deciding a summary judgment motion. That case did not state and does not support any rule that expert testimony is required for summary judgment on all issues or in all antitrust cases. The other case Particle cites, *Tolan v. Cotton*, 572 U.S. 650 (2014), did not discuss expert testimony or even address which *types* of evidence must be considered in deciding a motion for summary judgment; instead, it held only that a lower court "improperly 'weigh[ed] the evidence'" in the record. *Id.* at 657 (alteration in original) (citation omitted).

of which are just basic facts that may be established without any economic expert analysis. That is the case here.

Ultimately, "in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way". *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). This discretion extends to questions about whether additional discovery is required before a motion for summary judgment may be granted. *See, e.g., Montgomery v. N.Y.C. Transit Auth.*, 806 F. App'x 27, 30 (2d Cir. 2020) (holding that district court did not abuse its "broad discretion to manage pre-trial discovery" by granting motion for summary judgment rather than striking it and reopening discovery). Epic understands that the Court ordered Phase 1 discovery given the potential to resolve this case efficiently based on a limited factual record, consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding". Fed. R. Civ. P. 1. That approach is particularly appropriate in an antitrust case like this one: as the Second Circuit has observed, "[i]n the context of antitrust cases . . . summary judgment is particularly favored because of the concern that protracted litigation will chill pro-competitive market forces". *PepsiCo*, 315 F.3d at 104. Limited expedited fact discovery and summary judgment on these narrow issues without expert discovery will implement the Court's direction and best achieve Rule 1's goals.

Epic respectfully requests that the Court order that Phase 1 is limited to fact discovery followed by summary judgment and that no expert discovery shall be conducted in Phase 1.

Respectfully submitted,

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
    United States Courthouse
        500 Pearl St.
            New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF