**quinn emanuel** trial lawyers | new york

295 5th Avenue,, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

October 29, 2025
**VIA ECF**

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

      We write on behalf of Particle Health Inc. ("Particle") in reply to Epic Systems Corporation's ("Epic") October 27, 2025 letter (the "Epic Letter," Dkt. 51) regarding Particle's ability to provide expert evidence on market definition in this case. Several points bear noting.

      As Particle has previously highlighted, market definition is a highly factual inquiry proven through a variety of different types of evidence, including both lay and expert evidence. *See* Dkt. 45 at 2–3; 50 at 1–2. Indeed, Epic's cited case, *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101 (2d Cir. 2002), demonstrates this in action. The Second Circuit affirmed summary judgment on market definition in that case only after "eighteen months of aggressive discovery." *Id.* at 104.

      Epic has never contested this point and in fact concedes that the three topics the Court identified "do not encompass all of the facts that may ultimately bear on market definition." Epic Letter at 1. This is an important concession because, even though Epic continues to try to frame its intended summary judgment motion as "limited to addressing the legal significance of the answers to the Court's three Court-Identified Topics on Particle's proposed market definition," *id.*, the relief it will necessarily seek in such a motion is dismissal based on Particle's supposed inability to prove market definition. But, if the "three Court-Identified Topics on Particle's proposed market definition" "do not encompass all of the facts that may ultimately bear on market definition," *id.*, then Epic has effectively conceded that any summary judgment motion based on those topics alone would be improper because it would not encompass all relevant facts nor afford Particle, the non-movant, all reasonable inferences based on a full record.

      Epic's cited cases make this point. *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146 (2d Cir. 2016), for example, shows that a court must entertain requests for additional discovery in response to a motion for summary judgment under Rule 56(d) (formerly Rule 56(f)). There, the district court did not abuse its discretion in denying such a request because the materials in question would have had no effect on the ultimate dismissal. *Id.* at 151–52. But here, Epic has already admitted that more facts and categories of information may very well factor into the market definition question. It similarly does not seriously contest that expert opinions are often ***the*** most critical evidence in the market definition inquiry. Indeed, at least one Court of Appeals recently found it was an abuse

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

of discretion to refuse to consider otherwise admissible expert opinions on market definition, which led to a reversal of a grant of summary judgment on that basis. *See Teradata Corp. v. SAP SE*, 124 F.4th 555, 566 (9th Cir. 2024), *cert. denied*, 2025 WL 2823826 (U.S. Oct. 6, 2025) (finding district court abused discretion in excluding market definition expert testimony offered in opposition to summary judgment motion).

*Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP*, 612 F. Supp. 2d 330 (S.D.N.Y. 2009), similarly supports Particle, not Epic. That case certainly holds Rule 56 allows a party to move for summary judgment at any time. However, it further notes (and Epic conspicuously omits), "[t]o be sure, there are circumstances in which a non-moving party that has not completed discovery has a legitimate need for discovery to meet a motion for summary judgment." *Id.* at 346. Thus, "a motion for summary judgment will be denied or delayed to permit discovery that is reasonably expected to create a genuine issue of material fact." *Id.* at 346–47. In its letter, Epic never explains why expert analysis of the relevant markets here is unlikely to provide important context and evidence related to market definition—Epic simply asks the Court to foreclose that opportunity to Particle entirely, and without explanation of why.

\* \* \*

For the foregoing reasons, Particle respectfully reiterates that Epic cannot be right in contending that the Court implicitly barred Particle from presenting expert evidence in this antitrust case on such a critical issue as market definition. That would not comport with basic tenets of fairness or due process, does not comport with Particle's rights under the Federal Rules of Civil Procedure, flies in the face of appellate and trial court precedent all showing the critical role experts often play in market definition questions, and notably does not rely on a single case limiting a plaintiff in such a way.

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson