# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC., <br><br> Plaintiff, <br><br> vs. <br><br> EPIC SYSTEMS CORPORATION, <br><br> Defendant. | Civil Action No. 1:24-cv-07174-NRB |

**DEFENDANT EPIC SYSTEMS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF PARTICLE HEALTH INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant Epic Systems Corporation ("Epic"), by and through its undersigned counsel, hereby submits the following responses and objections (the "Responses" and each, a "Response") to Plaintiff Particle Health Inc.'s ("Particle") First Set of Requests for Production of Documents and Things (the "Requests" and each, a "Request"), dated February 24, 2025, in the above-captioned action (the "Action"). By agreement between the parties, Epic provides Responses to only certain Requests in Particle's First Set of Requests, in particular, Request Nos. 3-6 and 9. The parties agreed to indefinitely extend the time for Epic to respond to the remaining Requests in Particle's First Set of Requests, and Epic reserves its rights to object to the remaining Requests on any ground.

Epic provides these Responses, and any document produced in response to the Requests, without waiver of or prejudice to (1) its rights at any later time to raise objections, including, but not limited to, the competence, relevance, materiality, privilege, work-product character, and/or

admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any documents produced as part of Epic's Responses to the Requests or any part thereof; (2) its rights to object to the use of any of the produced documents in any subsequent proceedings or the trial of the Action or any other action; or (3) its rights to object on any ground at any time to a demand for further response to the Requests or any other requests in the Action.

Any response or objection or agreement to search for and produce documents in response to an individual Request is not an acknowledgment or concession that the documents sought exist, are relevant to the claims in the Action, are proportional to the needs of the Action, or are in Epic's possession, custody, or control.

Epic reserves the right to amend or supplement its Responses to the Requests from time to time as appropriate.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally as well as to the Definitions and Instructions set forth herein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide information or documents in response to any Request is made subject to the General Objections.

1. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Epic will conduct a reasonable search for responsive documents where appropriate, consistent with its Responses below.

2. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Epic that are

broader than, inconsistent with or not authorized under the Court's decisions and orders (the "Applicable Orders") with respect to the three narrow topics identified by the Court as the proper subject of discovery during phase 1. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Subject to and without waiving any Objections, in responding to the Requests, Epic will construe the Definitions, Instructions, and Requests in accordance with the Applicable Orders.

3. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Epic that are broader than, inconsistent with or not authorized under the Federal Rules, the Local Rules, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules").  Subject to and without waiving any Objections, in responding to the Requests, Epic will construe the Definitions, Instructions, and Requests in accordance with the Applicable Rules.

4. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents or information that fall within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity, or that otherwise are exempted from disclosure.  Epic hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from its Responses to the Requests.  Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections.  Epic reserves the right to demand that Particle return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with the Applicable Rules.

5. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to seek the production of trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal to Epic, its affiliates, and its respective employees and/or clients, customers, or counterparties, or that constitutes information that is subject to other protective orders, nondisclosure agreements, or other confidentiality obligations.  To the extent that there is any such information that is responsive, relevant, and not privileged that can be identified through a reasonable search, Epic will produce such information only subject to the terms and conditions of such other protective orders, nondisclosure agreements, and confidentiality obligations, and a forthcoming agreed-upon protective order.  For the avoidance of doubt, Epic will not produce such information unless and until the Court enters any forthcoming agreed-upon protective order in this Action.

6. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague and ambiguous, are lacking in particularity, or contain terms or phrases that Epic cannot interpret or understand, that are undefined, or that fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests.  Where possible, Epic has made reasonable assumptions as to Particle's intended meaning and has responded accordingly, but Epic preserves its objection as to vagueness and ambiguity.

7. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are cumulative or duplicative, that are equally obtainable from public sources or from some other source, or through some other

means of discovery that is more convenient, less burdensome, or less expensive, or that are already in Particle's possession.

8.   Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents) from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found.  Pursuant to the Court's directive for the parties to complete "'focused,' 'narrow,' and 'limited' discovery solely addressing three issues identified in the Order relating to market definition" (Dkt. No. 47 at 1), Epic will conduct a targeted, reasonable search for responsive custodial documents concerning these narrow issues pursuant to a search protocol to be negotiated by the parties (the "Phase 1 Search Protocol"), as well as a targeted, reasonable search for responsive documents concerning these narrow issues in centrally located or other reasonably accessible repositories (the "Phase 1 Central Repositories Search").

