# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PARTICLE HEALTH INC.,

                     Plaintiff,

        vs.

EPIC SYSTEMS CORPORATION,

                  Defendant.

Civil Action No. 1:24-cv-07174-NRB

**DEFENDANT EPIC SYSTEMS CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF PARTICLE HEALTH INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Defendant Epic Systems Corporation ("Epic"), by and through its undersigned counsel, hereby submits the following responses and objections (the "Responses" and each, a "Response") to Plaintiff Particle Health Inc.'s ("Particle") Second Set of Requests for Production of Documents and Things (the "Requests" and each, a "Request"), dated October 12, 2025, in the above-captioned action (the "Action").

Epic provides these Responses, and any document produced in response to the Requests, without waiver of or prejudice to (1) its rights at any later time to raise objections, including, but not limited to, the competence, relevance, materiality, privilege, work-product character, and/or admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any documents produced as part of Epic's Responses to the Requests or any part thereof; (2) its rights to object to the use of any of the produced documents in any subsequent

proceedings or the trial of the Action or any other action; or (3) its rights to object on any ground at any time to a demand for further response to the Requests or any other requests in the Action.

Any response or objection or agreement to search for and produce documents in response to an individual Request is not an acknowledgment or concession that the documents sought exist, are relevant to the claims in the Action, are proportional to the needs of the Action, or are in Epic's possession, custody, or control.

Epic reserves the right to amend or supplement its Responses to the Requests from time to time as appropriate.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally as well as to the Definitions and Instructions set forth herein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request. Any undertaking to search for or provide information or documents in response to any Request is made subject to the General Objections.

1.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not relevant to any party's claim or defense and/or not proportional to the needs of the case. Epic will conduct a reasonable search for responsive documents where appropriate, consistent with its Responses below.

2.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Epic that are broader than, inconsistent with or not authorized under the Court's decisions and orders (the "Applicable Orders") with respect to the three narrow topics identified by the Court as the proper subject of discovery during phase 1. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Subject to and

without waiving any Objections, in responding to the Requests, Epic will construe the Definitions, Instructions, and Requests in accordance with the Applicable Orders.

3.    Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Epic that are broader than, inconsistent with or not authorized under the Federal Rules, the Local Rules, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules").  Subject to and without waiving any Objections, in responding to the Requests, Epic will construe the Definitions, Instructions, and Requests in accordance with the Applicable Rules.

4.    Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents or information that fall within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity, or that otherwise are exempted from disclosure.  Epic hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from its Responses to the Requests.  Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections.  Epic reserves the right to demand that Particle return, destroy, or sequester any privileged or protected documents produced and all copies thereof consistent with the Applicable Rules.

5.    Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to seek the production of trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant, or personal to Epic, its affiliates, and its respective employees and/or clients, customers, or

counterparties, or that constitutes information that is subject to other protective orders, nondisclosure agreements, or other confidentiality obligations. To the extent that there is any such information that is responsive, relevant, and not privileged that can be identified through a reasonable search, Epic will produce such information only subject to the terms and conditions of such other protective orders, nondisclosure agreements, and confidentiality obligations, and a forthcoming agreed-upon protective order. For the avoidance of doubt, Epic will not produce such information unless and until the Court enters any forthcoming agreed-upon protective order in this Action.

6.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are vague and ambiguous, are lacking in particularity, or contain terms or phrases that Epic cannot interpret or understand, that are undefined, or that fail to meaningfully distinguish between similar (but not identical) terms and phrases used in other Requests. Where possible, Epic has made reasonable assumptions as to Particle's intended meaning and has responded accordingly, but Epic preserves its objection as to vagueness and ambiguity.

7.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are cumulative or duplicative, that are equally obtainable from public sources or from some other source, or through some other means of discovery that is more convenient, less burdensome, or less expensive, or that are already in Particle's possession.

8.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents)

from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found. Pursuant to the Court's directive for the parties to complete "'focused,' 'narrow,' and 'limited' discovery solely addressing three issues identified in the Order relating to market definition" (Dkt. No. 47 at 1), Epic will conduct a targeted, reasonable search for responsive custodial documents concerning these narrow issues pursuant to a search protocol to be negotiated by the parties (the "Phase 1 Search Protocol"), as well as a targeted, reasonable search for responsive documents concerning these narrow issues in centrally located or other reasonably accessible repositories (the "Phase 1 Central Repositories Search").

