# EXHIBIT 7

# CRAVATH

Michael P. Addis
maddis@cravath.com
T+1-212-474-1956
New York

December 12, 2025

Re: <u>Particle Health Inc. v. Epic Systems Corporation</u>, No. 24-cv-07174-NRB (S.D.N.Y.)

Counsel:

   I write on behalf of Epic Systems Corporation ("Epic") in response to Particle Health Inc.'s ("Particle") December 12, 2025 email. Epic does not undertake to correct every mischaracterization in Particle's December 12, 2025 email other than to say that Epic disagrees with a number of Particle's representations and positions.

**I. Epic Search Terms**

   Following weeks of negotiations, Particle has finally agreed to Epic's set of proposed search terms, but now purports to condition that agreement on its request—made for the first time today, December 12, 2025, and with no explanation—that those search terms be applied across a broader date range than the approximately four-year-long date range Epic has agreed to search. (12/12/2025 Email from J. Braun.) Specifically, Particle requests "an enlargement of the time period" by one additional year (*i.e.*, a start date of January 1, 2021 as opposed to January 1, 2022). (*Id.*)

   The deadline to reach impasse regarding search terms for Phase I was December 8, 2025. The parties agreed to continue negotiating the specific issues discussed during the December 8, 2025 meet and confer to determine whether they could avoid an impasse. Particle did not raise any issue about the date range to be applied to Epic's documents during the parties' December 8, 2025 meet and confer, or at any other point since Epic first proposed, on December 2, 2025, the already more than sufficient approximately four-year-long date range to be applied to its documents. (*See* 12/2/2025 Email from M. Vaughn.) For these reasons and because Particle has failed to provide any explanation whatsoever for its request that would justify the additional burden that Particle seeks to impose on Epic, Epic will not agree to the expanded date range and will instead apply the parties' agreed-upon search terms across the date range that Epic has consistently proposed and that Particle has not challenged until today.

**II. Epic Custodians**

   Epic rejects Particle's continued mischaracterization of Epic's extensive efforts to date to identify the individuals who are most likely to have relevant, noncumulative documents related to the Phase I Topics. By Court order, document discovery in Phase I is supposed to be focused, narrow, limited, and expedited. Particle continues to seem intent on trying to turn this into a full-blown fishing expedition far beyond the Court-ordered Phase I Topics.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Particle's latest correspondence outlining a laundry list of questions with a demand for "yes" or "no" answers makes that clear. (*See* 12/12/2025 Email from J. Braun.)  Specifically, Particle demands that Epic confirm whether or not the custodial files of four individuals "contain documents relevant to any of the three Phase I Topics" and whether two of those individuals ever attended any meeting "where Particle's payer platform was discussed in relation to Epic Payer Platform" or "received or sent any documents (including emails, notes, presentations, or meeting materials) discussing Particle's payer platform in relation to Epic Payer Platform".  (*Id.*)  Even if the four individuals that Particle references have documents relevant to the Phase I Topics—which Epic does not concede—whether or not an employee has *any* documents relevant to the Phase I Topics is not the standard for whether such a custodian is proportionate to plenary discovery, let alone Phase I.  Instead, the relevant inquiry even for plenary discovery is whether (i) "the requested custodian is 'likely to have non-cumulative relevant documents'", and (ii) if so, whether the cost and burden would be disproportionate.  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2023 WL 2871090, at *9-10 (S.D.N.Y. Apr. 10, 2023) (Buchwald, J.) (citation omitted).  For all the reasons stated in Epic's prior correspondence on this issue, the four individuals referenced in Particle's December 12, 2025 email—Judy Faulkner, Katie O'Brien, Seth Howard, and Rob Klootwyk[1]—are not appropriate custodians because they are unlikely to have non-cumulative relevant documents and the cost and burden would be disproportionate, given that Epic has already agreed to review non-custodial documents in addition to approximately 58,000 documents across nearly four years for six custodians in Phase I.  (*See* 12/1/2025 Letter from M. Addis at 2; 12/8/2025 Letter from M. Addis at 1-4; 12/11/2025 Letter from M. Addis at 2-3.)

Particle's additional request in its December 12, 2025 email for Epic to describe the steps it took to conduct a reasonable investigation into its identification of appropriate custodians is likewise improper and calls for work product and privileged communications.  Epic declines to engage in discovery on discovery.  *Trs. of Local 854 Pension Fund v. Barrett*, 2024 WL 4026257, at *5 (S.D.N.Y. Sept. 3, 2024) (denying request for discovery into "the steps taken by Plaintiffs in searching for and producing documents and information in response to Defendants' discovery demands" because "such 'discovery on discovery' is disfavored and permitted only upon a showing that responsive documents were withheld or destroyed").

* * *

Epic is available to meet and confer with respect to any issues raised herein on Monday, December 15.

---

[1] As explained in Epic's December 11, 2025 letter, Particle's request to add Mr. Howard as a custodian is untimely.  (*See* 12/11/2025 Letter from M. Addis at 4.)  Particle's request to add Mr. Klootwyk as a custodian is similarly untimely, as Particle did not mention Mr. Klootwyk during the parties' December 8, 2025 meet and confer and has raised a question about him four days after the deadline for impasse and the parties' December 8, 2025 meet and confer.

                                                Sincerely,

                                                */s/ Michael P. Addis*

                                                Michael P. Addis

Adam Wolfson
    Quinn Emanuel Urquhart & Sullivan, LLP
       865 South Figueroa Street, 10th Floor
           Los Angeles, CA 90017-2543

BY EMAIL

3