# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC.<br><br>    *Plaintiff*,<br><br>  v.<br><br>EPIC SYSTEMS CORPORATION<br><br>    *Defendant*. | Case No. 1:24-cv-07174 |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), including Local Rule 33.3(a), Plaintiff Particle Health Inc. ("Plaintiff" or "Particle"), by and through its undersigned counsel, hereby requests that Defendant Epic Systems Corporation ("Defendant" or "Epic") respond to this First Set of Interrogatories, separately and fully, in writing and under oath, within 30 days after service thereof, and in accordance with the definitions and instructions set forth below. These Requests are continuing in nature and impose upon Defendant the obligations stated in Rule 26(e) of the Federal Rules of Civil Procedure.

### DEFINITIONS

  1.  Pursuant to Rule 26.3 of the Local Rules, the Uniform Definitions in Discovery Requests are incorporated herein, including but not limited to the definitions of: Communication; Document; Identify (with respect to persons); Identify (with respect to documents); Parties; Person; and Concerning. For the avoidance of doubt, "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and Local Rule 26.3(c)(2), and it includes,

but is not limited to, the following items regardless of origin or location, whether printed or recorded or filmed or reproduced by any other mechanical or electrical process, or produced by hand, and whether an original, master or copy, namely: originals and non-identical copies of any ESI, papers, books, accounts, writings, graphs, charts, photographs, phonorecords, recordings, compact discs, CD-ROMS, CD-Rs, DVDs, DATs, hard drives, floppy diskettes, other data compilations, intangible things, contracts, letters, correspondence, cable grams, telegrams, telexes, facsimiles, Communications, telephone records and notations, meeting and conference minutes, notations and lists of Persons attending, invoices, work orders, summaries and records of personal conversations or interviews, ledgers, journals and other formal or informal books of record and account, manuals, publications and diaries, notebooks, plans, sketches, drawings, reports or summaries, opinions and reports of consultants, computer data, computer printouts, computer programs, email, text messages, instant messages, tape recordings, video recordings, bulletins, instructions, financial statements, time records, memoranda, notes, pleadings, transcripts of interviews or depositions, copies of reproductions of any of the foregoing upon which notations and writings have been made that do not appear in the originals, and any other information containing writing, paper, or tangible items in Your possession, custody, or control.  Without limiting the foregoing, "Document" includes any copy that differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, margin notes, or any other variations.

    2.      "Action" means the above-captioned case.

    3.      "Particle" and "Plaintiff" refer to Particle Health Inc. and its divisions, subsidiaries, parents, affiliates, predecessors, predecessors-in-interest, successors, and successors-in-interest,

and any current and former employees, agents, advisors, and representatives, as well as any other Persons acting or purporting to act on behalf of the foregoing.

4. "Epic," "Defendant," "You," and "Your" shall refer to Epic Systems Corporation and its divisions, subsidiaries, parents, affiliates, predecessors, predecessors-in-interest, successors, and successors-in-interest, and any current and former employees, agents, advisors, and representatives, as well as any other Persons acting or purporting to act on behalf of the foregoing.

5. "Phase I Topics" shall refer to the topics or issues that the Court enumerated in its September 5, 2025, Order on the Motion to Dismiss, ECF 42, at 31: (i) the definitions of "payer" and "payvider," and whether either or both of the parties' payer platform products have payers and/or payviders as customers; (ii) the exact functions offered by the parties' payer platform products, and specifically the unique characteristics identified by Particle (i.e., retrieval at scale, storage, and analytics); and (iii) the existence of alternative products available to suit payer needs.

6. "Payer" shall refer to any company, government entity, or other entity that regularly pays for healthcare services provided to other Persons, including any entity that offers health insurance, health plans, HMOs, PPOs, or other services that involve payment of healthcare costs on behalf of a patient.

7. "Pay-vider" shall refer to any Payer that offers any service, tool, platform, or product related to the treatment of patients or improvement of patient health, including any service, tool, platform, or product that assists healthcare providers in rendering services to patients.

8. "EHRs" shall refer to electronic health records, electronic medical records, or any other form of healthcare-related patient data that is regularly generated, stored, maintained, edited, or shared using EHR software, including Epic's EHR software.

9. All words not defined in these Definitions or in Local Civil Rule 26.3(c) shall be construed using their plain and ordinary meaning.

10. The above definitions apply regardless of whether the word is capitalized.

## INSTRUCTIONS

11. "Relevant Time Period" shall refer to the period from January 1, 2018 to the present.

12. Each Interrogatory shall be answered separately.

13. In answering these interrogatories, furnish all available information. All available information includes information in the possession, custody, or control of any of Your attorneys, agents, representatives, associates, and Persons under Your control, who have the best knowledge, not merely information known to You based on Your own personal knowledge. If, after exercising due diligence to secure the information requested in a particular interrogatory, You cannot respond completely to an interrogatory, specify the portion of that interrogatory to which You cannot respond completely, explain how the absence of certain information or Documents prevents Your complete answer of the interrogatory, describe the efforts You made to obtain the information or Documents You cannot provide, state what knowledge, information or belief You have concerning the unanswered portion of any such interrogatory, and identify the last known source, location and custodian of such information or Documents.

14. Each interrogatory shall be responded to separately and in full unless it is objected to in good faith, in which event the reasons for any objection shall be stated in detail. If an objection pertains to only a portion of an interrogatory, or a word, phrase or clause contained within it, state the objection with detail to that portion only and respond to the remainder of the interrogatory. No part of any interrogatory shall be left unanswered merely because an objection has been interposed to another part of the interrogatory.

