UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EPIC SYSTEMS CORPORATION <br><br> *Defendant*. | Case No.: 1:24-cv-07174-NRB |

**STIPULATED PROTECTIVE ORDER**

  Plaintiff Particle Health Inc. and Defendant Epic Systems Corporation (referred to herein individually as a "Party" or collectively as "Parties"), by and through their undersigned counsel, hereby stipulate and agree that information and/or documents being produced in the above-captioned case (the "Action") may contain confidential and/or proprietary information that should be protected from disclosure. Therefore, it is hereby agreed and ordered as follows concerning confidentiality in this Action:

  1. **<u>Scope and Applicability.</u>**  The Parties and any Non-Parties that disclose or produce information in connection with this Action may produce or disclose certain confidential information subject to the terms of this agreement. This Protective Order is applicable to the Parties, any additional parties joined in this Action, and any Non-Parties subject to this Protective Order and/or otherwise agreeing to be bound by this Protective Order. The protections conferred by this Protective Order cover not only Discovery Material (as defined below), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their Counsel in settings that might reveal Protected Material.

1

2. **Definitions.**

   a. <u>Confidential Information</u>: a Designating Party may, subject to the provisions of this Protective Order, designate as "CONFIDENTIAL" any Discovery Material that it reasonably determines in good faith contains, reflects, or could reveal: (a) proprietary or confidential business information, non-public personal, client, or customer information concerning individuals or other entities; or (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal, state, and/or other applicable laws and regulations.

   b. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel.

   c. <u>Designating Party</u>: any Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   d. <u>Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

   e. <u>Expert</u>: a person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, along with his or her employees and support personnel, and who is not currently an employee of

a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

f. <u>Highly Confidential Information</u>: a Designating Party may, subject to the provisions of this Protective Order, designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Discovery Material that it reasonably determines in good faith contains, reflects, or could reveal: (a) trade secrets or other highly competitive or commercially sensitive proprietary and non-public information that, if disclosed, would likely result in competitive or commercial harm to the Producing Party; (b) material that a Producing Party reasonably determines in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Information; (c) Protected Health Information (as defined below); or (d) sensitive personally identifiable information (*e.g.*, social security numbers).

g. <u>In-House Counsel</u>: attorneys or other personnel employed by a Party to perform legal functions, along with their paralegals and other support personnel assisting them with this Action.

h. <u>Non-Party</u>: any natural person or entity that is not a named party to this Action.

i. <u>Outside Counsel</u>: attorneys that work for a law firm that is counsel of record in this Action, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract

3

staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

j. <u>Party</u>: any party to this Action, including all of its officers, directors, and employees.

k. <u>Producing Party</u>: any Party or Non-Party that produces Discovery Material in this Action as to the Discovery Material it has produced.

l. <u>Professional Vendors</u>: persons or entities who are not employees of a Party but are retained to provide litigation support services (*e.g.*, photocopying, data processing, graphic production, e-discovery, IT support services, professional jury or trial consultants, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving documents or data in any form or medium and their employees and subcontractors) and has signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

m. <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

n. <u>Receiving Party</u>: any Party that receives Discovery Material from a Producing Party.

3. **Designation of Discovery Material.** Any Discovery Material may be designated as confidential information by marking it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Material"). For documents and electronically stored information, such designation shall be made when copies are furnished to a

4

Party conducting discovery or when such documents are otherwise disclosed by a Producing Party. For testimony or hearing transcripts, such designation shall be made pursuant to Paragraph 4. Any such designation that is inadvertently omitted during production may be corrected by the Producing Party reasonably promptly upon discovery of the omission by written notification from the Producing Party to all counsel of record along with a copy of the properly endorsed documents or electronically stored information. When the corrected copy is received, the Receiving Party must immediately destroy or return the original documents or electronically stored information and notify the Producing Party of completion within ten (10) days of receiving the replacement copy. At the reasonable request of a Receiving Party with respect to particular material, documents, items, or communications, and to the extent it is reasonably practical to do so, the Producing Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4.     **Designation of Testimony.**  The Producing Parties may designate testimony at a deposition or hearing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by indicating on the record at the deposition or hearing that the testimony is so designated and subject to the terms of this Protective Order or, alternatively, any Producing Party has a right to have up to twenty-one (21) days after the transcript becomes available to identify the testimony as to which protection is sought and specify the level of protection being asserted. If

designated during the deposition or hearing, the court reporter shall stamp the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein.  Following any deposition or hearing, all Parties agree to treat the entire transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", unless it was designated as "CONFIDENTIAL" during the deposition or hearing (in which case it will remain "CONFIDENTIAL") until the 21-day window for designation following receipt of the transcript has passed.  The use of a document as an exhibit at a deposition or hearing shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be used or disclosed in a deposition or hearing and marked as exhibits consistent with the terms set forth herein.

