**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
**adamwolfson@quinnemanuel.com**

March 20, 2026
**VIA ECF**

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

Plaintiff Particle Health, Inc. ("Particle") writes to request permission to file Particle's letter to request a pre-motion conference dated March 20, 2026 (the "Letter," filed concurrently herewith) under seal pursuant to Rule 2(E)(2) of the Court's Individual Practices, the Court's Standing Order Re: Electronic Filing Under Seal in Civil and Miscellaneous Cases (19-MC-00583), and the Court's Electronic Case Filing Rules & Instructions § 6. Particle seeks to redact portions of the Letter describing information that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the parties' protective order (ECF No. 63).

## I.    **STANDARD**

To determine whether sealing is appropriate, courts in the Second Circuit apply the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access. *Id.* at 119–20. Only "[i]f the document is judicial in nature" does "a presumption of access attach[] and the Court must determine the weight to afford this presumption." *K.A. v. City of New York*, 2025 WL 3074080, at *1 (S.D.N.Y. Nov. 3, 2025) (citing *Lugosch*, 435 F.3d at 119) (internal quotations omitted).

Discovery materials are not "judicial documents," and thus do not meet the first prong of the test set forth in *Lugosch*. 435 F.3d at 119 ("item filed must be relevant to the performance of the judicial function and useful in the judicial process" to be a judicial document) (internal quotation omitted); *see also United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013) ("[E]xperience and logic show that there is no right of access to discovery materials …. Because discovery is a private process between the parties to an action[,] … courts generally view the documents or materials shared between them as outside the judicial function and therefore not presumptively accessible."); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (finding that documents exchanged during discovery are not judicial documents).

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Furthermore, a party's interest in preserving competitively sensitive business operations frequently merits sealing. *See, e.g., In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). To this end, courts routinely grant motions to seal documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.*, 2018 WL 739580, at *19 (S.D.N.Y. Jan. 10, 2018); *see also, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding ruling that party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" (citation omitted)); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm," as well as documents that include "business trade secrets" and "confidential employment information, the disclosure of which could affect future contract negotiations").

## II.    **DOCUMENTS PLAINTIFF SEEKS TO SEAL**

Here, the parties have entered into a protective order, approved and entered by the Court on January 8, 2026 (ECF No. 63). The protective order permits any producing party to designate documents produced in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." *Id.* The proposed redactions in the Letter describe documents that have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." These documents—which have been attached to the Letter as Exhibits F, G, H, and I—contain highly sensitive business information that, if publicly disclosed, would cause significant competitive harm to the parties. *See Avocent*, 2012 WL 3114855, at *16 (endorsing sealing of confidential business information). Exhibits C, D, and L likewise discuss and describe the parties' Highly Confidential and Confidential documents in detail and at length.

\*        \*        \*

For the reasons set forth above, Particle respectfully requests the Court to seal the redacted portions of the Letter and Exhibits C, D, F, G, H, I, and L to it.

Respectfully submitted,

*/s/ Adam Wolfson*

Adam Wolfson