# Exhibit J

| | |
|---|---|
| **From:** | Lauren Beck |
| **Sent:** | Friday, December 12, 2025 6:04 PM |
| **To:** | Jenny Braun; Madalyn Vaughn; Jonathan Sarnoff; Lauren Moskowitz; Michael Addis; Nikol Oydanich |
| **Cc:** | Adam Wolfson; Kathryn Bonacorsi; Steven Becker; Johnston Hill |
| **Subject:** | RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs |

Counsel,

We write regarding the remaining issues raised in your December 11, 2025 letter.

**First**, thank you for confirming your agreement with respect to the ESI Order. We will get that filed shortly.

**Second**, with respect to the Protective Order, as we previously communicated, our understanding is that Particle's in-house counsel does not participate in competitive decision making. However, given Epic's expressed concerns, Particle will further investigate and confirm early next week.

**Third**, with respect to messaging data, Particle has confirmed that its employees have historically used Slack. Particle would be willing to run the agreed-upon search terms across messages sent or received by the agreed to custodians if Epic is willing to do the same with respect to its Teams data.

**Fourth**, with respect to Epic's review protocol, Particle is not, as Epic claims, requesting that Epic produce documents in response to earlier served requests that are not presently at issue in this phase of discovery.  However, Particle remains highly concerned that Epic is purporting to make unilateral determinations regarding whether documents are "related" to the Phase 1 Topics, even if such documents are responsive to Particle's requests *regarding the Phase 1 Topics* that Epic has already agreed to respond to.

To the extent this is in fact Epic's intention, Epic's statement that the Court explicitly directed Epic to conduct its document review in this way is false. The Court ordered that discovery be limited to certain topics; it did not give Epic a special license to ignore the Federal Rules. Consistent with the Court's Orders, Particle served RFPs limited to the Phase 1 topics. If Epic disagreed that those RFPs were appropriately limited to documents discoverable at this phase of the case, then the Federal Rules required Epic—as they require every party in every case—to "state with specificity" the reasons and ways in which it believed those requests were improper, and to "specify" the portions of the requests to which it does not intend to respond. Epic did not state for a single one of the requests it agreed to respond to that it intended to withhold any responsive documents returned by the Parties' search protocol. In fact, it said the exact opposite: that it "will perform the Phase 1 Search Protocol *and will produce responsive, non-privileged documents, if any, that it locates through the search*." Epic is bound by that representation.

Epic has pointed to the boilerplate objections it lodged in which it states that it objects to each Request "to the extent" that it seeks documents not related to the Phase 1 Topics. Even if Epic had stated, as required by the Rules, that it intended to withhold documents on the basis of these objections—which it did not do and in fact *explicitly stated* it was not doing—such a limitation would be the exact kind of vague, blanket relevance withholding that courts routinely reject as improper and prejudicial to the requesting party. As the law we cited in our last letter makes clear, a limitation in responding to an RFP cannot simply state that the producing party "will determine what documents are relevant and produce those documents only." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181 (D.D.C. 1998). Instead, an objection must "state with specificity the grounds for objecting to the

1

request, including the reasons," "specify the part" of the request in response to which documents are being withheld, and "permit inspection of the rest." Fed. R. Civ. P. 34(b).

In sum, to the extent Epic has agreed to produce documents in response to Particle's Phase 1 Topics requests, Particle expects that Epic will produce all documents returned by the Parties' search protocol and responsive to those requests, and will not be withholding any documents responsive to Particle's Phase 1 Topics requests except for those specific categories of documents Epic has explicitly identified as being withheld. Please confirm.

**Fifth**, with respect to Epic's proposal on the disputed RFPs, Particle accepts the compromise Epic offers on Particle's RFPs for present purposes, subject to the disagreement noted above with Epic's position that it may unilaterally withhold responsive documents that it deems insufficiently related to the Phase 1 Topics but that are otherwise responsive to Particle's Phase 1 Topics requests that Epic has agreed to respond to. Since this dispute does not relate to search methodologies, Particle reserves the right to re-raise these issues by the March 20 deadline after reviewing Epic's productions. Particle maintains its position with respect to Epic's RFP No. 6.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Jenny Braun <jennybraun@quinnemanuel.com>
**Sent:** Friday, December 12, 2025 1:42 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>; Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Nikol Oydanich <noydanich@cravath.com>
**Cc:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel:

With respect to search terms, Particle agrees to the terms proposed subject to an enlargement of the time period to January 1, 2021.

