# Exhibit K

# CRAVATH

Michael P. Addis
maddis@cravath.com
T+1-212-474-1956
New York

December 15, 2025

Re: <u>Particle Health Inc. v. Epic Systems Corporation</u>, No. 24-cv-07174-NRB (S.D.N.Y.)

Counsel:

I write on behalf of Epic Systems Corporation ("Epic") in response to Particle Health Inc.'s ("Particle") December 12, 2025 email.  Epic does not undertake to correct every mischaracterization in Particle's December 12, 2025 email other than to say that Epic disagrees with a number of Particle's representations and positions.

## I.    Protective Order

We appreciate Particle confirming that it will further investigate whether Particle's in-house counsel is regularly involved in competitive decision-making.  (12/12/2025 Email from L. Beck.)  Please provide this confirmation by no later than 5 p.m. ET tomorrow, December 16.

## II.    Instant Messaging Data

With respect to instant messaging data, Epic's position is that collection and review of additional sources of data at this stage for Phase I raised for the first time at the very end of the parties' negotiations—when Epic has already agreed to review approximately 58,000 custodial documents as well as non-custodial documents—is neither proportionate nor likely to lead to noncumulative information to answer the three "focused", "narrow", and limited" topics at issue in Phase I discovery (the "Phase I Topics")[1].  (Dkt. No. 47 at 1.).  Particle has provided no basis otherwise.  Epic is willing to discuss the mutual collection and production of instant messaging data at a later date should this case proceed past Phase I.

## III.    Epic's Document Review Process

With respect to Particle's purported concerns regarding Epic's document review process—which Particle raised for the first time on December 8, 2025, the deadline for the parties to reach agreement or impasse on search methodologies (*see* 12/11/2025 Letter from M. Addis at 4)—Epic reiterates the Court's "directive that the parties schedule and complete 'focused,' 'narrow,' and 'limited' discovery ***solely*** addressing three issues identified in the Order

---

[1] As Particle knows, the Phase I Topics are "(i) the definitions of 'payer' and 'payvider,' and whether either or both of the parties' payer platform products have payers and/or payviders as customers; (ii) the exact functions offered by the parties' payer platform products, and specifically the unique characteristics identified by Particle (i.e., retrieval at scale, storage, and analytics); and (iii) the existence of alternative products available to suit payer needs". (Dkt. No. 42 at 31.)

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

relating to market definition". (Dkt. No. 47 at 1.) Where, as here, the Court has already delineated the scope of relevance by reference to three Phase I Topics, Epic's objection to producing documents unrelated to those Topics is a far cry from the "vague, blanket relevance withholding" about which Particle complains. (12/12/2025 Email from L. Beck.)

Regardless, Epic does not believe there is a substantive dispute between the parties, as, in answer to your question, Epic is not planning to withhold non-privileged documents responsive to Particle's RFPs that are reviewed as part of the agreed-upon search protocol except for documents referring to Particle or the Carequality dispute with Particle that do not otherwise concern any of the Phase I Topics. To this end, Epic has been expressly clear, including in the parties' first and subsequent meet and confers and in correspondence, that documents that refer to Particle or the Carequality dispute with Particle, that do not otherwise concern any of the Phase I Topics, are irrelevant to the Phase I Topics and will not be produced, even if they would technically be responsive to Particle's RFPs, including RFP No. 9 from Particle's First Set of RFPs (which broadly seeks "All Documents and Communications (including with any third party) discussing or referring to Particle between September 1, 2023 and the present") and RFP Nos. 18 and 20 from Particle's Second Set of RFPs as narrowed in Particle's December 8, 2025 letter (which seek "agendas, minutes, recordings, or other memorializations of meetings held between July 1, 2023 and the present where both (A) Particle was discussed *and* (B) the meeting was attended by Judy Faulkner, Alan Hutchison, Dave Fuhrmann, or Katie O'Brien" and "analyses, reports, or presentations prepared by or for Dave Fuhrmann and discussing or referring to Particle" respectively). (*See, e.g.*, 12/11/2025 Letter from M. Addis at 5.) To date, Particle has not raised any dispute with Epic regarding this position, and Epic does not see how Particle could raise any dispute, given that such documents are clearly outside the scope of the Phase I Topics.

## IV.    Epic's Responses to Particle's RFPs

With respect to the RFPs that Particle refers to as the "disputed RFPs"—which Epic understands to be Particle RFP Nos. 9, 16-18, and 20 from Particle's Second Set of RFPs that Epic initially objected to in full as beyond the scope of the Phase I Topics (*see* 12/1/2025 Letter from M. Addis at 3-4)—Epic clearly outlined in its December 11, 2025 letter the scope of the targeted searches it is willing to conduct as a compromise to resolve all disputes as to these RFPs despite their lack of relevance to the Phase I Topics. (*See* 12/11/2025 Letter from M. Addis at 5-6.) In response, Particle indicates that it "accepts the compromise Epic offers on Particle's RFPs for present purposes, subject to the disagreement noted above with Epic's position that it may unilaterally withhold responsive documents that it deems insufficiently related to the Phase 1 Topics but that are otherwise responsive to Particle's Phase 1 Topics requests that Epic has agreed to respond to". (12/12/2025 Email from L. Beck.) Given Epic's description above of the one category of documents Epic does not intend to produce—namely, documents referring to Particle or the Carequality dispute with Particle that do not otherwise concern any of the Phase I Topics—Epic's understanding is that there is no present dispute regarding these RFPs and that Particle will not be raising any issues regarding these RFPs with the Court. Please confirm.

## V.    Particle's Responses to Epic's RFPs

Epic's RFP No. 6 seeks "Documents sufficient to show which employees of Particle's customers have log-in access to Particle's Payer Platform and how, if at all, such access varies depending on the type of Particle customer employee". While Particle confirmed that it would produce documents responsive to this RFP to the extent such documents are returned by the agreed-upon search terms (*see* 12/8/2025 Letter from A. Wolfson at 5), Particle, without explanation, refuses to search for non-custodial documents responsive to this RFP

notwithstanding that this RFP concerns both (i) whether Particle's products have payers and/or payviders as customers (the requested list may reflect whether employees of the provider or payer-arm have access and therefore which arm is the customer), and (ii) the exact functions offered by Particle's products, including the retrieval function in particular, and how Particle's products differ from Epic Payer Platform. This RFP also seeks the same types of documents that would be responsive to RFP No. 5 from Particle's Second Set of RFPs, which among other things concerns the "amount, nature, and scope of records a customer who obtains medical records through Epic Payer Platform receives". (12/12/2025 Email from L. Beck.) Epic expects that Particle would have non-custodial documents sufficient to address this RFP, in addition to custodial documents that Particle is already reviewing. Particle has provided no basis for the disproportionate burden associated with such a non-custodial search, and Epic does not see how there could be one. Please confirm that Particle will do such a non-custodial search, in addition to reviewing the documents that Particle is already reviewing, to provide documents sufficient to show the information sought by Epic's RFP No. 6. Further, Epic reserves all rights with respect to this RFP, following its review of Particle's production.

* * *

Epic is available to meet and confer with respect to any issues raised herein today, Monday, December 15.

Sincerely,

/s/ *Michael P. Addis*

Michael P. Addis

Adam Wolfson
   Quinn Emanuel Urquhart & Sullivan, LLP
      865 South Figueroa Street, 10th Floor
         Los Angeles, CA 90017-2543

BY EMAIL

3