# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

March 25, 2026

<u>Particle Health Inc. v. Epic Systems Corporation</u>, 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") pursuant to Your Honor's Individual Rule 2(E)(2) to respectfully request leave to file under seal portions of Epic's response to Particle Health Inc.'s ("Particle") March 20, 2026 letter requesting a pre-motion conference (Dkt. No. 66). The aforementioned document has been contemporaneously filed under seal on ECF and electronically related to this letter-motion.

In particular, Epic respectfully requests that the Court order sealing of limited portions of Epic's response letter that quote documents produced by Epic that are designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (Dkt. No. 63), which Particle attached as Exhibits H and I to its pre-motion letter (Dkt. Nos. 66-8, 66-9) and separately sought to seal (*see* Dkt. No. 65). Courts in the Second Circuit apply a three-step test to determine whether sealing is appropriate: (1) "whether the filing is a 'judicial document'"; (2) "the weight of the presumption of access afforded to the document"; and (3) whether any countervailing factors "'legitimately counsel' against public access". *Samsung Elecs. Co., Ltd. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 259 (S.D.N.Y. 2024) (quoting *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *1 (S.D.N.Y. Sept. 21, 2023)).

Here, confidential discovery materials like those referenced in Epic's response letter are not "judicial documents".[1] *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach".); *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 2021 WL 1812199, at *2-3 (S.D.N.Y. May 6, 2021) (stating that "documents passed between parties (or the Court) in discovery" even when assessed "in the context of a discovery motion, such as a motion to compel . . . remain non-judicial"). "Because this information was exchanged through discovery pursuant to the parties' protective order, the presumption of public access to this information is low". *Nichols v. Noom Inc.*, 2021 WL

---

[1] Even if the Court finds that such materials are "judicial documents", "courts in this district, including this one, 'have held that redacting portions of such letter motions that reference "information passed between the parties in discovery" where "the documents referenced have been designated" as confidential under a protective order is appropriate'". *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (cleaned up) (quoting *Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025)); *see also King v. Habib Bank Ltd.*, 2025 WL 212767, at *2-3 (S.D.N.Y. Jan. 16, 2025) (granting motions to seal portions of letter motions and other documents considered "judicial documents" containing confidential information and approving narrowly tailored redactions intended to protect "the parties' privacy and business interests").

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

1812201, at *2 (S.D.N.Y. May 6, 2021).  And the proposed redactions "are narrowly tailored to preserve [Epic's] privacy and business interests".  *Nespresso USA, Inc.*, 2021 WL 1812199, at *3; *see Nichols*, 2021 WL 1812201, at *2-3 (granting motions to seal confidential business information "exchanged in discovery and used in connection with a discovery motion" "pursuant to the parties' protective order" the disclosure of which "could reasonably be expected to competitively harm [the defendant]"); *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *2-3 (S.D.N.Y. Dec. 8, 2025) (approving redactions of confidential information that "pose[d] data security threats if disclosed", "proprietary commercial information", and "discussions with and/or about current or potential business partners regarding strategic decision-making").

Furthermore, Epic's proposed redactions are appropriate where, as here, the information sought to be sealed has been designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (Dkt. No. 63).  *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3 (granting motion to seal and redact portions of a letter motion for a pre-motion conference and related exhibits referencing discovery documents "designated as 'Outside Counsel Eyes Only' or 'Attorneys' Eyes Only' under the parties' protective order"); *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *1-3 (granting motions to seal both judicial and non-judicial documents containing confidential information subject to a protective order).

For all the reasons discussed above, Epic respectfully requests that its letter-motion to seal portions of Epic's response letter be granted.

Respectfully submitted,

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
    United States Courthouse
        500 Pearl St.
            New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF