**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S EMAIL ADDRESS
adamwolfson@quinnemanuel.com

March 26, 2026

<u>**VIA ECF**</u>

The Honorable Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *Particle Health Inc. v. Epic Systems Corporation*, 1:24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Plaintiff Particle Health, Inc. ("Particle") to reply in further support of its Letter for a Pre-Motion Conference concerning Defendant Epic Systems Corporation's ("Epic") failure to produce Particle-related documents. Dkt. 66. Although there are several problems with its argument, Epic's opposition (Dkt. 69) notably dodges or ignores the three key issues outlined in Particle's Letter.

***First***, **Epic's waiver argument ignores its own conduct and Particle's express, unobjected-to preservation of rights until a dispute ripened.** Although Epic devotes half of its three-page opposition to arguing Particle waived this dispute by not raising it by December 15, 2025, Epic ignores its own conduct during the parties' negotiation and that Particle reserved its rights. On December 12, Particle expressly reserved its right to move to compel on this issue "by the March 20 deadline after reviewing Epic's productions." Dkt. 66-10 at 3. On December 15, Epic responded that it "does not believe there is a substantive dispute between the parties." Dkt. 66-11 at 3. Epic did not contend Particle needed to move by December 15 (the day of Epic's letter)—and it certainly never said Particle could not raise this issue down the line by the motion to compel deadline. Epic should know (since the parties negotiated and stipulated to the scheduling order) that the March 20 deadline, for "Motion[s] to Compel re: Written/Document Discovery" (Dkt. 56), exists precisely for disputes like this one, which could not have been evaluated until Epic made its productions and Particle reviewed those productions. Put simply, Epic argued on December 15 there was no ripe issue and now tries to say Particle waived the issue by agreeing with Epic's ripeness argument at the time. That is unfair gamesmanship Epic transparently tries to deflect and have this Court ignore.

***Second***, **Epic does not grapple with the core issue: what it did and did not produce is the result of a black box.** Although Epic contends it "applied search terms as a first screen, and then reviewed the resulting documents for responsiveness," Dkt. 69 at 2, it does not say it ***produced*** all responsive documents and does not contest that it ***withheld*** documents based on its "relevance" determinations. Epic's slippery response underscores Particle's concerns and is why courts do not permit parties to withhold otherwise responsive documents on "relevance" grounds. Epic produced just ***six documents*** out of 1,000+ documents that hit on competition-related search terms paired with "Particle," and there is no mechanism for the Court (or Particle) to assess whether those calls

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

were correct, permissible, or otherwise in keeping with the Federal Rules' low bar for relevance. The two documents Epic produced after Particle raised the issue—one explicitly discussing a customer's adoption of and planned expansion into EPP (Dkt. 66-9), the other explicitly discussing Particle's entry into the payer market (Dkt. 66-8)—demonstrate that whatever screen Epic used to withhold documents based on "relevance" grounds filtered out plainly responsive Phase I material. Epic's response to those examples is to argue they are irrelevant (Dkt. 69 at 3), which only proves the point. Epic, motivated by its interests in avoiding both discovery and liability, is improperly substituting its own judgment on "relevance" for the Court's determinations on scope of discovery and a fact finder's ultimate determination about what documents matter for Particle's claims. At best, Epic is arguing about the proper inference to be drawn from documents that are clearly responsive and relevant (and create a material issue of fact), which underscores why Court intervention is necessary on this dispute.

**_Third_, Epic's claim that "Particle was simply not on Epic's radar" competitively until this litigation, Dkt. 70 at 3, does not square with the record or the search results.** It is ironic that Epic characterizes documents it has neither produced nor shown to either Particle or the Court, and then tries to rely on those unsupported characterizations to justify withholding the very same documents. Epic suggests that the parties' agreed-upon search terms returned mostly noise because words like "start" and "plan" were also included in the search strings. Dkt. 70 at 3 n.4. But Epic tellingly does not support that contention with, for example, a hit count for how many documents include _only_ "start" and "plan," but not also words like "threat," "rival," and "competitor." Moreover, the parties designed the search parameters to target documents about competition and competitive decision-making. There is no dispute Epic collected 1,000+ documents from the files of employees most responsible for EPP's _competitive positioning_ and that it did _not_ search the files of Epic employees who were primarily responsible for the parties' Carequality dispute. There is also no dispute Epic collected these 1000+ documents utilizing terms like "threat," "rival," and "compet[itor]," among others, paired with "Particle." Dkt. 66-2. It beggars belief that such extensive discussions of Particle _among those most responsible for EPP_ would yield only six documents even remotely relevant to this case. Epic has thus not substantiated the position that _99%_ of the collected documents have nothing to do with whether it and Particle compete. Furthermore, Epic has not said that the documents are non-responsive, even though RFP No. 9 just asks for all mentions of Particle, and Epic agreed to produce those documents based on an agreed search methodology. If the bulk of the responsive documents are noise, so be it. But Epic does not get to make the unilateral call that responsive documents are also irrelevant and withhold them on that basis. Indeed, if Epic is right that the parties have no competitive dynamic, then Epic should have no concern producing documents that say that.

For the reasons set forth above and in Particle's Letter (Dkt. 66), Particle respectfully requests a pre-motion conference concerning a motion to compel Epic's Particle-related documents. At a minimum—and given the importance of these documents to the core question of Phase I—Epic's selective withholding should warrant an _in camera_ review by this Court.

Respectfully submitted,

_/s/ Adam B. Wolfson_
Adam B. Wolfson

2