UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PARTICLE HEALTH INC.,

Plaintiff,

vs.

EPIC SYSTEMS CORPORATION,

Defendant.

Civil Action No. 1:24-cv-07174-NRB

---

**STIPULATION AND PROPOSED ORDER REGARDING EXTENSION OF TIME FOR PARTIES TO SUBMIT LETTERS REGARDING PROPOSED NEXT STEPS**

WHEREAS, on November 13, 2025, the Court entered the Parties' proposed schedule for Phase I discovery (Dkt. No. 56 (the "Phase I Scheduling Order")), which included a deadline of April 16, 2026 for the Parties to "Submit Letters re: Proposed Next Steps" following Phase I discovery;

WHEREAS, on April 9, 2026, the Parties held a meet and confer to discuss next steps consistent with the Phase I Scheduling Order, during which counsel for Particle Health Inc. ("Particle") explained it would propose to the Court that the case proceed to full discovery on all of Particle's surviving claims, and it would oppose any contrary proposal by Epic Systems Corporation ("Epic") to proceed instead to partial summary judgment and further would oppose any such motion on the basis of genuine issues of material fact on each of the three questions posed by the Court; and counsel for Epic explained its view that Phase I discovery has revealed clear answers on the three narrow market definition issues that the Court ordered the Parties to complete discovery on and that Epic anticipated that its submission would provide those answers to the Court in the context of proposing appropriate next steps following Phase I discovery;

WHEREAS, on April 13, 2026, counsel for Epic requested that Particle stipulate to a one-week extension of the deadline for the Parties to "Submit Letters re: Proposed Next Steps" to the Court;

WHEREAS, Epic respectfully requests, and Particle does not oppose, a one-week extension of the deadline for the Parties to "Submit Letters re: Proposed Next Steps" following Phase I discovery to allow Epic additional time to assess its proposed next steps including whether to move for partial summary judgment, which is Epic's first request for an extension of any of the deadlines set forth in the Phase I Scheduling Order and will not affect any other deadlines;

WHEREAS, Particle respectfully requests, and Epic does not oppose, that the Court set a page limit of five (5) pages for the Parties' Letters re: Proposed Next Steps following Phase I discovery;

NOW, THEREFORE:

1.    Epic respectfully requests, and Particle does not oppose, that the Court order that the deadline for the Parties to Submit Letters re: Proposed Next Steps following Phase I discovery shall be extended from April 16, 2026 to April 23, 2026; and

2.    Particle respectfully requests, and Epic does not oppose, that the Court order that the page limit for the Parties' Letters re: Proposed Next Steps following Phase I discovery shall be five (5) pages.

Respectfully submitted,

*/s/ Adam B. Wolfson*

Adam B. Wolfson

*Counsel for Plaintiff Particle Health Inc.*

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

*Counsel for Defendant Epic Systems Corporation*

**SO ORDERED:**

Dated: _____

                                                    _____
Honorable Naomi Reice Buchwald
United States District Judge

3