# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PARTICLE HEALTH INC.

        *Plaintiff*,

        v.

EPIC SYSTEMS CORPORATION

        *Defendant*.

---

Case No. 1:24-cv-07174

**RESPONSE TO DEFENDANT'S**
**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 36 ("FRCP") and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Plaintiff Particle Health Inc. ("Particle" or "Plaintiff") hereby responds and objects to Defendant Epic Systems Corporation's ("Epic" or "Defendant") First Set of Requests for Admission (the "Requests" or, individually, a "Request"), served in the above-captioned action ("Action"), without waiving any claims that Particle has or hereafter may assert in the Action.

**GENERAL OBJECTIONS**

Particle makes the following General Objections, whether or not separately set forth in response to each and every Instruction, Definition, and Request. By responding to any of the Requests or failing to specifically refer to or specify any particular General Objection in response to a particular Request, Particle does not waive any of these General Objections, or admit or concede the appropriateness of any Request or any assumptions contained therein. Particle reserves the right to object to further discovery regarding the same subject matter as any Request and to

object to the introduction into evidence of any information or identification of things provided in response to the Requests.

1. Particle objects to these Requests, including their Definitions and Instructions, to the extent they purport to impose upon it obligations beyond those imposed by the FRCP, Local Rules, or any other applicable law.

2. Particle objects to these Requests to the extent they are directed to matters that are not relevant beyond the scope of the three topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.)

3. Particle objects to these Requests to the extent they are vague, ambiguous, overbroad, fail to specify with reasonable particularity the admission sought, or would unreasonably require Particle to speculate as to the nature or scope of the information sought thereby, and thus subject Particle to harassment and undue burden and expense. Particle's response to each Request is subject to its reasonable interpretation of such Request.

4. Particle objects to these Requests to the extent they seek information or identification of things protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, or any other applicable privilege (collectively, "Privileged Information"). Such information or identification of things will not be provided in response to the Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege with respect to such information or identification of things, or of any work product doctrine protections which may attach thereto.

5. Particle objects to these Requests to the extent their scope is not restricted to the time period relevant to the allegations in the Action, or is without reference to a reasonable and relevant time period, as overbroad, unduly burdensome, and not proportional, material and

necessary to the prosecution or defense of the action. Unless otherwise stated in the Request or Particle's specific responses, Particle will respond to each Request with respect to the time period January 1, 2021 to the present.

6.     Particle objects to these Requests to the extent they seek the disclosure of information that either directly or indirectly contains confidential information, trade secrets, proprietary information, sensitive business information, or to the extent they seek information protected from disclosure by law, agreement, or court order.

7.     All information or identification of things provided in response to each and every Request is provided solely for use in the above-captioned Action and for no other purpose.

8.     Particle objects to these Requests to the extent they assume facts that do not exist.

9.     Particle objects generally to these Requests to the extent they purport to require Particle to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Particle states that any Response or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

10.     Particle objects to these Requests as premature to the extent they seek information ahead of the deadlines in this case.

11.     References to the terms defined in the Requests shall not be construed to mean that Particle agrees with those definitions or the Requests' instructions.

12.     As used in the responses and objections below, "including" means "including without limitation" or "including but not limited to."

13.     These Objections shall apply to each of the Requests as if fully set forth therein.

14.     Particle objects to the Requests on the ground that Particle has not completed its factual investigation. Moreover, information or identification of things that may be responsive to the Requests may not yet have been discovered. Accordingly, without in any way obligating itself to do so, and without waiving the objections asserted herein, Particle reserves the right to amend or supplement its responses at the appropriate time.

15.     Particle objects to the definition of "Epic Payer Platform" as improperly vague and insufficiently tailored to the claims and allegations in this Action, including claims and allegations concerning the Epic product which Epic brands, markets, licenses, and refers to as "Epic Payer Platform" both internally within Epic and externally with prospective and actual customers, healthcare providers, regulators, and other entities external to Epic, whether or not Epic markets and licenses it to payers. Subject to and without waiving this objection, Particle will construe "Epic Payer Platform" to mean the product which Epic brands, markets, licenses, and refers to as "Epic Payer Platform."

16.     To the extent any Request uses the term "store," "storage," or "storing" with respect to patient health records or clinical data, Particle objects to those terms as vague and ambiguous. Unless otherwise specified in a particular response, Particle uses "storage" and related terms to refer to a workflow in which Particle facilitates retrieval of records from provider EHRs, delivers those records to the requesting customer, and may retain copies of returned records so they can be centralized, organized, searched, sorted, refreshed, and used within the customer's applications. The underlying patient records and designated record sets remain with the provider EHRs that created and maintain them. Particle does not contend that it replaces the provider EHR as the authoritative repository of the patient record. Particle's use of "storage" and related terms in these responses should be construed consistent with this definition.

