# Exhibit 3

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>PARTICLE HEALTH INC.<br><br><i>Plaintiff,</i><br><br>v.<br><br>EPIC SYSTEMS CORPORATION<br><br><i>Defendant.</i></td><td>Civil Action No. 1:24-cv-07174-NRB</td></tr>
</table>

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Particle Health Inc. ("Plaintiff" or "Particle"), by and through its undersigned counsel, hereby provides its Responses and Objections to Defendant Epic Systems Corporation's ("Defendant" or "Epic") First Set of Interrogatories (the "Interrogatories") in the above-captioned action (the "Action").

**GENERAL OBJECTIONS**

Particle makes the following General Objections to the Interrogatories, and incorporates them into its Specific Objections and Responses below, as well as to the Definitions and Instructions set forth in the Interrogatories. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in each response to each Interrogatory, Definition, and Instruction. An assertion of the same, similar, or additional objections in response to a specific Interrogatory, Definition, or Instruction does not waive any of these General Objections as to that or any Interrogatory, Definition, or Instruction. Particle's failure to object to

1

a specific Interrogatory, Definition, or Instruction on a particular ground shall not be construed as a waiver of its right to object on any ground.

1.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they are overbroad, vague, ambiguous, unduly burdensome, fail to describe matters with "reasonable particularity," and seek information that is neither relevant to this Action nor the three narrow topics the Court ordered as the proper subject of Phase I discovery, as noted below, nor reasonably calculated to lead to the discovery of admissible evidence.

2.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they seek to impose burdens or obligations on Particle that are broader than, inconsistent with, or not authorized under the Court's decisions and orders (the "Applicable Orders") identifying the three narrow topics as the proper subject of Phase I discovery.  (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.)  Subject to and without waiving any Objections, Particle will construe the Interrogatories, including the Definitions and Instructions set forth therein, in accordance with the Applicable Orders.

3.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they seek to impose burdens or obligations on Particle that are broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action or Phase I discovery (the "Applicable Rules"). Subject to and without waiving any Objections, Particle will construe the Interrogatories, including the Definitions and Instructions set forth therein, in accordance with the Applicable Rules.

4.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they seek information that falls within the scope of the attorney-client privilege, the work-product doctrine, or any other applicable privilege or

immunity, or that otherwise are exempted from disclosure.  Particle hereby claims such privileges and protections to the extent implicated by the Interrogatories, including the Definitions and Instructions set forth therein, and excludes privileged or protected material from its Responses. Any disclosure of such privileged or protected material in response to the Interrogatories, including the Definitions and Instructions set forth therein, is inadvertent and not intended to waive those privileges and protections.  Specific Objections on the ground of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor shall be interpreted, as evidence that Particle does not object to an Interrogatory on the basis of an applicable privilege, protection, or immunity.

5.      Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they seek confidential information, trade secrets, proprietary information, or sensitive business information protected from disclosure by all applicable laws, agreements, or Court order.  Information provided is solely for use in this Action and subject to the Protective Order entered by the Court.  (*See* Dkt. No. 63.)

6.      Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they purport to require Particle to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Particle states that any Response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, subjective or legal conclusions concerning any of the terms used in the Interrogatories.

7.      Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they require Particle to provide information: (i) beyond that which is known or reasonably available to Particle; (ii) more appropriately sought from other parties equally or better positioned to provide such information; or (iii) already in Epic's

possession, custody, or control, or equally accessible to Epic, available from public sources, or available from Epic's own business records.

8. Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they require an impossible, impracticable, or unreasonable amount of preparation or search to answer them. Particle cannot as a practical matter ensure it has located "all" information responsive to any Interrogatory. Particle will provide information reasonably available to it following a diligent, good-faith investigation.

9. Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, and/or events underlying the Action. Particle further objects to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they assume facts that are not accurate or the occurrence of events that did not take place. Any Response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

10. Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they impose an obligation on Particle to provide information on matters over an undefined time period, because such a time period is overly broad, unduly burdensome, and not proportional to the needs of this Action or Phase I discovery, and the Court has already set an appropriate time period for discovery. (*See* Dkt. No. 64 at 1.) Particle will provide relevant information from January 1, 2021 through the present.