9.   Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Epic states that any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

10.  Epic objects generally to the Requests to the extent that the Requests, Definitions, or Instructions contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying the Action.  Epic further objects to the Requests,

including the Definitions and Instructions set forth therein, to the extent that they assume facts that are not accurate or the occurrence of events that did not take place.  Any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

11. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, as overly broad and unduly burdensome to the extent that they purport to require production of "all" or "any" documents in a specified category where a subset of documents would be sufficient to provide the pertinent information.

12. Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, and, in particular, Instruction No. 8, to the extent it purports to require Epic to produce documents from January 1, 2018 to the present, on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic is willing to meet and confer regarding an appropriate time period for production.

13. Epic objects generally to the Requests and the definition of "Epic", "Defendant", "You", and "Your" to the extent they seek documents that are not in Epic's possession, custody, or control.

14. Epic objects to the definition of "EHRs" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "any other form of healthcare-related patient data".  Subject to and without waiving the foregoing General Objection, Epic will meet and confer with Particle regarding the defined term "EHRs" as used in the Requests.

15.     Epic objects to the definition of "Epic Payer Platform" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrases "ancillary or related services related to EHRs that Epic markets to Payers" and "any data analytics, monitoring, storing, or aggregation services offered to Payers". Epic Payer Platform shall refer to Epic's product called Epic Payer Platform.

16.     Epic objects to the definition of "Payer" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "regularly pays for healthcare services provided to other Persons". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with Particle regarding the defined term "Payer" as used in the Requests.

17.     Epic objects to the definition of "Pay-vider" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case. Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "service, tool, platform, or product". Subject to and without waiving the foregoing General Objection, Epic will meet and confer with Particle regarding the defined term "Pay-vider" as used in the Requests.

**SPECIFIC OBJECTIONS AND RESPONSES**

Epic submits the following Specific Objections and Responses to the Requests. Neither a Specific Objection nor the absence of a Specific Objection to a Request is an admission that documents responsive to the Request exist. Epic further incorporates its General Objections into the Responses set forth below.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications discussing, referring to, or analyzing any actual or potential competitor to the Epic Payer Platform (or the field thereof), including, but not limited to: (1) reports and analyses of the market shares of the Epic Payer Platform and any perceived competitors; (2) reports, analyses, and evaluations of the Epic Payer Platform's actual or potential competitors' EHR access, retrieval, aggregation, analysis, or other capabilities; (3) barriers to entry; and (4) evaluations of any actual or potential competitors' plans or potential.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery in phase 1. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "the field thereof", "market shares", "perceived competitors", "potential competitors", "EHR access", "retrieval", "aggregation", "analysis", "other capabilities", "barriers to entry", and "actual or potential competitors' plans or potential". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications discussing or referring to any EHR-related platform or service marketed to Payers other than the Epic Payer Platform, including, but not limited to, (1) any discussion of any other company's ability, inability, potential, or failure to offer such

8

services or platforms, and (2) any differences in price, quality, usefulness, capability, features, or functionality, between any such services and the Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "EHR-related platform or service marketed to Payers", "such services or platforms", "quality, usefulness, capability, features, or functionality", and "any such services". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications (including, but not limited to, any presentations, slide decks, or promotional materials) discussing or referring to the features and capabilities of the Epic Payer Platform (or any related Payer offering).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent

9

that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "related Payer offering".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 4, 6, 9, 11, and 15 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications discussing, reflecting, or referring to Epic's competitive strategies, plans, or objectives for the Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "competitive strategies", "plans", and "objectives".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.  Epic will also

perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications (including with any third party) discussing or referring to Particle between September 1, 2023 and the present, including, but not limited to, discussion of or reference to Particle as an existing or potential competitor to Epic, or as an actual or potential threat to any Epic business line, product, service, or activity, or to any of Epic's business interests, objectives, strategies, or revenues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "business line", "product", "service", "activity", "business interests", "objectives", and "strategies".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, and 6 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.  Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

|  |  |
|---|---|
| Dated: November 12, 2025 | By: *Lauren A. Moskowitz* <br><br>Lauren A. Moskowitz <br> Margaret T. Segall <br> Michael P. Addis <br> **CRAVATH, SWAINE & MOORE LLP** <br> Two Manhattan West <br> 375 Ninth Avenue <br> New York, NY 10011 <br> Telephone: (212) 474-1000 <br> lmoskowitz@cravath.com <br> msegall@cravath.com <br> maddis@cravath.com <br><br> *Attorneys for Defendant Epic Systems Corporation* |

12