9.      Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Epic to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Epic states that any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

10.      Epic objects generally to the Requests to the extent that the Requests, Definitions, or Instructions contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying the Action. Epic further objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume facts that are not accurate or the occurrence of events that did not take place. Any response, production of documents, or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

11.    Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, as overly broad and unduly burdensome to the extent that they purport to require production of "all" or "any" documents in a specified category where a subset of documents would be sufficient to provide the pertinent information.

12.    Epic objects generally to the Requests, including the Definitions and Instructions set forth therein, and, in particular, Instruction No. 8, to the extent it purports to require Epic to produce documents from January 1, 2018 to the present, on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic is willing to meet and confer regarding an appropriate time period for production.

13.    Epic objects generally to the Requests and the definition of "Epic", "Defendant", "You", and "Your" to the extent they seek documents that are not in Epic's possession, custody, or control.

14.    Epic objects to the definition of "EHRs" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrase "any other form of healthcare-related patient data".  Subject to and without waiving the foregoing General Objection, Epic will meet and confer with Particle regarding the defined term "EHRs" as used in the Requests.

15.    Epic objects to the definition of "Epic Payer Platform" on the grounds that it is overly broad and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic further objects to this definition on the grounds that it is vague and ambiguous, including the phrases "ancillary or related services related to EHRs that Epic markets to Payers"

and "any data analytics, monitoring, storing, or aggregation services offered to Payers".  Epic

Payer Platform shall refer to Epic's product called Epic Payer Platform.

16.    Epic objects to the definition of "Payer" on the grounds that it is overly broad and

unduly burdensome and seeks documents not proportional to the needs of the case.  Epic further

objects to this definition on the grounds that it is vague and ambiguous, including the phrase

"regularly pays for healthcare services provided to other Persons".  Subject to and without

waiving the foregoing General Objection, Epic will meet and confer with Particle regarding the

defined term "Payer" as used in the Requests.

17.    Epic objects to the definition of "Pay-vider" on the grounds that it is overly broad

and unduly burdensome and seeks documents not proportional to the needs of the case.  Epic

further objects to this definition on the grounds that it is vague and ambiguous, including the

phrase "service, tool, platform, or product".  Subject to and without waiving the foregoing

General Objection, Epic will meet and confer with Particle regarding the defined term "Pay-

vider" as used in the Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

Epic submits the following Specific Objections and Responses to the Requests.  Neither a

Specific Objection nor the absence of a Specific Objection to a Request is an admission that

documents responsive to the Request exist.  Epic further incorporates its General Objections into

the Responses set forth below.

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning whether and to what extent You
consider Particle's products competitors to Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "Particle's products". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9 from Particle's First Set of Requests and Request Nos. 7, 10-11, 13, and 15-16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning the definition, meaning, or scope of the terms "payer," "payvider," "health plan," "insurance company," "managed care organization," or any other term You use to describe actual or potential customers of the Epic Payer Platform, including any Documents discussing the differences between such customer types.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and Communications sufficient to show each current and former customer of the Epic Payer Platform and whether You categorize such customer as a "payer," "payvider," or any other customer type.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "payer", "payvider", and "other customer type". Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications discussing or referring to the use of the Epic Payer Platform to provide EHRs to Payers for any purpose or use case related to the improvement of patient health, including any provision of EHRs to Payers to "Improve Clinical Outcomes and Quality Scores," as discussed at https://vendorservices.epic.com/Resources/payerplatformoverview/, for "value-based initiatives" or "transact[ing] care-gap data," as discussed at https://www.epic.com/epic/post/trinity-and-anthem-sign-new-value-based-epic-partnership/, to "[f]acilitate a care management strategy," as discussed at https://www.prnewswire.com/news-releases/nations-largest-member-owned-health-plan-to-launch-epic-platform-to-improve-patient-and-provider-experience-301078435.html, or to

"Close[] care gaps with automated clinical and claims data exchange," as discussed at
https://www.epicshare.org/share-and-learn/payer-platform-success-stories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "use of the Epic Payer Platform to provide EHRs to Payers", "purpose or use case related to the improvement of patient health", and "provision of EHRs to Payers". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 5 from Particle's First Set of Requests and Request Nos. 6, 11, and 15 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show any processes You undertake, policies you maintain, or features built into Epic Payer Platform that relate to the amount, nature, and scope of records a customer who obtains medical records through Epic Payer Platform receives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "processes

You undertake", "policies you maintain", "features built into Epic Payer Platform", and "medical records".