4

15. Each interrogatory is independent, no interrogatory limits the scope of any other interrogatory, and no other interrogatory shall be referred to or relied on for the purpose of limiting its scope except insofar as the interrogatory construed expressly refers to another interrogatory.

16. If You object to the scope or breadth of an interrogatory, answer the portion of the interrogatory that You can answer notwithstanding Your objection.

17. If You assert that any information responsive to any interrogatory is privileged or otherwise protected from discovery, You are required to set forth with particularity and in detail the facts or circumstances upon which You purport to rely in a privilege log, and You shall respond to the interrogatory in full to the extent such response is without the scope of the claimed privilege. The privilege log shall comply with FRCP 26(b)(5) and Local Civil Rule 26.2.

18. If You contend that You do not understand the definition of any term or phrase used in any interrogatory, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and shall answer that part of the interrogatory that You do understand.

19. For purposes of interpreting or construing the scope of these interrogatories, all terms shall be given their most expansive and inclusive interpretation.

20. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

21. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary so that the scope of any request is most inclusive and to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

22. The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each individual known to Epic who has knowledge of information concerning the Phase I Topics, or is or was a custodian of Documents or Communications concerning the Phase I Topics. For each individual state: name; current or last known title and employer; and general subject matter of the information known or Documents and Communications maintained; the approximate time period of involvement; and whether Documents and Communications maintained remain accessible. For the avoidance of doubt, this includes former Epic employees such as Dave Cassel.

### INTERROGATORY NO. 2

Identify and describe by general category all Documents and Communications that Epic believes exist and concern the Phase I Topics, and for each category provide: a general description of the Documents; the location(s) where such Documents are maintained; and, the individual(s), department(s), or team(s) responsible for maintaining them.

### INTERROGATORY NO. 3

Identify and describe by general category all Documents and Communications relating to meetings—whether virtual or in-person, including those held in Judith Faulkner's Epic office in Verona, Wisconsin, some of which we understand are referred to internally as "execution meetings"—concerning the Phase I Topics or at which the Phase I Topics were discussed, including but not limited to agendas, minutes, notes, presentations, audio recordings, audio-visual recordings, AI transcriptions, and for each category identify: the general type of meeting; the custodian(s) of the Documents; and the location(s) where such Documents are maintained.

**INTERROGATORY NO. 4**

State whether Epic has or had possession, custody, or control of any video, audio, or audiovisual or other recording of a meeting held in April 2023 in Ms. Faulkner's office attended by Alan Hutchinson and/or Katie O'Brien and/or Dave Cassel and/or Seth Howard that referenced or concerned Particle and/or Particle payer platform, as a competitor of, substitute to, alternative to, threat to, or having any potential negative effect on: Epic, any Epic product, or any of Epic's competitive or business interests. If so, identify: the general nature of the recording (e.g., video conference recording, internal presentation recording, tape); the individual(s) who are or were custodians of the recording; the location(s) where the recording is or was maintained; whether the recording remains accessible.

**INTERROGATORY NO. 5**

State whether Judith Faulkner has or had possession, custody, or control of any Documents or Communications concerning any of the Phase I Topics, and if, so, identify: the general categories of such Documents and Communications; the location(s) where such Documents and Communications are maintained; whether such Documents and Communications remain accessible.

**INTERROGATORY NO. 6**

State whether Katie O'Brien has or had possession, custody, or control of any Documents or Communications concerning any of the Phase I Topics, and if, so, identify: the general categories of such Documents and Communications; the location(s) where such Documents and Communications are maintained; whether such Documents and Communications remain accessible.

7

**INTERROGATORY NO. 7**

State whether Seth Howard has or had possession, custody, or control of any Documents or Communications concerning any of the Phase I Topics, and if, so, identify: the general categories of such Documents and Communications; the location(s) where such Documents and Communications are maintained; whether such Documents and Communications remain accessible.

**INTERROGATORY NO. 8**

State whether Rob Klootwyk has or had possession, custody, or control of any Documents and Communications concerning any of the Phase I Topics, and if, so, identify: the general categories of such Documents and Communications; the location(s) where such Documents and Communications are maintained; whether such Documents and Communications remain accessible.

**INTERROGATORY NO. 9**

State whether Epic has or had possession, custody, or control of any Documents or Communciations concerning or shared with Rhapsody or the Rhapsody CEO, Sagnik Bhattacharya, concerning Particle and/or Particle payer platform, as a competitor of, or threat to, Epic, including but not limited to meeting materials, analyses, or presentations.  If so, identify: the general categories of such Documents and Communications; the individual(s) who are or were custodians of such Documents and Communications; the location(s) where such Documents and Communications are maintained.

Dated: December 18, 2025          By: */s/ Kathryn D. Bonacorsi*
Adam B. Wolfson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
E-Mail: adamwolfson@quinnemanuel.com

Kathryn D. Bonacorsi
Lauren N. Beck
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue, Ninth Floor
New York, New York 10016
Telephone: (212) 849-7000
E-Mail: kathrynbonacorsi@quinnemanuel.com
E-Mail: laurenbeck@quinnemanuel.com

*Attorneys for Plaintiff Particle Health Inc.*

## **CERTIFICATE OF SERVICE**

I, Jenny Braun, certify that on December 18, 2025 a copy of the foregoing was served on all attorneys of record via email.

*/s/ Jenny Braun*
Jenny Braun