        5.      **<u>Challenging Confidentiality Designations.</u>**  Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a Party contends that any document has been erroneously or improperly designated or not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the document at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, as applicable, until (a) the Parties and any applicable Producing Parties reach a written agreement or (b) the Court issues an order ruling on the designation.  In the event that a Party disagrees with a Producing Party's designation of any particular document or information as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the objecting Party shall advise counsel for the Producing Party, in writing, of the objection and identify the particular document or item with sufficient specificity to permit identification. Within ten (10) business days of receiving the objection, the Producing Party shall advise whether it will change the designation of the document or item. If this cannot be resolved between the Parties and any applicable Producing Parties, the objecting Party may file a letter to the Court seeking to alter the confidentiality designation and will bear the burden of proof. The protection afforded by this Protective Order shall continue until the Court makes a decision on the motion. Failure of the objecting Party to file a letter within twenty (20) business days of the written objection shall be deemed to constitute a waiver of that objecting Party's challenge to the Producing Party's confidentiality designation only to specific documents or electronically stored information identified in the objecting Party's written objection and not the subject matter.

6. **Use of Protected Material.** Notwithstanding anything to the contrary herein, Protected Material shall be produced and may be used solely for purposes of this Action.

7. **Disclosure of Confidential Information.** Other than upon the prior written consent of the Designating Party or order of the Court, a Receiving Party may only disclose, summarize, describe, characterize or otherwise communicate or make available material designated "CONFIDENTIAL" to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

    a. the Receiving Party's Outside Counsel;

    b. the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with this

       Action or are assisting Counsel in the prosecution or defense of this Action;

c. Experts (as defined in this Protective Order) of the Receiving Party in this Action, provided that before access is given, any such Expert has signed the "Agreement to Be Bound By Protective Order" (Exhibit A) and the same is served upon the Producing Party with a current curriculum vitae of the Expert, which shall contain a list of all cases in which the Expert testified as an expert at trial or by deposition within the past four (4) years, at least ten (10) days before access to the Protected Material is to be given to that Expert. Upon receipt of such disclosure, the Producing Party may within ten (10) days object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert. The Parties agree to promptly confer and use good faith efforts to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d. the Court presiding over this Action and its support personnel;

e. court reporters, videographers, and their respective staff, and Professional Vendors employed in connection with this Action;

  f. the author, addressee, or copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Protective Order or any other obligation of confidentiality;

  g. any current employee of the Designating Party;

  h. any other person agreed to by the Designating Party in writing;

  i. any other person to whom the Court compels disclosure of the Protected Material or to whom disclosure is required by law, subject to the requirements of Paragraph 10 below.

 8. **Disclosure of Highly Confidential Information.** Other than upon the prior written consent of the Designating Party or order of the Court, a Receiving Party may only disclose, summarize, describe, characterize or otherwise communicate or make available material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

  a. the Receiving Party's Outside Counsel;

  b. In House Counsel of the Receiving Party who are not regularly involved in competitive decision-making for the Receiving Party, and to whom disclosure is reasonably necessary because they have responsibility for making decisions dealing directly with this Action;

  c. Experts (as defined in this Protective Order) of the Receiving Party in this Action, provided that any such Expert has signed the "Agreement to Be Bound By Protective Order" (Exhibit A) and the same is served upon the Producing Party with a current curriculum vitae of the Expert, which shall

9

      contain a list of all cases in which the Expert testified as an expert at trial or by deposition within the past four (4) years, at least ten (10) days before access to the Protected Material is to be given to that Expert. Upon receipt of such disclosure, the Producing Party may within ten (10) days object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert. The Parties agree to promptly confer and use good faith efforts to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d. the Court presiding over this Action and its support personnel;

e. court reporters, videographers, and their respective staff, and Professional Vendors employed in connection with this Action;

f. the author, addressee, or copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Protective Order or any other obligation of confidentiality;

g. any current employee of the Designating Party;

h. any other person agreed to by the Designating Party in writing;

       i. any other person to whom the Court compels disclosure of the Protected Material or to whom disclosure is required by law, subject to the requirements of Paragraph 10 below.