With respect to custodians, your refusal to provide straightforward representations regarding the proposed custodians at issue remains concerning. It also highlights the concerns we have noted regarding information asymmetry. Without any organizational charts or information on department or business group structure—which Epic has declined to provide, which is unusual in and of itself—we must rely on counsel's diligence and good faith investigation into the appropriate custodians and document repositories. Yet Epic's repeated qualifications and narrow parsing of terms suggest incomplete investigation or withholding of responsive information.

The Court expects the parties to cooperate in identifying custodians. We remain willing to work in good faith to reach agreement, but we need clear information to do so. To avoid motion practice, please provide yes or no answers to the following questions by the end of today:

1.  Do Ms. Faulkner's custodial files contain documents relevant to any of the three Phase I Topics?
2.  Do Ms. O'Brien's custodial files contain documents relevant to any of the three Phase I Topics?
3.  Do Mr. Howard's custodial files contain documents relevant to any of the three Phase I Topics?
4.  Do Mr. Klootwyk's custodial files contain documents relevant to any of the three Phase I topics?
5.  Has Ms. Faulkner attended *any* meeting (whether called an "execution meeting" or otherwise, whether virtual, in-person, or telephonic) where Particle's payer platform was discussed in relation to Epic Payer Platform? As we have explained, we do not know the precise names for Epic's internal meetings (and should not be prejudiced for this).
6.  Has Ms. Faulkner received or sent any documents (including emails, notes, presentations, or meeting materials) discussing Particle's payer platform in relation to Epic Payer Platform?
7.  Has Ms. O'Brien attended *any* meeting (whether called an "execution meeting" or otherwise, whether virtual, in-person, or telephonic) where Particle's payer platform was discussed in relation to Epic Payer Platform?
8.  Has Ms. O'Brien received or sent any documents (including emails, notes, presentations, or meeting materials) discussing Particle's payer platform in relation to Epic Payer Platform?

Additionally:

9.  Please describe the steps taken in Epic's "reasonable investigation" referenced throughout your letter to help us understand the scope of the investigation. We are not seeking privileged information or work product.

If we do not receive clear answers to questions 1-8 and a substantive response to question 9 by EOD today, on Monday we will have to inform the Court that we are at an impasse and move to compel. We will respond to your other inquiries in your December 11 letter as soon as practicable today. Particle also plans to respond to other issues addressed in the December 11 letter concerning Epic's review process, and Particle reserves all rights.

Regards,

Jenny

**Jenny Braun**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7035 Direct
212-849-7000 Main Office Number
917-999-6620 Mobile
212-849-7100 FAX
jennybraun@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Thursday, December 11, 2025 7:44 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Jenny Braun <jennybraun@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

[EXTERNAL EMAIL from mvaughn@cravath.com]



This message needs your attention

• Some Recipients have never replied to this

Counsel:

Please see the attached correspondence.  Also attached is an updated version of Epic's search term hit report that now includes (i) Mr. Bohochik's and Mr. Smith's data, and (ii) the additional search string Particle requested in its December 10, 2025 email.  This final counterproposal does not reflect the additional edits reflected in the document Particle sent on December 10, 2025 which were not in track changes, as we assume those edits were inadvertent.  Please confirm Particle agrees there are no outstanding disputes with respect to Epic's search terms.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Thursday, December 11, 2025 12:50 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Jenny Braun <jennybraun@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

We write to follow up on our email from yesterday and the outstanding questions on the status of Epic's investigation, data ingestion, and hit report. Given the motion to compel deadline on Monday, please let us know as soon as possible when you anticipate being able to provide that information.