4

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Particle facilitates the bidirectional exchange of patient health records only where the primary use case for initial access is treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment."

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle admits that it facilitates bidirectional exchanges of patient health records through the Carequality framework in response to requests made under a treatment permitted purpose. Once records are lawfully obtained for treatment, Particle's customers may use those

5

records for secondary purposes permitted under HIPAA, Carequality rules, and applicable agreements, as described in the Complaint. (See Compl. ¶ 75.)

**REQUEST FOR ADMISSION NO. 2:**

Admit that Particle does not facilitate the bidirectional exchange of patient health records between providers and payers where the primary use case for initial access is not treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle facilitates bidirectional exchange of patient health records in compliance with the rules of the Carequality framework and all applicable laws and regulations. To the extent payers

qualify as payviders offering treatment-related services, Particle facilitates their access to patient health records through applicable exchange networks.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Particle facilitates the exchange of patient health records only where the primary use case for initial access is treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle admits that all requests it facilitates through the Carequality framework are made under a treatment permitted purpose. Once records are lawfully obtained for treatment,

7

Particle's customers may use those records for secondary purposes permitted under HIPAA, Carequality rules, and applicable agreements, as described in the Complaint. (See Compl. ¶ 75.)

**REQUEST FOR ADMISSION NO. 4:**

Admit that Particle does not facilitate the exchange of patient health records where the primary use case for initial access is not treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle admits that all requests it facilitates through the Carequality framework are made under a treatment permitted purpose. Once records are lawfully obtained for treatment,

8

Particle's customers may use those records for secondary purposes permitted under HIPAA, Carequality rules, and applicable agreements, as described in the Complaint. (See Compl. ¶ 75.)

**REQUEST FOR ADMISSION NO. 5:**

Admit that Particle facilitates the retrieval of patient health records "at scale" only where the primary use case for initial access is treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle admits that it facilitates the retrieval of patient health records at scale through the Carequality framework under a treatment permitted purpose of use, in compliance with all

9

applicable laws and regulations. Once records are lawfully obtained for treatment, Particle's customers may use those records for secondary purposes permitted under HIPAA, Carequality rules, and applicable agreements. (See Compl. ¶ 75.)

**REQUEST FOR ADMISSION NO. 6:**

Admit that Particle does not facilitate the retrieval of patient health records "at scale" where the primary use case for initial access is not treatment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request on the grounds that it is vague and ambiguous, including the phrase "primary use case for initial access." Particle further objects to this Request insofar as it calls for a legal conclusion concerning the definition of "treatment." Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle objects to the phrase "primary use case for initial access" as vague and as reflecting Epic's characterization rather than Particle's or the law's. Particle admits that it facilitates the retrieval of patient health records at scale through

the Carequality framework under a treatment permitted purpose of use, in compliance with all applicable laws and regulations. Once records are lawfully obtained for treatment, Particle's customers may use those records for secondary purposes permitted under HIPAA, Carequality rules, and applicable agreements. (See Compl. ¶ 75.)

**REQUEST FOR ADMISSION NO. 7:**

Admit that Particle does not have any payer customer that Particle does not consider to be a payvider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that the payer customers it has served through its payer platform offerings are organizations that provide treatment-related services to their members, which Particle refers to as payviders. Particle does not serve payer customers that lack a treatment-related use case through its payer platform product.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Particle's only payvider customers are Clover Health, LLC ("Clover Health") and Curative MSO LLC ("Curative").

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more

11

convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle serves other customers through which payvider organizations access Particle's platform capabilities. For example, as alleged in the Complaint, Particle has assisted payviders including Blue Cross Blue Shield of Michigan and Blue Shield of California through contracts with payer software vendors acting as those payers' Business Associates (as that term is defined in HIPAA) and which integrate Particle's platform into their offerings. (See Compl. ¶ 10.)

**REQUEST FOR ADMISSION NO. 9:**

Admit that the Particle Insights Platform is a Particle product.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that the Particle Insights Platform is a Particle product.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the Particle Insights Platform is a product that Particle claims competes with Epic Payer Platform.

12

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle claims that its "Signal" product, which includes access to the Particle Insights Platform as a core functionality, competes with Epic Payer Platform.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Particle Insights Platform is a product that Particle claims competes in the Alleged Payer Platform Market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle claims that its "Signal" product, which includes access to the Particle Insights Platform as a core functionality, competes in the Alleged Payer Platform Market.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Particle claims Epic Payer Platform competes in the Alleged Payer Platform Market.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Particle admits that Particle claims Epic Payer Platform competes in the Alleged Payer Platform Market.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the Particle Insights Platform is a product that Particle claims competes with Epic Payer Platform in the Alleged Payer Platform Market.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle denies this Request as drafted. Particle claims that its "Signal" product, which includes access to the Particle Insights Platform as a core functionality, competes with Epic Payer Platform in the Alleged Payer Platform Market.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Particle Insights Platform is the "[c]ore functionality required to connect and access all Particle services."[1]

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to

---

[1] *See* PARTICLE_0065158 at -162.