11. Particle's investigation is ongoing and discovery is not complete. Particle reserves all rights under Federal Rule of Civil Procedure 26 and any other applicable laws, rules, and orders of the Court to supplement and amend its responses as necessary.

4

**OBJECTIONS TO DEFINITIONS**

12.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and Definition No. 7 of "Epic" as improperly narrow and artificially limiting the scope of relevant discovery.  This definition excludes Epic's divisions, subsidiaries, affiliates, predecessors, successors, employees, agents, and consultants who possess information directly relevant to Epic Payer Platform's development, marketing, functionality, customer base, and competitive positioning.  Subject to and without waiving this objection, Particle will construe "Epic" to include Epic Systems Corporation and each of its predecessors, successors, divisions, subsidiaries, and affiliates; each other Person directly or indirectly, wholly or in part, owned or controlled by it; each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other Persons acting on its behalf.

13.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and Definition No. 9 of "identify" to the extent it also purports to apply to "any derivative thereof" as impermissibly vague and ambiguous.  Particle also objects to this definition of "identify" to the extent it requires Particle to "provid[e] all information that is known and available to [Particle]" and to "identify each Person to have knowledge with respect to the thing, concept, or event" as overly broad, unduly burdensome, and not proportional to the needs of Phase I discovery.  Subject to and without waiving this objection, Particle will construe "identify" to give it its reasonable, ordinary meaning and will accordingly "identify" Persons, Documents, or things in response to an Interrogatory with enough particularity to satisfy Particle's discovery obligations for Phase I discovery under the Applicable Rules.

14.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and the definition of "Epic Payer Platform" as improperly vague and insufficiently tailored to the claims and allegations in this Action, including claims and allegations concerning the Epic product which Epic brands, markets, licenses, and refers to as "Epic Payer Platform" both internally within Epic and externally with prospective and actual customers, healthcare providers, regulators, and other entities external to Epic, whether or not Epic markets

5

and licenses it to payers.  Subject to and without waiving this objection, Particle will construe "Epic Payer Platform" to mean the product which Epic brands, markets, licenses, and refers to as "Epic Payer Platform."

15.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and to the definition of "Plaintiff," "Particle," "You," and "Your" as overbroad and seeking information beyond Particle's possession, custody, or control.  The definition also improperly extends to "predecessors, successors, divisions, subsidiaries, and affiliates," "current and former employees, agents, consultants, attorneys," and "any other Persons acting on its behalf."  This definition imposes obligations beyond Particle Health Inc. itself and seeks information Particle cannot obtain through reasonable inquiry.  Subject to and without waiving this objection, Particle will construe references to "Particle" to mean Particle Health Inc. only, and will provide information within Particle Health Inc.'s possession, custody, or control after reasonable inquiry.

## OBJECTIONS TO INSTRUCTIONS

16.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and to Instruction No. 1 to the extent it purports to apply a responsive period extending past January 1, 2021 to any Interrogatory as overbroad, unduly burdensome, and inconsistent with the time period for discovery set by the Court.  (*See* Dkt. No. 64 at 1.)  Particle will apply a responsive period of January 1, 2021 through the present for each Interrogatory.

17.    Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and to Instruction No. 7 purporting that Interrogatories seek information "to the fullest extent permitted" and are to be construed to be "inclusive rather than exclusive."  These terms are impermissibly vague and ambiguous.  Subject to and without waiving this objection, Particle will provide responsive information for each Interrogatory proportionate to Particle's discovery obligations for Phase I discovery under the Applicable Rules.