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 6:**

All user guides and manuals related to Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 4 and 8 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications discussing, referring to, or reflecting any competitive analyses (e.g., Strengths, Weaknesses, Opportunities and Threats ("SWOT")) related to the Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the

proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 10-11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the processes the Epic Payer Platform uses to access, store, retrieve, and deliver EHRs to customers, including the legal and/or contractual framework by which the Epic Payer Platform gains such access and retrieval ability, and the technological methods by which the Epic Payer Platform connects with customers' EHR software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "access, store, retrieve, and deliver", "EHRs", and "legal and/or contractual framework", "such access and retrieval ability", "technological methods", and "connects with customers' EHR software". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 6 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications discussing or referring to the relationship (or lack thereof) between Epic Payer Platform and Epic Payer Gateway, discussed at open.epic :: Interoperability Guide, including Documents sufficient to show the differences in features and functionality between the Epic Payer Platform and the Epic Payer Gateway.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request on the grounds that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "relationship (or lack thereof)". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 5 from Particle's First Set of Requests.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications comparing the Epic Payer Platform to any other products, services, or platforms, including but not limited to analyses of Epic Payer Platform's competitive products, feature comparisons, and assessments of market alternatives, as well as win/loss reports or similar analyses analyzing which customers chose alternatives for Epic Payer Platform (and, if tracked, why).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to

13

this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "other products, services, or platforms".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 11, 13, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search.  Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 11:**

All marketing materials, sales presentations, pitch decks, promotional materials, customer use case analyses, customer analyses, or needs assessments for Epic Payer Platform, including any materials that reference, compare, or position Epic Payer Platform against competitors, including Particle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "customer use case analyses", "customer analyses", and "needs assessments".  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9

from Particle's First Set of Requests and Request Nos. 1, 7, 10, 13, and 16 from Particle's

Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in

response to this Request, Epic will perform the Phase 1 Central Repositories Search and will

produce responsive, non-privileged documents, if any, that it locates through the search.

## REQUEST FOR PRODUCTION NO. 12:

All Documents and Communications concerning Epic Payer Platform's target market,
addressable market, serviceable available market (SAM), total addressable market (TAM), or
market sizing, including any calculations, estimates, or analyses of market opportunity.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not proportional to the needs of the case.  Epic further objects to this Request to the extent

that it seeks documents beyond the scope of the three narrow topics identified by the Court as the

proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to

this Request on the grounds that it is vague and ambiguous, including the phrases "target

market", "addressable market", "serviceable available market (SAM)", "total addressable market

(TAM)", or "market sizing" and "market opportunity".

Subject to and without waiving the foregoing General and Specific Objections, in

response to this Request, Epic will perform the Phase 1 Central Repositories Search and will

produce responsive, non-privileged documents, if any, that it locates through the search.

## REQUEST FOR PRODUCTION NO. 13:

All Documents and Communications reflecting pricing- or functionality-related
strategies, methodologies, analyses, or decisions for Epic Payer Platform, including any
Documents and Communications discussing how Epic Payer Platform pricing or functionality
compares to competitors or alternative solutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "pricing- or functionality-related strategies, methodologies, analyses, or decisions", "functionality" and "alternative solutions". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, and 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Search Protocol and will produce responsive, non-privileged documents, if any, that it locates through that search. Epic will also perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show actual pricing data, rate cards, or fee schedules for all Epic Payer Platform customers, including any volume discounts, tiered pricing, or custom pricing arrangements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "pricing data",

16

"rate cards", "fee schedules", "volume discounts", "tiered pricing", and "custom pricing arrangements". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 16 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

## REQUEST FOR PRODUCTION NO. 15:

All Documents and Communications concerning product roadmaps, development strategies, or feature plans for Epic Payer Platform, including any Documents or Communications discussing planned enhancements to compete with Particle or other competitors.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Epic further objects to this Request to the extent that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery. (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.) Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place. Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "development strategies", "feature plans", and "planned enhancements". Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 5 from Particle's First Set of Requests and Request Nos. 1, 4, 6, and 11 from Particle's Second Set of Requests.