9. **<u>Production and Use of Protected Health Information.</u>** The following provisions shall apply to the production, disclosure, transmission, storage, and use of any Protected Health Information ("PHI"), which shall have the same scope and definition as set forth in 45 C.F.R. § 160.103, and includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    a. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), specifically, 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), this Protective Order is a HIPAA qualified protective order, as that term is defined at § 164.512(e)(1)(v). In addition to the foregoing federal laws and regulations, this Protective Order is entered to facilitate compliance with applicable state laws and regulations governing patient privacy and protecting healthcare information.

    b. All Covered Entities who receive or have already received in this Action a discovery request are hereby authorized to disclose PHI to the extent necessary to comply with such a discovery request, provided, however, that nothing in this Protective Order shall require any Covered Entity (or

    Party) to produce PHI (*i.e.*, nothing in this Protective Order shall affect other objections to such a discovery request, such as those unrelated to HIPAA). Authorized uses include disclosure to the Court and support staff, the Parties and the Parties' employees, their Counsel, the Counsel's firms (*i.e.*, attorneys and support staff), the Parties' experts, consultants, mediators, court reporters, videographers, copy services, and e-discovery vendors. Covered Entities may disclose PHI pursuant to this Protective Order to any Party in this Action or to any Party's Counsel without violating the provisions of HIPAA.

c. The Parties shall at all times use reasonable and appropriate physical, technical, and administrative safeguards to protect the privacy, security, integrity, and confidentiality of any PHI disclosed or received in connection with this Action.

d. The Parties may not object to search terms designed to capture potentially relevant documents or information on the basis that the documents or information sought contain PHI protected by HIPAA.

e. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the Parties and their Counsel shall be allowed to use or disclose PHI for this Action, and any appeals, settlement, enforcement, or monitoring that may result. The Parties and their Counsel seeking the PHI may not use such PHI for any other purpose.

f. A Party producing documents of Covered Entities that contain PHI shall first stamp each document containing PHI with the following stamp:

"PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER." Such stamp shall be in addition to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend affixed to such documents pursuant to Paragraphs 3 and 4, as appropriate. If a document marked "PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER" does not also bear a separate confidentiality marking, it shall be treated as though it is also marked "CONFIDENTIAL."

g. Any Party may discuss PHI covered by this Protective Order at a deposition. The Party must request that this portion of the testimony be marked as "PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER" in the deposition transcript. Any Party must comply with the redaction and de-identification requirements of this Protective Order, as referenced in the following paragraph, before filing a deposition or portion of a deposition containing PHI with the Court.

h. If a Party wishes to file a document containing PHI with the Court, it must be filed under seal, following the appropriate procedures to do so in the applicable court. However, any Party may publicly file a pleading or document with the Court that describes, summarizes, or quotes PHI, as long as that Party redacts the name and date of birth (and any other identifying information) of the individual to whom the PHI pertains or the individual's relatives, employers, or household members, and also complies with the de-identification requirements of 45 C.F.R.

13

§164.514(b)(2), and simultaneously files an un-redacted version under seal, and provides a copy of the un-redacted version to the other Parties. Similarly, any Party may publicly file a document containing deidentified information relating to an individual (such as a medical record), as long as that Party redacts the name and date of birth of the individual to whom the information pertains or the individual's relatives, employers, or household members, and also complies with the de-identification requirements of 45 C.F.R. § 164.514(b)(2), and files an un-redacted version under seal, and provides a copy of the un-redacted version to the other Parties.

i. Any Party may use documents containing PHI at trial, an evidentiary or other motion hearing, including but not limited to, introducing them into evidence and asking a witness about their contents. If a Party moves a document containing PHI into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

j. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), any recipient of PHI under this Protective Order must comply with the provisions of Paragraph 16 below ("Final Disposition") with respect to such PHI.

k. If any Party learns that, by inadvertence or otherwise, PHI has been disclosed to or accessed by any person or in any circumstance other than in accordance with this Protective Order, the Party must, not later than ten (10) calendar days after learning of the disclosure or access: (a) notify in writing relevant Parties; (b) if the Party is the one who made the

unauthorized disclosure or access, use its best efforts to retrieve all PHI that was improperly disclosed or mitigate the circumstances that permitted the unauthorized access; (c) inform the person or persons to whom unauthorized disclosures or access were made of all the terms of this Protective Order; and (d) request that such person or persons execute the "Agreement to Be Bound By Protective Order" (Exhibit A) to this Protective Order.