In addition, please see attached the hit report referenced yesterday reflecting Epic's 12/9 proposed search terms across the original six custodians, as well as Garrett Montague and Steven Swank. Particle will agree, as a final position, to collect and review the documents that hit on the attached search terms across the 8 custodians with the exception of the edit to the search string below. The below string accounts for approximately one third of the document hits and is bringing in a large amount of noise. In addition, the topic it is designed to cover—the functions of Particle's technology—will largely be covered by central storage documents.  Accordingly, Particle will run this string "w/5" rather than Epic's latest proposed "w/10," to target a narrower and more relevant universe. Please let us know if you agree or if there are any outstanding disputes as to Particle's methodology for the collection of its own documents.

> ("record*" OR "EHR*") w/5 ("Retriev*" OR "pull*" OR "request*" OR "verif*" OR "cover*" OR "at scale" OR "instant*" OR "centraliz*" OR "storage" OR "store*" OR "analytics" OR "analyz*" OR "extract*")

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Lauren Beck
**Sent:** Wednesday, December 10, 2025 3:27 PM
**To:** 'Madalyn Vaughn' <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Jenny Braun <jennybraun@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

As an update, we have finished ingesting the data for Garrett Montague and Steven Swank and are currently running Epic's 12/9 proposed revisions. We hope to have updated hit reports to share by tomorrow.

With respect to the search terms for Epic's documents, as discussed, please see attached a redline with minor revisions to one string. Please promptly provide an updated hit report that reflects these proposed revisions. In addition, can you please provide an update on the progress of ingesting Ryan Bohochik's and Karsten Smith's data? Please also confirm that you will also be running the attached search terms across Mr. Bohochik's and Mr.

Smith's data as requested on the meet and confer. As noted during our meet and confer, it does not make sense to develop, negotiate, and run new search strings specific to these two custodians, particularly after its taken weeks to negotiate the other search strings (and we're not even in agreement yet). Not only is this process inefficient, but it would exclude plainly relevant communications from two key custodians deeply involved in discussions with EPP customers (by your own admission) without any legitimate justification. Indeed, you explained that oftentimes they were in demos of EPP without any other Epic employees, which only highlights the unique and non-duplicative nature of their communications.

Finally, Epic agreed to take back certain questions regarding Ms. Faulkner's and Ms. O'Brien's involvement in EPP, as requested on the meet and confer.

Judith Faulkner – As we explained on the meet and confer, although Ms. Faulkner is Epic's CEO, it is widely reported that she is not the typical executive removed from the granularities of the company's products and communications with customers but rather is involved in every stage of product development, positioning in the market, strategy, and conversations with customers for EPP. In addition to the information we have already provided you regarding our basis for believing Ms. Faulkner is highly relevant here, as just one example, we understand Ms. Faulkner is typically listed as the primary contact in Epic's contracts to receive any notice relevant to Epic's agreements with third parties (including of EPP). Please see the example copied below from an Epic Systems Chart Gateway (Insurance Products) Agreement. Ms. Faulkner is also intimately familiar with EPP's purpose and customer base (i.e. market), as demonstrated by her public statements that half of Epic's health system and medical group customers and seven of the nation's largest payers are connected to EPP, and that EPP has been successful in "reducing denials to getting patients care faster because of automated prior auths." https://www.healthleadersmedia.com/innovation/4-key-takeaways-epic-ugm.

> c. *Notice.*
>
> i. General. No notice required to be provided in this Agreement will be effective unless it is in writing; it is delivered to the other party either by reputable overnight courier; U.S. mail by registered, certified or overnight delivery service, with all postage prepaid and return receipt requested; or by personal delivery; and is addressed to:
>
> If to Epic:
>
> Judith R. Faulkner
> CEO
> Epic Systems Corporation
> 1979 Milky Way

Your December 8 letter did not confirm the level of Ms. Faulkner's involvement in EPP as requested (nor has Epic's counsel provided, as we have requested several times, any further information on the strategy or "execution" meetings we understand she attended where competition with Particle's payer platform was discussed). Please promptly provide an update.

Katie O'Brien – As discussed on the meet and confer, we understand both that Ms. O'Brien was Ms. Faulkner's right-hand person, including for major decisions regarding EPP, and was responsible for negotiating deals regarding EPP with third parties. Indeed, we recently learned from vendors that Ms. O'Brien did indeed negotiate third party deals for Epic. On the meet and confer, we requested that you confirm whether this is the case, and also asked whether Epic currently has a cooperation agreement in place with Ms. O'Brien given her status as a prior employee. Please promptly provide an update.