14

this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that the Particle Insights Platform is included with all Particle services and is the infrastructure through which customers access all Particle services. The Request is otherwise denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the Particle Insights Platform is "[i]ncluded for All Products".[2]

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

---

[2] *Id.*

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that the Particle Insights Platform is included for all products.

**REQUEST FOR ADMISSION NO. 16:**

Admit that all Particle customers are granted access to the Particle Insights Platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that all Particle customers are granted access to the Particle Insights Platform.

**REQUEST FOR ADMISSION NO. 17:**

Admit that all Particle customers can store patient health records or clinical data using the Particle Insights Platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that

Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that its products, including the Particle Insights Platform, enable customers to retrieve clinical data at scale through national interoperability networks and to centralize, organize, search, sort, and retain copies of records returned in response to queries. Particle does not store or maintain providers' authoritative designated record sets. The underlying patient records and designated record sets remain with the provider EHRs that created and maintain them. To the extent "store" in this Request refers to this workflow of retaining and organizing copies of queried records within customer applications, Particle admits this Request. To the extent "store" is intended to suggest that Particle maintains the authoritative patient record or serves as a system of record, Particle denies this Request. Particle's centralization and storage functionality is an integrated component of its broader suite of capabilities and is not a standalone service.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Particle does not market "storage" as a feature of the Particle Insights Platform.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that it does not market "storage" as a standalone feature of the Particle Insights Platform. Particle's products nonetheless provide centralization and storage functionalities as an integrated component of the suite of capabilities available to customers.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Particle does not market "storage" as a feature of any of its products.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request, Particle admits that it does not separately market "storage" as a standalone feature of its products. Particle's products nonetheless provide centralization and storage functionalities as an integrated component of the suite of capabilities available to customers.

**REQUEST FOR ADMISSION NO. 20:**

Admit that one or more of Particle's customers use one or more vendors other than Particle to retrieve patient health records or clinical data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks

18

information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request on the grounds that it is vague and ambiguous because the Request does not specify the type of retrieval, the context in which such retrieval occurs, or the use case, and the Request is therefore too imprecise to admit or deny as drafted. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. To the extent that Particle understands this Request, Particle admits that some Particle customers may use one or more vendors other than Particle to retrieve patient health records or clinical data for purposes or use cases that are distinct from the integrated suite of functionalities provided by Particle's products. Particle's customers who use Particle's products directed at payvider organizations do so because of the unique combination of real-time clinical data retrieval at scale through national interoperability networks, centralized storage, and payvider-tailored analytics that Particle provides as an integrated offering. Particle's understanding is that other vendors do not replicate these capabilities or services in a viable manner for Particle's customers.

**REQUEST FOR ADMISSION NO. 21:**

Admit that one or more of Particle's customers use one or more vendors other than Particle to store patient health records or clinical data.

19

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request on the grounds that it is vague and ambiguous because the Request does not specify the type of storage, the context in which such storage occurs, or the use case, and is therefore too imprecise to admit or deny as drafted. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. To the extent that Particle understands this Request, Particle admits that some of Particle's customers may use one or more other vendors to store patient health records or clinical data for purposes or use cases that are distinct from the integrated suite of functionalities that Particle's products provide. Particle's customers who use Particle's products directed at payvider organizations do so because of the unique combination of real-time clinical data retrieval at scale through national interoperability networks, centralized storage, and payvider-tailored analytics that Particle provides as an integrated offering. Particle's understanding is that other vendors do not replicate these capabilities or services in a viable manner for Particle's customers.

20

**REQUEST FOR ADMISSION NO. 22:**

Admit that one or more of Particle's customers use one or more vendors other than Particle to perform analytics services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request on the grounds that it is vague and ambiguous because the Request does not specify the type of analytics, the context in which such analytics are performed, or the use case, and is therefore too imprecise to admit or deny as drafted. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. To the extent that Particle understands this Request, Particle admits that some of Particle's customers may use other vendors to perform analytics services for purposes or use cases that are distinct from the integrated suite of functionalities provided by Particle's products. Particle's customers who use Particle's products directed at payvider organizations do so because of the

21

unique combination of real-time clinical data retrieval at scale through national interoperability networks, centralized storage, and payvider-tailored analytics that Particle provides as an integrated offering. Particle's understanding is that other vendors do not replicate these capabilities or services in a viable manner for Particle's customers.