18.     Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and to Instruction No. 9 to the extent that it improperly attempts to circumvent the 25-interrogatory limit under Federal Rule of Civil Procedure 33(a)(1) by purporting to require a separate answer for "each subpart of each Interrogatory."  Particle will construe each discrete subpart of each Interrogatory as counting toward Epic's 25-interrogatory limit and objects to improperly compound Interrogatories that contain discrete subparts requiring separate investigations or responses.  Subject to and without waiving this objection, Particle will respond to Epic's Interrogatories in accordance with its discovery obligations for Phase I discovery under the Applicable Rules.

19.     Particle objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, and to Instruction No. 11 purporting to requires that where an Interrogatory "cannot be answered in full," Particle must answer "as completely as possible" and specify "what efforts were made to ascertain that information."  This instruction improperly extends Particle's obligations beyond providing information within its possession, custody, or control after reasonable inquiry.  The Instruction also appears to require Particle to undertake affirmative investigations beyond reasonable inquiry and to provide detailed explanations of the scope of its search efforts, imposing burdens not contemplated by the Applicable Rules.  Particle is aware of no obligation to conduct exhaustive investigations or to provide a roadmap of its internal search methodology.  Subject to and without waiving this objection, Particle will provide information within its possession, custody, or control identified pursuant to reasonable efforts and in accordance with Particle's discovery obligations for Phase I discovery under the Applicable Rules.

## RESPONSES AND SPECIFIC OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Identify all Documents, Communications, and other evidence You contend reflect, memorialize, and/or demonstrate that, and describe in detail whether and to what extent, "Particle's payer and non-payer customers . . . purchase different products from Particle" (Dkt. No. 28 at 8), and describe in detail any "payer-specific features" that are not also features of Your product(s) purchased by Your non-payer customers (Dkt. No. 42 at 25).

### RESPONSE TO INTERROGATORY NO. 1

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate with respect to information sufficient to identify the products and features that Particle's payer and non-payer customers purchase from Particle insofar as it seeks "all [such] Documents, Communications, and other evidence." Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c). Particle further objects to this Interrogatory on the grounds that it does not define or otherwise assumes factually unsupported or incorrect definitions of "payer" and "non-payer" customers.

8

Particle further objects to this Interrogatory on the grounds that it does not define or otherwise assumes factually unsupported or incorrect definitions of "payer-specific features."

Subject to and without waiving the foregoing objections, Particle responds as follows: Particle markets and sells its Signal product to payers and payviders, which is uniquely designed to address their business needs, including but not limited to retrieval, storage, and analytics that allows for real-time insights into patient interactions across the health care system. Particle markets and sells its Workbench product to non-payers. Furthermore, and pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: Deposition Transcript of J. Prestinario (Rough) at 83:6-97:12; 99:19-100:23; 101:23-107:9; 107:15-112:6; 115:2-116:2; 117:10-118:23; 138:20-140:15; 352:20-353:2; 361:16-363:5; PARTICLE_0062101; PARTICLE_0155698; PARTICLE_0076521; PARTICLE_0155956.

### INTERROGATORY NO. 2

For each current and former Particle customer, identify and describe in detail the Particle product(s) the customer licenses or licensed, whether the licensed product(s) offers all three of the services or functionalities described in Paragraph 55 of the Complaint—namely, "record retrieval", "centralization and storage", and "analytics services" (and if so, whether the customer currently utilizes or has in the past utilized all three such services or functionalities), and how You categorize the customer (*e.g.*, payer, payvider, provider, intermediary, or any other term You use to describe customers).

### RESPONSE TO INTERROGATORY NO. 2

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that

it seeks information that is available through more convenient and less burdensome means than this Interrogatory.  Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.  Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it requires Particle to identify "each current and former Particle customer" without temporal, geographic, or categorial limitation, encompassing customers who may have no relevance whatsoever to the payer platform market or Phase I discovery; every product and license purchased by each of them; and each of their past and present feature usage history.  Particle further objects to this Interrogatory on the grounds that it is not adequately tailored to seek information regarding Particle's product offerings in the payer platform market.  Particle further objects to this Interrogatory on the grounds that it requires Particle to interpret and adopt Epic's purported taxonomy of Particle customer types (payer, payvider, provider, intermediary, and other), and further assumes that Particle categorizes customers using Epic's purported taxonomy.  Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory.  *See* Local Civil Rule 33.3(a)-(c).