Subject to and without waiving the foregoing General and Specific Objections, in response to this Request, Epic will perform the Phase 1 Central Repositories Search and will produce responsive, non-privileged documents, if any, that it locates through the search.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning cross-elasticity of demand between Epic Payer Platform and any other products or services, including any analyses of how price changes for Epic Payer Platform or competitive products to Epic Payer Platform affect customer demand, and vice versa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "cross-elasticity of demand", "any other products or services", "competitive products to Epic Payer Platform", and "customer demand".  Epic further objects to this Request to the extent the Request purports to require Epic to draw subjective or legal conclusions, or is predicated on subjective or legal conclusions or arguments.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, and 13-14 from Particle's Second Set of Requests.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning integration between Epic Payer Platform and health information exchanges, networks, or interoperability frameworks, including any analyses of how such integration affects Epic Payer Platform's competitive positioning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to

this Request to the extent it assumes facts that are not accurate or the occurrence of events that

did not take place.  Epic further objects to this Request on the grounds that it is vague and

ambiguous, including the phrases "integration", "health information exchanges, networks, or

interoperability frameworks", "such integration", and "competitive positioning".  Epic further

objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3-

4, 6, and 9 from Particle's First Set of Requests and Request Nos. 1, 7, 10-11, 13, and 16 from

Particle's Second Set of Requests.

**REQUEST FOR PRODUCTION NO. 18:**

        All Documents and Communications constituting, reflecting, or concerning notes,
agendas, minutes, recordings, or other memorializations of meetings held between July 1, 2023
to the present where Particle, Particle's payer platform, or Epic Payer Platform were discussed,
including meetings attended by Judy Faulkner, Alan Hutchinson, Dave Fuhrmann, and/or Katie
O'Brien, or others involved with the Epic Payer Platform, and including specifically the weekly
strategy meetings held on Fridays.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

        Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not proportional to the needs of the case.  Epic further objects to this Request on the grounds

that it seeks documents beyond the scope of the three narrow topics identified by the Court as the

proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to

this Request to the extent it assumes facts that are not accurate or the occurrence of events that

did not take place.  Epic further objects to this Request on the grounds that it is vague and

ambiguous, including the phrases "Particle's payer platform", "others involved with the Epic

Payer Platform", and "weekly strategy meetings".

 **REQUEST FOR PRODUCTION NO. 19:**

        Organizational charts, reporting structures, personnel directories, or other Documents
sufficient to show Your employees and departments/divisions involved in the Epic Payer
Platform, including any Documents showing the chain of command, decision-making authority,

and personnel responsible for Epic Payer Platform development, marketing, sales, and strategic planning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request on the grounds that it is vague and ambiguous, including the phrases "reporting structures", "personnel directories", and "chain of command, decision-making authority, and personnel responsible for Epic Payer Platform development, marketing, sales, and strategic planning".  Epic further objects to this Request to the extent it requires Epic to generate, compile, or develop documents not currently in Epic's possession, custody, or control.  Epic further objects to this Request to the extent it is duplicative of other Requests, including Request No. 21 from Particle's Second Set of Requests.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications from, to, or involving the Interoperability Division, including communications with, from, or involving Dave Fuhrmann, concerning Particle or Epic Payer Platform, including any analyses, assessments, or discussions of Particle as a competitor to Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Epic further objects to this Request on the grounds that it seeks documents beyond the scope of the three narrow topics identified by the Court as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further objects to this Request to the extent it assumes facts that are not accurate or the occurrence of events that did not take place.  Epic further objects to this Request on the grounds that it is vague and

ambiguous, including the phrases "involving" and "Interoperability Division".  Epic further

objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 3

and 9 from Particle's First Set of Requests and Request No. 1 from Particle's Second Set of

Requests.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to identify the division, organizational entity, group of employees, or list of employees within Epic that oversees, develops, or has responsibility for the Epic Payer Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Epic objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not proportional to the needs of the case.  Epic further objects to this Request on the grounds

that that it seeks documents beyond the scope of the three narrow topics identified by the Court

as the proper subject of discovery.  (*See* Dkt. No. 42 at 31; Dkt. No. 47 at 1.)  Epic further

objects to this Request on the grounds that it is vague and ambiguous, including the phrases

"division", "organizational entity", "group of employees", "list of employees", and "oversees,

develops, or has responsibility".  Epic further objects to this Request to the extent it requires Epic

to generate, compile, or develop documents not currently in Epic's possession, custody, or

control.  Epic further objects to this Request to the extent it is duplicative of other Requests,

including Request No. 19 from Particle's Second Set of Requests.

Dated:  November 12, 2025          By:  _Lauren A. Moskowitz_

Lauren A. Moskowitz
Margaret T. Segall
Michael P. Addis
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10011
Telephone:  (212) 474-1000
lmoskowitz@cravath.com
msegall@cravath.com
maddis@cravath.com

*Attorneys for Defendant Epic Systems
Corporation*