10. **Legal Process.** Any Party who receives a subpoena, court order issued in another litigation, or some other form of legal process or request from any federal or state regulatory or administrative body or agency, legislative body, or self-regulatory organization, seeking the disclosure of information designated in this Action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must promptly: (a) notify the Designating Party and include with that notice a copy of the subpoena, order, or other form of legal process or request promptly upon receipt and shall allow for a period of at least ten (10) days for the Designating Party to object to any production before any production of documents is made; and (b) notify the party that caused the subpoena, order, or other form of legal process or request to issue that some or all of the material requested is the subject of this Protective Order. If the Designating Party timely seeks a protective order, the Party served with the subpoena, order, or other form of legal process or request shall not produce any information designated in this Action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until a court of competent jurisdiction so directs unless the Party has obtained the Designating Party's permission. Notwithstanding anything to the contrary herein, if a governmental body requires nondisclosure of the request for information designated in this Action as

"CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", the Party receiving the request must promptly: (a) notify the party that caused the subpoena, order, or other form of legal process or request to issue that some or all of the material requested is the subject of this Protective Order; and (b) request permission to notify the Designating Party and permit the Designating Party an opportunity to object to any production before any production of documents is made.

11. **Public Disclosure of Protected Material.** Public disclosure of Protected Material, not in violation of this Protective Order, may provide a basis for de-designation through the process set forth in this Protective Order. However, in all events, the actual copies of the documents produced in this case shall remain confidential, regardless of whether versions of those same documents are made public.

12. **Procedures for Disclosing Protected Material**. The Parties shall advise any person permitted access under this Protective Order to the Protected Material produced by another Party or Non-Party of the claimed confidential nature of said documents and information and provide such person with a copy of this Protective Order. Before disclosure is made to any person required to sign the "Agreement to Be Bound By Protective Order" (Exhibit A) pursuant to Paragraphs 7 and 8, such person must sign the acknowledgement attached hereto as Exhibit A stating that they have read this Protective Order and agree to be bound to its terms and provide a copy of such Acknowledgement to counsel for the Party providing access to such documents, which Acknowledgment shall be retained for the duration of this Action.

13. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately

(a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" (Exhibit A).

14. **A Non-Party's Protected Material Sought To Be Produced in This Action.** The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

15. **Filing of Protected Material.** For any filing containing or making reference to documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Parties shall follow the Court's policies and procedures for filing under seal and the filing Party shall be responsible for redacting or moving to seal documents or information contained in its filing that have been designated by any Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

16. **Final Disposition.** Within sixty (60) calendar days of the conclusion of the instant proceeding, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, including all copies, summaries, and excerpts thereof. The Receiving Party's counsel shall certify compliance with this provision in writing. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 17 (Duration).

17. **Duration.** Even after conclusion of the instant proceeding, the confidentiality obligations set forth in this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. "Conclusion of the instant proceeding" shall occur when (i) all claims and defenses in this Action are dismissed after being resolved by settlement or compromise; or (ii) final judgment is entered herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

18. **Miscellaneous.** This Protective Order does not constitute a waiver of any Party's rights to object to discovery on any grounds. Nor does this Protective Order constitute an admission by any Party that any Protected Material in fact contains trade secrets, confidential business information, and/or information in which a Party has a privacy or proprietary right. The Parties enter into this Protective Order on behalf of themselves and any of their successors and assigns, which shall be bound by its terms. This Protective Order may not be changed or modified except by a written instrument signed by authorized representatives of all of the Parties, with express reference to the provisions being modified.

**SO ORDERED.**

Dated: _January 8, 2026_

_____
Honorable Naomi Reice Buchwald
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTICLE HEALTH INC., <br><br> *Plaintiff*, <br><br> v. <br><br> EPIC SYSTEMS CORPORATION <br><br> *Defendant*. | Case No.: 1:24-cv-07174-NRB |

### EXHIBIT A
### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have received a copy of the Protective Order governing the exchange of confidential information in the above-entitled Action. I declare under penalty of perjury that I have carefully read and understand the provisions of the Protective Order governing the non-disclosure of confidential information. I will comply with all provisions of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-entitled Action have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and are therefore confidential under the Protective Order entered by the Court.

I hereby agree that I will not disclose any such designated materials except as authorized by the Protective Order. I further agree not to use any such designated materials for any purpose other than in connection with the above-entitled Action. I also agree that at the conclusion of the instant proceeding, I will either return any such designated materials to the party or attorney from

1

whom I received them, or upon permission of the producing party, destroy such materials and certify same in writing.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the Court for the purpose of enforcing this Agreement and the underlying Protective Order in the above-entitled Action.


Dated: _____                          _____