Seth Howard – In addition to the information we have already provided regarding Mr. Howard's relevance, we have also recently learned that in his role as head of R&D, he had frequent communications with third parties regarding issues with EPP software and functionality. Please investigate and provide an update.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Tuesday, December 9, 2025 5:51 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Jenny Braun <jennybraun@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

==**[EXTERNAL EMAIL from mvaughn@cravath.com]**==

---

Counsel:

As previewed during the parties' December 8, 2025 meet and confer, please see attached Epic's revisions to Particle's search term counterproposal.  Please promptly provide an updated hit report that reflects these proposed revisions.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Sunday, December 7, 2025 11:56 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Jenny Braun <jennybraun@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Please see attached a hit report reflecting Particle's search term counterproposal. Additionally, we are available to meet and confer tomorrow at 5 pm ET. If that time works, we will circulate an invite.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Friday, December 5, 2025 5:34 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Epic will follow up separately in writing in response to the remainder of Particle's December 4, 2025 letter, but with respect to our availability to meet and confer, we can be available on Monday afternoon at a time that works for Particle.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Madalyn Vaughn
**Sent:** Thursday, December 4, 2025 5:17 PM
**To:** 'Lauren Beck' <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <lmoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel:

Please see attached an updated hit report based on the revised terms that Particle proposed.  Epic is similarly in the process of preparing a search term counterproposal that it will provide as soon as possible.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Thursday, December 4, 2025 3:59 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Please see the attached correspondence. Also attached is an updated hit report based on the revised search terms Epic proposed. Particle is in the process of preparing a search term counterproposal that it will provide by tomorrow.

Regarding non-custodial searches, Particle confirms that it will also perform non-custodial searches for documents responsive to Epic's RFPs. Particle intends to perform a reasonable search for non-custodial documents responsive to all of the RFPs for which it has agreed to produce documents. We expect Epic will do so as well.

Regarding the terms used to refer to Particle's product, we conferred with our client on this issue prior to serving our proposed search terms and confirm that the search terms encompass the terms Particle uses to describe its product both internally and externally.

Regarding Epic's proposed additional custodians, we are currently ingesting their documents and will provide a hit report on the numbers of documents added by running search terms across these custodians' materials. Subject to confirmation of hit counts, we are willing to entertain Epic's requests if Epic agrees to compromise on its own

9

proposed custodians. Given that Particle has already agreed to utilize six document custodians while Epic has only agreed to three, we will not add any additional custodians absent compromise from Epic on this issue.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Lauren Beck
**Sent:** Wednesday, December 3, 2025 11:59 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Please see attached Particle's revisions to Epic's proposed search terms. Particle reserves all rights and waives none.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Wednesday, December 3, 2025 9:08 AM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Thanks, Lauren.  In light of your email Epic will similarly provide its proposed revisions by noon ET.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Wednesday, December 3, 2025 8:54 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Particle requires additional time to confer with its client on the revisions to be exchanged today and will provide it's proposed changes by 12pm ET.

Thanks,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any

review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Lauren Beck
**Sent:** Tuesday, December 2, 2025 12:06 PM
**To:** 'Madalyn Vaughn' <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Please see attached Particle's hit report reflecting its proposed search terms for its own documents. These search terms have been run across the following six custodians:

- Jason Prestinario
- Elyse Marr
- Troy Bannister
- Jean Barmash
- Lilly Wellenbach
- Mara Kaufman

Particle reserves all rights and its proposal is made without waiver to Particle's positions regarding relevance and burden and without waiver to its right to modify or object to any terms or custodians.