**REQUEST FOR ADMISSION NO. 23:**

Admit that one or more of Particle's customers use one or more vendors other than Particle to perform analytics on patient health records or clinical data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request on the grounds that it is vague and ambiguous, and is unreasonably cumulative and duplicative of Request 22. The Request does not specify the type of analytics, the context in which such analytics are performed, or the use case, and is therefore too imprecise to admit or deny as drafted. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

22

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. To the extent that Particle understands the Request, Particle admits that some of Particle's customers may use other vendors to perform analytics services for purposes or use cases that are distinct from the integrated suite of functionalities provided by Particle's products. Particle's customers who use Particle's products directed at payvider organizations do so because of the unique combination of real-time clinical data retrieval at scale through national interoperability networks, centralized storage, and payvider-tailored analytics that Particle provides as an integrated offering. Particle's understanding is that other vendors do not replicate these capabilities or services in a viable manner for Particle's customers.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Clover Health uses one or more vendors other than Particle (e.g., Apixio) to perform analytics services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle states that Particle lacks sufficient knowledge to either admit or deny this Request, and denies it on that basis.

23

**REQUEST FOR ADMISSION NO. 25:**

Admit that Particle did not publicly use the phrase "Particle payer platform" prior to Particle filing the Complaint in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle admits that it did not publicly use the phrase "Particle payer platform" prior to filing the Complaint in this Action. Particle has never marketed or sold a product under the name "Payer Platform." The phrase "payer platform" as used in the Complaint describes a category of product defined by a combination of functionalities, including real-time clinical data retrieval at scale through national interoperability networks, centralization and storage, and payvider-tailored analytics. (See Compl. ¶¶ 53, 55.) Particle publicly marketed and offered products with this combination of functionalities to payvider customers prior to filing the Complaint, using product names such as "Signal" (also previously referred to as "Pulse"), and descriptions such as its "monitoring tool" or "monitoring product." Particle denies this Request to the extent it suggests that Particle did not publicly market or offer payer platform functionality prior to filing the Complaint, or that "payer platform" is not descriptive of a distinct type of product constituting its own relevant product market.

24

**REQUEST FOR ADMISSION NO. 26:**

Admit that Particle did not publicly refer to any of Particle's products as a "payer platform" prior to Particle filing the Complaint in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle admits that it did not publicly refer to any of its products using the specific phrase "payer platform" prior to filing the Complaint in this Action. Particle has never marketed or sold a product under the name "Payer Platform." Particle publicly marketed and offered products with the combination of functionalities that define a payer platform to payvider customers prior to filing the Complaint, using product names such as "Signal" (also previously referred to as "Pulse" or its "monitoring tool" or "monitoring product"). Particle denies this Request to the extent it suggests that Particle did not publicly market or offer payer platform functionality prior to filing the Complaint.

**REQUEST FOR ADMISSION NO. 27:**

Admit that prior to August 2024, Particle did not internally use the phrase "Particle payer platform".

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle admits that it did not internally use the phrase "Particle payer platform" prior to August 2024. Particle has never marketed or sold a product under the name "Payer Platform." Particle has referred to its offerings directed at payvider customers using other terminology, including product names such as "Signal" (also previously referred to as "Pulse"), and descriptions such as its "monitoring tool" or "monitoring product," and has described the capabilities of those products to prospective and existing customers. The phrase "payer platform" as used in the Complaint describes a category of product defined by a combination of functionalities, including real-time clinical data retrieval at scale through national interoperability networks, centralization and storage, and payvider-tailored analytics. (See Compl. ¶¶ 53, 55.) Particle's products have provided this combination of functionalities to payvider customers regardless of the product name used. Particle denies this Request to the extent it suggests that the absence of the specific phrase "Particle payer platform" means Particle did not offer or provide payer platform functionality prior to August 2024, or that "payer platform" is not descriptive of a distinct type of product constituting its own relevant product market.

**REQUEST FOR ADMISSION NO. 28:**

Admit that prior to August 2024, Particle did not refer to any of Particle's products as a "payer platform."

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of Requests 25, 26, and 27, and the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle admits that it did not refer to any of its products using the specific phrase "payer platform" prior to August 2024. Particle has never marketed or sold a product under the name "Payer Platform." Particle has referred to its offerings directed at payvider customers using other terminology, including product names such as "Signal" (also previously referred to as "Pulse" or its "monitoring tool" or "monitoring product"), and has described the capabilities of those products to prospective and existing customers. Particle's products have provided the combination of functionalities that define a payer platform, including real-time clinical data retrieval at scale through national interoperability networks, centralization and storage, and payvider-tailored analytics (see Compl. ¶¶ 53, 55), to payvider customers regardless of the product name used. Particle denies this Request to the extent it suggests that the absence of the specific phrase "payer platform" means Particle did not offer or

27

provide payer platform functionality prior to August 2024, or that "payer platform" is not descriptive of a distinct type of product constituting its own relevant product market.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Particle did not launch the webpage "https://www.particlehealth.com/payers" on its website prior to Particle filing the Complaint in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request on the grounds that it is vague and ambiguous, including as to the meaning of "launch." The particlehealth.com website existed and was publicly accessible well before Particle filed the Complaint in this Action.