Subject to and without waiving the foregoing objections, Particle responds as follows: Particle currently services 10 customers that use Signal, all of which are payviders.  Signal incorporates all three of the services or functionalities described in Paragraph 55 of the Complaint and all users of Signal utilize all three services or functionalities.  Furthermore, and pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle.  Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following:

Deposition Transcript of J. Prestinario (Rough) at 18:4-19:13; 83:6-13; 84:6-85:13; 96:5-12; 106:14-107:13; 112:2-6; 132:12-19; 138:20-140:15; 361:16-363:5.

### INTERROGATORY NO. 3

Identify all Documents, Communications, and other evidence You contend support, reflect, memorialize, and/or demonstrate that "[p]ayers consistently need to utilize all" three of the services or functionalities described in Paragraph 55 of the Complaint—namely, "record retrieval", "centralization and storage", and "analytics"—including but not limited to evidence demonstrating that each current and former customer of Particle in fact utilizes (or utilized) all three of these services or functionalities offered by Particle. (Compl. ¶¶ 55-56.)

### RESPONSE TO INTERROGATORY NO. 3

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it requires Particle to identify "each current and former Particle customer" without temporal, geographic, or categorial limitation, encompassing customers who may have no relevance whatsoever to the payer platform market or Phase I discovery, and each of their past and present feature usage history. Particle further objects to this Interrogatory on the grounds that it is not adequately tailored to seek information regarding Particle's product offerings in the payer platform market. Particle further objects to this

11

Interrogatory on the grounds that it is an untimely contention interrogatory.  *See* Local Civil Rule 33.3(a)-(c).

Subject to and without waiving the foregoing objections, Particle responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle.  Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: Deposition Transcript of J. Prestinario (Rough) at 18:4-19:13; 83:6-13; 84:6-85:13; 96:5-12; 106:14-107:13; 112:2-6; 132:12-19; 138:20-140:15; 361:16-363:5.

### INTERROGATORY NO. 4

Identify and describe in detail the "record retrieval" services or functionalities that You offer to Your customers directly or through provision of Your product(s), including but not limited to the "scale" at which such records can be requested and retrieved, as described in Paragraph 55 of the Complaint, and any "record retrieval" services or functionalities for customers who request records exclusively for non-treatment purposes.

### RESPONSE TO INTERROGATORY NO. 4

Particle incorporates by reference its General Objections as if fully set forth here.  Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery.  (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.)  Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory.  Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources.  Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery.

Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c).

Subject to and without waiving the foregoing objections, Particle responds as follows: Through Signal, Particle is able to simultaneously query thousands of health systems, providers, and health information exchanges across the country in a single federated search such that Particle can pull all available information on a single patient from every connected source at the same time, or can do so across an entire population of patients simultaneously. Through Signal, Particle is also able to continuously query a rostered group of patients, enabling Particle to detect new healthcare events and surface actionable alerts over time. Furthermore, and pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: Deposition Transcript of J. Prestinario (Rough) at 84:6-97:12; PARTICLE_0154740; PARTICLE_0155698.

### INTERROGATORY NO. 5

Identify each product, including but not limited to Your product(s), that You contend competes with Epic Payer Platform and describe in detail the services or functionalities provided by each such product, including but not limited to the basis for Your allegation in Paragraph 55 of the Complaint that Your product(s) provide the three "services" or functionalities of "record retrieval", "centralization and storage", and "analytics".

### RESPONSE TO INTERROGATORY NO. 5

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that

it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c).