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Tuesday, December 2, 2025 12:01 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig

<lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Please see attached Epic's search term hit report.  Epic reserves all rights.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Madalyn Vaughn
**Sent:** Tuesday, December 2, 2025 11:49 AM
**To:** 'Lauren Beck' <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <lmoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel:

While Epic remains willing to negotiate and/or consider custodians in good faith, Epic does not agree in advance to collect and search the custodial files of any additional custodian(s) that Particle requests.  Epic agrees to consider any such particular request if and when received.  With this caveat, Epic agrees to the dates and times proposed in Particle's email below, though Epic's position is that the parties should exchange amended hit reports as soon as possible as opposed to delaying an exchange until December 4, 2025 at 6 PM ET if the party receives the hit report from its document vendor before such time.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Tuesday, December 2, 2025 3:26 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill

<johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel,

Particle agrees to Epic's proposed schedule subject to the following revisions.  As reflected below, Particle continues to believe that the identity of custodians needs to be a transparent topic that the parties agree to negotiate in good faith. We have also proposed providing an additional day to run amended terms and/or custodians to allow sufficient processing time.

- **December 2, 2025 at ~~9 AM~~ 12 PM ET**:  Particle and Epic each propose search terms and custodians to run on its own documents, along with information regarding the resulting hit counts (including individual hits and unique hits for each term, along with overall document count)
- **December 3, 2025 at 9 AM ET**:  Parties exchange reasonable set of proposed revisions to each other's proposed search terms and/or custodians
- **December ~~3~~ 4, 2025 at 6 PM ET**:  Parties exchange hit reports for the amended proposed search terms and/or custodians and meet and confer from that point on as necessary

Best,
Lauren

**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Monday, December 1, 2025 10:30 PM
**To:** Lauren Beck <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Please see the attached correspondence and Epic's edits to the draft ESI Order referenced therein.  We also reiterate our request to please confirm that Particle agrees to Epic's proposed schedule for the exchange of search terms outlined in our email below.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Madalyn Vaughn
**Sent:** Monday, December 1, 2025 4:09 PM
**To:** 'Lauren Beck' <laurenbeck@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <lmoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

Counsel:

Please see below Epic's proposed schedule for the exchange of search terms.  We will follow up separately by letter with respect to the remainder of your November 25, 2025 email.

- **December 2, 2025 at 9 AM ET**:  Particle and Epic each propose search terms to run on its own documents, along with information regarding the resulting hit counts (including individual hits and unique hits for each term, along with overall document count)
- **December 3, 2025 at 9 AM ET**:  Parties exchange reasonable set of proposed revisions to each other's proposed search terms
- **December 3, 2025 at 6 PM ET**:  Parties exchange hit reports for the amended proposed search terms and meet and confer from that point on as necessary

Please confirm Particle agrees to this schedule.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Lauren Beck <laurenbeck@quinnemanuel.com>
**Sent:** Tuesday, November 25, 2025 1:06 PM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson

<adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs


Counsel,

Thank you for the productive meet-and-confer yesterday. We write to memorialize our call and follow up on a few issues discussed.

## I.        Search Protocol

As we discussed, we believe it makes sense for the parties to agree to a process for determining search terms and custodians, even if outside of the ESI protocol. Epic indicated it believed that it would be most efficient for the parties to draft the search terms to be run on their own documents in the first instance. As discussed, while we are generally amenable to this as a starting point, the responding party should have an opportunity to propose additions and revisions, which should be run as a matter of course to assess burden.  Below is the process we propose.

1. 11/28 - Particle and Epic each propose search terms and custodians to run on its own documents, along with information on the resulting hit counts (including individual hits and unique hits for each term, along with overall document count)
2. 12/2 - Particle proposes amended or additional search terms and/or custodians to Epic's proposed terms (and vice versa)
3. The parties run and exchange hit reports for the amended proposed search terms and custodians and meet and confer from there.

The parties would complete this process and identify any impasses by 12/8 as provided for in the schedule, so that there is sufficient time to move to compel on the scope of production if needed. As noted on the meet and confer, we believe the parties should agree at the outset to run one another's proposed search term and custodian revisions without waiver to any objections regarding production so that the parties can concretely assess relevance and burden.

## II.        Custodians

As discussed in our initial email and on our call, Particle requests that the parties exchange organization charts identifying personnel and reporting relationships concerning the parties' respective products for payers. Epic indicated it does not possess organization charts but would investigate. We asked Epic to confirm its position and, if charts or other documents reflecting reporting relationships for Epic personnel exist, provide them.