Subject to and without waiving the foregoing objections, to the extent Particle understands this Request to ask whether the specific URL "https://www.particlehealth.com/payers" existed as a discrete webpage prior to the filing of the Complaint, Particle admits that this specific URL was created in late summer 2024. Particle denies this Request to the extent it suggests that the content or information found at that URL was not previously available elsewhere on Particle's website or in Particle's public-facing materials prior to the filing of the Complaint.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the content found on the webpage "https://www.particlehealth.com/payers" was not included elsewhere on Particle's website prior to Particle filing the Complaint in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three

narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle objects to this Request as vague and ambiguous as to the meaning of "the content found on the webpage 'https://www.particlehealth.com/payers'".

Subject to and without waiving the foregoing objections, to the extent that Particle understands this Request, Particle admits that an exact facsimile of the webpage did not appear elsewhere on Particle's website under a different URL prior to the filing of the Complaint. The Request is denied inasmuch as much of the content of "https://www.particlehealth.com/payers" appeared elsewhere on Particle's website prior to Particle's filing the Complaint in this Action.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Particle did not publicly announce the release of the Particle Insights Platform prior to Particle filing the Complaint in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.)

Particle admits that the "Particle Insights Platform" was not publicly announced under that brand name prior to Particle filing the Complaint in this Action. Particle denies this Request to the extent that components of the "Particle Insights Platform" were publicly announced and published on Particle's website as early as February 2024.

**REQUEST FOR ADMISSION NO. 32:**

Admit that after filing the Complaint in this Action, Particle's CEO represented to one or more potential investors that Particle's "competition" "[i]n the Payer Market" includes Epic, Datavant, and Moxe.[3]

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle denies that Particle's CEO has represented that Datavant and Moxe are Particle's competition in the payvider space. As far as Particle understands, neither Datavant nor Moxe offers the combination of functionalities and capabilities that characterize the payer platform products offered by Particle and Epic, including the integrated combination of real-time clinical data retrieval at scale through national interoperability networks, centralized storage, and payvider-tailored analytics. Particle also understands that Datavant and Moxe offer distinct services that do not serve as substitutes for Particle's payer platform product. For example, approximately 50% of Datavant queries are retrieved manually via fax. The CEO's reference to "competition" in the context of this investor communication simply

---

[3] *See* PARTICLE_0097720 at -721.

30

reflects an awareness that Datavant and Moxe are large known participants in the basic clinical data retrieval space.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Particle considers Health Gorilla to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, to the extent that Particle understands the Request, Particle admits this Request to the extent that Particle considers Health Gorilla to compete for Particle's customers seeking automatic basic clinical data retrieval. Particle denies that Particle considers Health Gorilla a competitor in the payer platform market. Health Gorilla's offerings do not include a monitoring or intelligence layer and as such are distinct from Particle's payer platform offerings and cannot be used interchangeably for the same purposes as a payer platform.

**REQUEST FOR ADMISSION NO. 34:**

Admit that Health Gorilla competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three

narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request as duplicative with Request 33, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Health Gorilla competes in the payer platform market. Particle admits that Health Gorilla competes for Particle's customers seeking automatic basic clinical data retrieval, but Health Gorilla's offerings do not include a monitoring or intelligence layer and as such are distinct from Particle's payer platform offerings and cannot be used interchangeably for the same purposes as a payer platform.

**REQUEST FOR ADMISSION NO. 35:**

Admit that Particle has lost one or more current or former customers or sales to Health Gorilla.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of

relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle admits that one or more current or former customers have gone to Health Gorilla for the provision of automatic basic clinical data retrieval services. Particle denies that it has lost any payer platform contracts or sales to Health Gorilla.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Particle has lost one or more potential or prospective customers or sales to Health Gorilla.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Health Gorilla, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle admits that one or more potential or prospective customers or sales have gone to Health Gorilla for the provision of automatic basic clinical data retrieval services. Particle denies that one or more potential or prospective payvider customers or payer platform sales have been lost to Health Gorilla.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Particle has engaged or is currently engaging in a marketing campaign specifically targeting current Health Gorilla customers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.