Subject to and without waiving the foregoing objections, Particle responds as follows: Particle identifies Signal, which incorporates retrieval at scale, storage, and analytics, as competing with Epic Payer Platform in the payer and payvider market. Particle's customers using Signal also have the option of adding Snapshot, which is not necessary to leverage the retrieval, storage and analytics functions of Signal, but provides an additional layer of analytics. For the avoidance of doubt, Signal's retrieval, storage, and analytics functions include but are not limited to complex processes such as simultaneous and federated searches across thousands of records and points in the health care ecosystem, aggregation and deduplication, and real-time insights and alerts. Furthermore, and pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: Deposition Transcript of J. Prestinario (Rough) at 83:6-97:12; 99:19-100:23; 101:23-107:9; 115:2-116:2.

**INTERROGATORY NO. 6**

Identify all Documents, Communications, and other evidence You contend support, reflect, memorialize, and/or demonstrate that "payer[s] . . . view [Particle's products] as a commercially viable alternative to [Epic Payer Platform]", as alleged in Paragraph 62 of the Complaint, and identify all such payers that You contend hold that view.

14

## RESPONSE TO INTERROGATORY NO. 6

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c). Particle further objects to this Interrogatory on the grounds that it requests information that is outside of Particle's possession, custody, or control, to the extent that it asks for the views of non-Particle entities. Particle further objects to this Interrogatory on the grounds that discovery is ongoing and not all relevant evidence is currently available to it.

Subject to and without waiving the foregoing objections, Particle responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: Deposition Transcript of J. Prestinario (Rough) at 200:9-20; 222:18-223:9; 237:10-239:5; 259:4-7; 364:13-366:14; PARTICLE_0156060; PARTICLE_0155698.

**INTERROGATORY NO. 7**

Describe in detail the basis for Your contention, and identify all Documents, Communications, and other evidence that You contend reflect, that "health insurance companies that do *not* use [Epic Payer Platform] typically have not yet begun to use a payer platform at all, and still obtain their medical records through fax and other manual processes", as alleged in Paragraph 59 of the Complaint, and identify all such health insurance companies.

**RESPONSE TO INTERROGATORY NO. 7**

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c). Particle further objects to this Interrogatory on the grounds that it requests information that is outside of Particle's possession, custody, or control, to the extent that it asks for information regarding non-Particle entities. Particle further objects to this Interrogatory on the grounds that discovery is ongoing and not all relevant evidence is currently available to it.

Subject to and without waiving the foregoing objections, Particle responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle

refers Epic to the documents and testimony produced in this action, including but not limited to the following: EPIC_PARTICLE_00050782; EPIC_PARTICLE_00056334; EPIC_PARTICLE_00056528; EPIC_PARTICLE_00057423; EPIC_PARTICLE_00058317; EPIC_PARTICLE_00062678; EPIC_PARTICLE_00069045; EPIC_PARTICLE_00065362; EPIC_PARTICLE_00066520; EPIC_PARTICLE_00067812; EPIC_PARTICLE_00075058; EPIC_PARTICLE_00082620; PARTICLE_0078124; EPIC_PARTICLE_00081409.

**INTERROGATORY NO. 8**

Identify each and every "service[] and technolog[y] that sought to assist payers with medical records but which could not deliver them quickly and at scale" that You contend Epic "quickly displac[ed]" following the release of Epic Payer Platform in 2021, as alleged in Paragraph 69 of the Complaint, and identify all Documents, Communications, and other evidence You contend reflect, memorialize, and/or demonstrate the same.

**RESPONSE TO INTERROGATORY NO. 8**

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory on the grounds that it is an untimely contention interrogatory. *See* Local Civil Rule 33.3(a)-(c). Particle further objects to this Interrogatory on

the grounds that it requests information that is outside of Particle's possession, custody, or control, to the extent that it asks for information regarding non-Particle entities.