Relatedly, Epic has identified only two individuals—Jim McDermott and Patrick Schenk—as possessing discoverable information. As we noted, neither our client nor the publicly available information indicates that these are the most relevant individuals for assessing the limited issues in this phase. Indeed, our client has not heard of these individuals and we have not been able to verify their involvement in EPP based on our research to date. However, both our client and the publicly available information does indicate that there are additional Epic personnel that possess responsive documents and should also serve as custodians. As you know, Particle has been in regular discussions with Epic for years as its primary competitor, as well as other industry participants and potential clients of EPP, who have provided Particle with information regarding the personnel at Epic involved in EPP. Publicly available information has confirmed this understanding in many instances. While necessarily preliminary, at least the following individuals appear to be highly relevant:

16

- **Judith Faulkner** (Founder and CEO): Ms. Faulkner is widely reported to be involved in operational and product decisions. We further understand from conversations with our client and other industry participants that Ms. Faulkner is the final decision-maker regarding EPP, has been involved throughout the process of its development and marketing, and regularly attends strategy meetings at which Particle's platform has been discussed.
- **Alan Hutchinson** (VP, Population Health & Payer Strategy): We understand that Mr. Hutchinson oversees Payer operations. He has also issued public statements on EPP and market positioning. https://www.beckershospitalreview.com/healthcare-information-technology/ehrs/epic-expands-reach-among-payers-retail-disruptors/. We understand from our client that Mr. Hutchinson is a key person involved in EPP and also understand that Mr. Hutchinson has similarly attended the strategy meetings at which Particle's platform has been discussed.
- **Derek de Young** (R&D, Operational Services/Customer Success): Mr. de Young is reported to be Epic's Payer Platform Lead. https://thisweekhealth.com/news_story/ai-far-from-fixing-prior-authorization-epic-exec-says/. We understand from conversations with our client that Mr. de Young is one of the key individuals involved in EPP.
- **Seth Howard** (VP, R&D): We similarly understand from our client that Mr. Howard is one of the key individuals involved in EPP. He has also made public statements regarding payer technology and platform strategy. https://www.fiercehealthcare.com/health-tech/epic-unveils-major-ai-features-ai-charting-microsoft-cosmos-ai-risk-prediction-and-rcm
- **Rob Klootwyk** (Director of Interoperability): We understand from our client and publicly available sources that Mr. Klootwyk likely possesses knowledge and documents regarding EPP's EHR retrieval functions. He has also made public statements regarding EHR access and interoperability that indicate he likely possesses documents related to, at a minimum, the EHR access and interoperability functions of EPP.
- **Dave Fuhrmann** (Senior VP, Research and Development): Mr. Fuhrmann has been involved in Epic's interoperability products since 2008 and his key role in R&D indicates that he likely possesses documents regarding EPP's EHR retrieval functions. We also understand that Mr. Fuhrmann has been involved in discussions regarding Particle's platform in the strategy meetings referenced above.
- **Katie O'Brien** (Strategic Partnerships and Procurement Oversight): Ms. O'Brien's title expressly includes "strategic partnerships" and we understand she will likely be in possession of documents related to payer partnership agreements. We also understand that Ms. O'Brien is also a participant in the strategy meetings described above.
- **Ladd Wiley** (Head of Public Policy): Reported board member involved in strategic discussions regarding payer platform market strategy.

### III.        Protective Order and ESI Order

Thank you for proposing revisions to the Protective Order and ESI Order. We are amenable to most of Epic's revisions. However, as discussed in the call, we have issues with a few. We have attached versions of the Orders Epic sent with our additional proposed revisions in redline.

First, regarding the Protective Order, we do not agree to allow one non-attorney employee of each party to access information designated Attorneys' Eyes Only. Such access would defeat the purpose of the AEO provision. We also believe that the disclosure of AEO information to in-house attorneys should be limited to in-house attorneys who are not regularly involved in competitive decision-making. It is standard practice in the Second Circuit to have individual in-house attorneys' access turn on this question. *See, e.g.*, *Travel Leaders Group Holdings, LLC v. Thomas*, 2024 WL 2058436, at *1 (S.D.N.Y. May 8, 2024) ("[C]ourts apply a two-step analysis to determine on an individualized basis whether in-house counsel 'has a part in the type of competitive decision-making that would involve the potential use of confidential information.'"); *Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784, at *3 (S.D.N.Y. May 16, 2007) ("Whether it is appropriate for [in-house counsel] to be denied access to [defendant's]

17

'highly confidential' information depends on whether they are involved in competitive decision-making."); *Koninklijke Philips N.V. v. iGuzzini Lighting USA, Ltd*., 311 F.R.D. 80, 83 (S.D.N.Y. 2015) (similar).