Subject to and without waiving the foregoing objections, Particle denies that it is currently engaging in a marketing campaign specifically targeting current Health Gorilla customers. Particle further denies having engaged in a marketing campaign specifically targeting current Health Gorilla customers for the provision of its payvider-targeted offerings. Particle admits that it

34

previously engaged in a marketing campaign targeting current Health Gorilla customers only for the provision of interoperability and automatic basic clinical data retrieval services.

**REQUEST FOR ADMISSION NO. 38:**

Admit that Particle considers Redox to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Particle considers Redox to be one of its competitors in the payer platform market. Particle's understanding is that Redox does not: aggregate or otherwise provide a longitudinal patient record; offer payvider-focused analytics or care management products; or provide event monitoring infrastructure based on federated queries. Accordingly, a payvider could not substitute Redox's products for the payer platform products offered by Particle or Epic, which are designed to support real-time clinical data access at scale through national interoperability networks.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Redox competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three

narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request as duplicative with Request 38, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Redox competes in the payer platform market. Particle's understanding is that Redox does not: aggregate or otherwise provide a longitudinal patient record; offer payvider-focused analytics or care management products; or provide event monitoring infrastructure based on federated queries. Accordingly, a payvider could not substitute Redox's products for the payer platform products offered by Particle or Epic, which are designed to support real-time clinical data access at scale through national interoperability networks.

**REQUEST FOR ADMISSION NO. 40:**

Admit that Particle has lost one or more current or former customers or sales to Redox.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome

and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle is not aware of any current or former customers or sales lost to Redox. This Request is accordingly denied.

**REQUEST FOR ADMISSION NO. 41:**

Admit that Particle has lost one or more potential or prospective customers or sales to Redox.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale

was lost to Redox, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle is not aware of any such loss, and accordingly denies this Request as drafted.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Particle considers Zus Health to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. As Particle understands it, Zus does not operate a federated querying platform that independently retrieves patient records across national interoperability networks in real time or provide network-based event monitoring or the integrated combination of capabilities that characterize payer platform products offered by Particle and Epic, including real-time clinical data retrieval at scale through national interoperability networks, intelligence-driven event monitoring, and payvider-focused analytics.

**REQUEST FOR ADMISSION NO. 43:**

Admit that Zus Health competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative with Request 42, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies this Request as drafted. As Particle understands it, Zus does not operate a federated querying platform that independently retrieves patient records across national interoperability networks in real time or provide network-based event monitoring or the integrated combination of capabilities that characterize payer platform products offered by Particle and Epic, including real-time clinical data retrieval at scale through national interoperability networks, intelligence-driven event monitoring, and payvider-focused analytics.

**REQUEST FOR ADMISSION NO. 44:**

Admit that Particle has lost one or more current or former customers or sales to Zus Health.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request

for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle admits that one or more current or former customers or sales have gone to Zus for data aggregating services. Particle denies that it has lost any payer platform contracts or sales to Zus.

**REQUEST FOR ADMISSION NO. 45:**

Admit that Particle has lost one or more potential or prospective customers or sales to Zus Health.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this

40

Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Zus, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle admits that it has lost one or more sales to Zus for data aggregating services. Particle denies that it has lost any payer platform contracts or sales to Zus.

**REQUEST FOR ADMISSION NO. 46:**

Admit that Particle considers Metriport to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle admits that it understands Metriport to offer an API-based platform that may be evaluated by certain customers seeking access to longitudinal patient health data in response to queries. Particle denies, however, that Metriport competes in the payer platform market because it does not offer payvider-focused products and Metriport's terms of use generally exclude payer and payvider use cases. Particle also understands that Metriport does not provide the integrated set of capabilities that characterize

41

payer platform products offered by Particle and Epic, including real-time clinical data retrieval at scale through national interoperability networks, network-based event monitoring, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 47:**

Admit that Metriport competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative with Request 46, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle admits that it understands Metriport to offer an API-based platform that may be evaluated by certain customers seeking access to longitudinal patient health data in response to queries. Particle denies, however, that Metriport competes in the payer platform market because it does not offer payvider-focused products and Metriport's terms of use generally exclude payer and payvider use cases. Particle also understands that Metriport does not provide the integrated set of capabilities that characterize payer platform products offered by Particle and Epic, including real-time clinical data retrieval at scale through national interoperability networks, network-based event monitoring, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 48:**

Admit that Particle has lost one or more current or former customers or sales to Metriport.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle admits that one or more current or former customers have gone to Metriport for the provision of API-based clinical data record access services. Particle denies that it has lost any payer platform contracts or sales to Metriport.

**REQUEST FOR ADMISSION NO. 49:**

Admit that Particle has lost one or more potential or prospective customers or sales to Metriport.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Metriport, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle admits that one or more potential or prospective customers or sales have gone to Metriport for the provision of API-based clinical data record access services. Particle denies that it has lost any payer platform contracts or sales to Metriport.