Subject to and without waiving the foregoing objections, Particle responds as follows: pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining the answer to this Interrogatory is substantially the same for Epic as for Particle. Accordingly, Particle refers Epic to the documents and testimony produced in this action, including but not limited to the following: EPIC_PARTICLE_00050782; EPIC_PARTICLE_00056334; EPIC_PARTICLE_00056528; EPIC_PARTICLE_00057423; EPIC_PARTICLE_00058317; EPIC_PARTICLE_00062678; EPIC_PARTICLE_00065362; EPIC_PARTICLE_00066520; EPIC_PARTICLE_00067812; EPIC_PARTICLE_00075058; EPIC_PARTICLE_00082620; PARTICLE_0078124.

### INTERROGATORY NO. 9

To the extent Your responses to Epic's Requests for Admission Nos. 25, 26, 27, or 28 are not unqualified admissions, identify all Documents, Communications, and other evidence You contend support Your response(s) and demonstrate the basis for Your denial(s) or other nonadmission(s).

### RESPONSE TO INTERROGATORY NO. 9

Particle incorporates by reference its General Objections as if fully set forth here. Particle further objects to this Interrogatory to the extent that it seeks information beyond the scope of the three narrow topics identified by the Court as the proper subject of Phase I discovery. (*See* Dkt. No. 42 at 30-31; Dkt. No. 47 at 1.) Particle further objects to this Interrogatory to the extent that it seeks information that is available through more convenient and less burdensome means than this Interrogatory. Particle further objects to this Interrogatory to the extent it is unreasonably cumulative or duplicative of the information that Particle has previously provided to Epic or that could be readily obtained from other sources. Particle further objects to this Interrogatory as

18

premature, overbroad, unduly burdensome, and disproportionate to the needs of Phase I discovery. Particle further objects to this Interrogatory because it contains multiple discrete subparts, with each subpart corresponding to Epic's Request for Admission Nos. 25, 26, 27, and 28, respectively. *See, e.g., Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (interrogatories with multiple subparts not acceptable where "subparts amount essentially to discrete questions in and of themselves").  Accordingly, this Interrogatory constitutes four interrogatories under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving the foregoing objections, Particle responds as follows: Particle has not denied Epic's Requests for Admission Nos. 25, 26, 27, or 28.

Dated:  April 2, 2026

Respectfully Submitted,
QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By:  */s/ Adam B. Wolfson*
　　　Adam B. Wolfson
　　　865 S. Figueroa Street, 10th Floor
　　　Los Angeles, California 90017
　　　(213) 443-3000
　　　adamwolfson@quinnemanuel.com

　　　Kathryn Bonacorsi
　　　Lauren Noelle Beck
　　　51 Madison Avenue, 22nd Floor
　　　New York, New York 10010
　　　(212) 849-7000
　　　kathrynbonacorsi@quinnemanuel.com
　　　laurenbeck@quinnemanuel.com

　　　*Attorneys for Plaintiff Particle Health Inc.*

20

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the above document is being served by electronic mail on April 2, 2026 to the designated counsel of record in the above-captioned action.

/s/ *Adam B. Wolfson*
Adam B. Wolfson

21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PARTICLE HEALTH INC.<br><br>*Plaintiff*,<br><br>v.<br><br>EPIC SYSTEMS CORPORATION<br><br>*Defendant*. | Civil Action No. 1:24-cv-07174-NRB |

**<u>VERIFICATION</u>**

I, Jason Prestinario, declare:

I am the CEO of Particle Health Inc. ("Particle"). I am duly authorized to make this verification on behalf of Particle. I have read Particle's April 2, 2026 Responses and Objections to Epic System Corporation's ("Epic") First Set of Interrogatories (Nos. 1–9), served on March 3, 2026. To the best of my knowledge, information, and belief, as founded upon a reasonable inquiry, the factual statements contained therein are true and correct. I make no statement with respect to any objections or legal positions which have been prepared by counsel.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 2nd day of April, 2026 at New York City, New York.

_____
Jason Prestinario

2

## <u>CERTIFICATE OF SERVICE</u>

I, Adam B. Wolfson, certify that on April 2, 2026, a copy of the foregoing was served on all attorneys of record via email.


 /s/ Adam B. Wolfson
Adam B. Wolfson

2