Second, regarding the ESI Order, we do not agree with your proposal to omit documents redacted for privilege from the privilege logs produced by the parties. As you know, Epic's proposal strays from standard practice. If Epic is withholding portions of relevant, responsive documents, we are entitled to a privilege log identifying its basis for withholding those portions. Moreover, as discussed, although Epic proposed the idea of a metadata log for such documents based on a burden objection, any burden at this juncture will be minimal given the scope of discovery at this phase. As stated, we are happy to revisit the issue after this phase of discovery but do not believe there is any current burden that would justify omitting attorney explanations for why information is being withheld.

## IV.    Epic's Responses to Our RFPs

In our call, Epic clarified that its current position is that it will not produce any documents in response to RFP Nos. 9, 16, 17, 18, 19, 20, and 21 from Particle's Second Set of Requests for Production. As discussed on the call, each of these RFPs calls for documents that go to the heart of the topics identified by the Court. Epic stated that it would consider Particle's position on these requests and get back to us. When it does so, we request that Epic supplement its responses and objections to our RFPs to identify the boundaries of what it is producing and what it intends to withhold, as required by Rule 34.

We also discussed several RFPs where Epic stated it will limit its productions to non-custodial searches only. As we stated, we believe this limitation is inappropriate for at least some of the RFPs to which Epic has applied it, particularly before search terms have been discussed. Below is a list identifying the RFPs where we believe this limitation is inappropriate:

- **No. 5 (first set)**: All Documents and Communications (including, but not limited to, any presentations, slide decks, or promotional materials) discussing or referring to the features and capabilities of the Epic Payer Platform (or any related Payer offering).
- **No. 2 (second set)**: All Documents and Communications concerning the definition, meaning, or scope of the terms "payer," "payvider," "health plan," "insurance company," "managed care organization," or any other term You use to describe actual or potential customers of the Epic Payer Platform, including any Documents discussing the differences between such customer types.
- **No. 4 (second set)**: All Documents and Communications discussing or referring to the use of the Epic Payer Platform to provide EHRs to Payers for any purpose or use case related to the improvement of patient health, including any provision of EHRs to Payers to "Improve Clinical Outcomes and Quality Scores," as discussed at https://vendorservices.epic.com/Resources/payerplatformoverview/, for "value-based initiatives" or "transact[ing] care-gap data," as discussed at https://www.epic.com/epic/post/trinity-andanthem- sign-new-value-based-epic-partnership/, to "[f]acilitate a care management strategy," as discussed at https://www.prnewswire.com/news-releases/nations-largest-member-owned-healthplan-to-launch-epic-platform-to-improve-patient-and-provider-experience-301078435.html, or to "Close[] care gaps with automated clinical and claims data exchange," as discussed at https://www.epicshare.org/share-and-learn/payer-platform-success-stories.
- **No. 5 (second set)**: Documents sufficient to show any processes You undertake, policies you maintain, or features built into Epic Payer Platform that relate to the amount, nature, and scope of records a customer who obtains medical records through Epic Payer Platform receives.
- **No. 7 (second set)**: All Documents and Communications discussing, referring to, or reflecting any competitive analyses (e.g., Strengths, Weaknesses, Opportunities and Threats ("SWOT")) related to the Epic Payer Platform.
- **No. 12 (second set)**: All Documents and Communications concerning Epic Payer Platform's target market, addressable market, serviceable available market (SAM), total addressable market (TAM), or market sizing, including any calculations, estimates, or analyses of market opportunity.

- **No. 15 (second set)**: All Documents and Communications concerning product roadmaps, development strategies, or feature plans for Epic Payer Platform, including any Documents or Communications discussing planned enhancements to compete with Particle or other competitors.

In addition to the above, we believe our RFP Nos. 9, 16, 17, 18, and 20 from our second set, which are among those Epic is currently objecting to in full, should be included in the custodial search and review process.