**REQUEST FOR ADMISSION NO. 50:**

Admit that Particle considers Kno2 to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle admits that Kno2 may be evaluated by a limited subset of customers seeking interoperability connectivity solutions including document exchange, secure messaging, and related integration services. Particle denies that Kno2 competes with payer platform products offered by Particle and Epic, because Kno2 does not provide real-time clinical data retrieval through national interoperability networks, intelligence-driven event monitoring, or payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Kno2 competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative

45

with Request 50, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle admits that Kno2 may be evaluated by a limited subset of customers seeking interoperability connectivity solutions including document exchange, secure messaging, and related integration services. Particle denies that Kno2 competes with payer platform products offered by Particle and Epic, because Kno2 does not provide real-time clinical data retrieval through national interoperability networks, intelligence-driven event monitoring, or payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Particle has lost one or more current or former customers or sales to Kno2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

46

Subject to and without waiving the foregoing objections, Particle admits that Particle's former customer XCures ceased doing business with Particle and engaged Kno2 for the provision of basic data retrieval services as a result of Epic's interference with Particle's contractual relationship with XCures. (See Compl. ¶¶ 86-87.) Particle denies that it has lost any payer platform contracts or sales to Kno2.

**REQUEST FOR ADMISSION NO. 53:**

Admit that Particle has lost one or more potential or prospective customers or sales to Kno2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Kno2, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after

47

reasonable inquiry, Particle is not aware of any such loss, and accordingly denies this Request as drafted.

**REQUEST FOR ADMISSION NO. 54:**

Admit that Particle considers 1upHealth to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that 1upHealth competes with Particle in the payer platform market. As Particle understands it, 1upHealth provides interoperability infrastructure designed to help health plans comply with CMS mandates through patient-mediated FHIR APIs, where individual members authorize data sharing from specific providers. Particle's products, by contrast, query HIE networks directly to support on-demand, federated clinical data retrieval and population-level monitoring. Because 1upHealth's offerings are oriented toward regulatory compliance rather than network-based clinical data access and analytics, it is not a substitute for Particle's payer platform products.

**REQUEST FOR ADMISSION NO. 55:**

Admit that 1upHealth competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative with Request 54, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that 1upHealth competes with Particle in the payer platform market. As Particle understands it, 1upHealth provides interoperability infrastructure designed to help health plans comply with CMS mandates through patient-mediated FHIR APIs, where individual members authorize data sharing from specific providers. Particle's products, by contrast, query HIE networks directly to support on-demand, federated clinical data retrieval and population-level monitoring. Because 1upHealth's offerings are oriented toward regulatory compliance rather than network-based clinical data access and analytics, it is not a substitute for Particle's payer platform products.

**REQUEST FOR ADMISSION NO. 56:**

Admit that Particle has lost one or more current or former customers or sales to 1upHealth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks

49

information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies that it has lost any contracts or sales to 1upHealth.

**REQUEST FOR ADMISSION NO. 57:**

Admit that Particle has lost one or more potential or prospective customers or sales to 1upHealth.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this

Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to 1upHealth, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle is not aware of any such loss, and accordingly denies this Request as drafted.

**REQUEST FOR ADMISSION NO. 58:**

Admit that Particle considers Innovaccer to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Innovaccer competes with Particle in the payer platform market. As Particle understands it, Innovaccer provides a healthcare data and analytics platform that aggregates information from data sources with which its customers already have existing relationships. Unlike Particle, Innovaccer does not query national interoperability networks to retrieve new clinical records across unaffiliated providers. While Innovaccer offers clinical alerts, those alerts are generated from data already ingested into its platform rather than from monitoring for new clinical events across such networks.

51

Particle further understands that Innovaccer does not offer the integrated combination of functionalities and capabilities that characterize the payer platform products that Particle and Epic offer, including real-time clinical data retrieval at scale, centralized storage, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 59:**

Admit that Innovaccer competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative with Request 58, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Innovaccer competes with Particle in the payer platform market. As Particle understands it, Innovaccer provides a healthcare data and analytics platform that aggregates information from data sources with which its customers already have existing relationships. Unlike Particle, Innovaccer does not query national interoperability networks to retrieve new clinical records across unaffiliated providers. While Innovaccer offers clinical alerts, those alerts are generated from data already ingested into its platform rather than from monitoring for new clinical events across such networks. Particle further understands that Innovaccer does not offer the integrated combination of functionalities and capabilities that characterize the payer platform products that Particle and Epic

52

offer, including real-time clinical data retrieval at scale, centralized storage, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 60:**

Admit that Particle has lost one or more current or former customers or sales to Innovaccer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies that it has lost any payer platform contracts or sales to Innovaccer.