## V.        Our Responses to Epic's RFPs

We confirmed that Particle's position is that it will not produce documents responsive to Epic's RFP Nos. 6 or 7. Epic provided its position on these RFPs. As stated, we will consider Epic's statements and report back regarding these RFPs.


Thanks,
Lauren


**Lauren Beck**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7354 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
laurenbeck@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Thursday, November 20, 2025 1:00 PM
**To:** Steven Becker <stevenbecker@quinnemanuel.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Epic is available to meet and confer on Monday, November 24 at 11 a.m. ET.  Let us know if that works for Particle.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001

T+1-212-474-1328
mvaughn@cravath.com

---

**From:** Steven Becker <stevenbecker@quinnemanuel.com>
**Sent:** Tuesday, November 18, 2025 9:12 AM
**To:** Madalyn Vaughn <mvaughn@cravath.com>; Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** RE: Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs


Counsel,

Thank you for your Responses and Objections to Particle's Requests for Production. We would like to schedule a time to meet and confer on Epic's responses and other preliminary discovery matters. Please provide times this week that you are available to meet and confer.

Specifically, we would like to meet and confer on the following topics:

- **Preliminary production of organizational charts and similar documents**: In order to facilitate productive discussion of search terms and custodians, we believe it makes sense for each party to make a preliminary production of organizational charts, job descriptions, and other documents that will be of assistance in identifying search terms and custodian before such discussions take place. We would like to discuss whether Epic is amenable to exchanging such materials on a preliminary basis, and, if so, the timing and content of such productions.

- **RFPs for which Epic has not provided its position**: In response to several of Particle's RFPs, specifically RFP Nos. 9, 16, 17, 18, 19, 20, and 21 from Particle's Second Set of Requests for Production, Epic has not stated whether it will produce responsive documents or if it is withholding responsive documents on the basis of an objection, as required by Rule 34(b)(2) ("An objection must state whether any responsive materials are being withheld on the basis of that objection"). We would like to get clarity on Epic's position as to these RFPs and, to the extent Epic is refusing to produce responsive documents on the basis of an objection, discuss the bases for Epic's refusal. These Requests seek documents which are plainly and unambiguously relevant to the Court-identified topics.

- **Our proposed Protective Order and ESI Protocol**: It has been over a month since we sent you a proposed Protective Order and ESI Protocol. Epic still has yet to provide its position on these documents. These are foundational materials necessary for framing the discovery process, including how the parties will decide upon custodians and search terms. <u>Please provide your position on these documents and your proposed revisions, if any, no later than 24 hours in advance of our meet-and-confer, or by end of day Wednesday, whichever is earlier.</u>

Thank you.

**Steven Becker**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

111 Huntington Ave Suite 520
Boston, MA 02199
617-712-7159 Direct

617.712.7100 Main Office Number
617.712.7200 FAX
stevenbecker@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Madalyn Vaughn <mvaughn@cravath.com>
**Sent:** Wednesday, November 12, 2025 11:44 PM
**To:** Adam Wolfson <adamwolfson@quinnemanuel.com>; Kathryn Bonacorsi <kathrynbonacorsi@quinnemanuel.com>; Lauren Beck <laurenbeck@quinnemanuel.com>; Johnston Hill <johnstonhill@quinnemanuel.com>; Steven Becker <stevenbecker@quinnemanuel.com>
**Cc:** Lauren Moskowitz <LMoskowitz@cravath.com>; Michael Addis <maddis@cravath.com>; Lauren Reisig <lreisig@cravath.com>; Nikol Oydanich <noydanich@cravath.com>; Jonathan Sarnoff <jsarnoff@cravath.com>
**Subject:** Particle Health, Inc. v. Epic Systems Corp. -- Epic's R&Os to Particle's RFPs

**[EXTERNAL EMAIL from mvaughn@cravath.com]**

Counsel:

Please see attached Epic's Responses and Objections to Particle's First Set of Requests for Production (Nos. 3-6 and 9) and Second Set of Requests for Production.

Best,
Madalyn

**Madalyn Vaughn**
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue, New York, NY 10001
T+1-212-474-1328
mvaughn@cravath.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.