**REQUEST FOR ADMISSION NO. 61:**

Admit that Particle has lost one or more potential or prospective customers or sales to Innovaccer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Innovaccer, as information about prospective customers' ultimate vendor selections is not entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle is not aware of any such loss, and accordingly denies this Request as drafted.

**REQUEST FOR ADMISSION NO. 62:**

Admit that Particle considers Bamboo to be one of its competitors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the

54

information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Bamboo is a competitor with Particle's payer platform offerings. As Particle understands it, Bamboo primarily provides ADT-based notification services derived from direct facility feeds to support care coordination and related use cases. Particle's Signal product, by contrast, monitors national interoperability networks and applies an intelligence layer to identify and contextualize care transitions, including filtering and deduplication of events. Bamboo does not provide comparable network-based monitoring or the same level of event intelligence. Accordingly, Bamboo does not offer the integrated combination of functionalities and capabilities that characterize the payer platform products that Particle and Epic offer, including real-time clinical data retrieval at scale, centralized storage, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 63:**

Admit that Bamboo competes with Particle.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as duplicative with Request 62, since for both Particle can only answer on the basis of what it considers. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less

burdensome means than a Request for Admission. Particle further objects to this Request to the extent that it seeks a legal conclusion.

Subject to and without waiving the foregoing objections, Particle denies that Bamboo is a competitor with Particle's payer platform offerings. As Particle understands it, Bamboo primarily provides ADT-based notification services derived from direct facility feeds to support care coordination and related use cases. Particle's Signal product, by contrast, monitors national interoperability networks and applies an intelligence layer to identify and contextualize care transitions, including filtering and deduplication of events. Bamboo does not provide comparable network-based monitoring or the same level of event intelligence. Accordingly, Bamboo does not offer the integrated combination of functionalities and capabilities that characterize the payer platform products that Particle and Epic offer, including real-time clinical data retrieval at scale, centralized storage, and payvider-tailored analytics.

**REQUEST FOR ADMISSION NO. 64:**

Admit that Particle has lost one or more current or former customers or sales to Bamboo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of

relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle denies that it has lost any payer platform contracts or sales to Bamboo.

**REQUEST FOR ADMISSION NO. 65:**

Admit that Particle has lost one or more potential or prospective customers or sales to Bamboo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (See Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information regarding every customer, regardless of relevance to the Phase I discovery, across an unlimited time frame. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle lacks sufficient knowledge or information to admit or deny whether any potential or prospective customer or sale was lost to Bamboo, as information about prospective customers' ultimate vendor selections is not

entirely within Particle's custody or control. Based on the information available to Particle after reasonable inquiry, Particle is not aware of any such loss, and accordingly denies this Request as drafted.

**REQUEST FOR ADMISSION NO. 66:**

Admit that Particle is aware of companies other than Epic and Particle that offer services payers may use to retrieve patient health records or clinical data.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle admits that Particle is aware of companies other than Epic and Particle that offer services payers may use to retrieve patient health records or clinical data, but denies that any such company offers a product that is reasonably interchangeable with the payer platform products offered by Particle and Epic, which are characterized by a unique combination of functionalities and capabilities.

**REQUEST FOR ADMISSION NO. 67:**

Admit that Particle is not the only company that facilitates payers' retrieval of patient health records or clinical data from non-Epic providers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Particle incorporates the foregoing General Objections as if fully set forth herein. Particle further objects to this Request to the extent that it seeks information that is available through more convenient and less burdensome means than a Request for Admission. Particle further objects to this Request to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Request as unduly burdensome and disproportionate to the extent it seeks information outside the custody or control of Particle.

Subject to and without waiving the foregoing objections, Particle admits that Particle is not the only company that facilitates payers' retrieval of patient health records or clinical data from non-Epic providers, but denies that any such company offers a product that is reasonably interchangeable with the payer platform products offered by Particle and Epic, which are characterized by a unique combination of functionalities and capabilities.

DATED:    April 2, 2026

By: */s/ Adam B. Wolfson*
Adam B. Wolfson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
E-Mail: adamwolfson@quinnemanuel.com

Kathryn D. Bonacorsi
Lauren N. Beck
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 5th Avenue, Ninth Floor
New York, New York 10016
Telephone: (212) 849-7000
E-Mail: kathrynbonacorsi@quinnemanuel.com
E-Mail: laurenbeck@quinnemanuel.com

*Attorneys for Plaintiff Particle Health Inc.*

## CERTIFICATE OF SERVICE

I, Adam B. Wolfson, certify that on April 2, 2026 a copy of the foregoing was served on all attorneys of record via email.

_/s/ Adam B. Wolfson_
Adam B. Wolfson