# CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

June 5, 2026

<u>Particle Health Inc. v. Epic Systems Corporation</u>, 24-cv-07174-NRB (S.D.N.Y.)

Dear Judge Buchwald:

I write on behalf of Epic Systems Corporation ("Epic") pursuant to Your Honor's Individual Rule 2(E)(2) to respectfully request leave to file under seal portions of Epic's letter responding to the questions posed in the Court's May 27, 2026 Order (Dkt. No. 92 at 2) and exhibits appended thereto. The aforementioned documents have been contemporaneously filed under seal on ECF and electronically related to this letter-motion.

In particular, Epic respectfully requests that the Court order sealing of limited portions of Epic's letter and Exhibits 1-4 appended thereto that quote from or reflect documents and testimony provided by Epic or Particle Health, Inc. in the above-captioned case that have been designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (Dkt. No. 63). Courts in the Second Circuit apply a three-step test to determine whether sealing is appropriate: (1) determine whether the filings are "judicial documents"; (2) determine "the weight to be given [to] the presumption of [public] access"; and (3) "balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (citation modified).

Here, confidential discovery materials like those referenced in and appended to Epic's letter are not "judicial documents".[1] *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021) (stating that "documents passed between parties (or the Court) in discovery" "remain non-judicial"). Moreover, "[b]ecause this information was exchanged through discovery pursuant to the parties' protective order, the presumption of public access to this information is low". *Nichols v. Noom Inc.*, 2021 WL 1812201, at *2 (S.D.N.Y. May 6, 2021); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach".). And "the proposed redactions at issue

---

[1] Even if the Court finds that such materials are "judicial documents", "courts in this district, including this one, 'have held that redacting portions of such letter motions that reference "information passed between the parties in discovery" where "the documents referenced have been designated" as confidential under a protective order is appropriate'". *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *2 (S.D.N.Y. Dec. 8, 2025) (citation modified) (quoting *Authors Guild v. OpenAI Inc.*, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025)); *see also King v. Habib Bank Ltd.*, 2025 WL 212767, at *2-3 (S.D.N.Y. Jan. 16, 2025) (granting motions to seal portions of letter motions and other documents considered "judicial documents" containing confidential information and approving narrowly tailored redactions intended to protect "the parties' privacy and business interests"). And, even if the documents in question are "judicial documents", "[b]ecause [they] are not submitted in connection with a dispositive motion but a pre-motion letter, the weight accorded to the presumption of public access is 'not particularly great'". *Johnson v. Esports Ent. Grp., Inc.*, 2023 WL 6035668, at *2 (S.D.N.Y. Sep. 14, 2023) (citation omitted).

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

in this letter-motion are narrowly tailored to preserve the parties' privacy and business interests". *Nespresso USA, Inc.*, 2021 WL 1812199, at *3; *see also Nichols*, 2021 WL 1812201, at *2-3 (granting motions to seal confidential business information "exchanged in discovery" "pursuant to the parties' protective order" the disclosure of which "could reasonably be expected to competitively harm [the defendant]"); *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *2-3 (S.D.N.Y. Dec. 8, 2025) (approving redactions of confidential information that "pose[d] data security threats if disclosed", "proprietary commercial information", and "discussions with and/or about current or potential business partners regarding strategic decision-making"). This same analysis applies to the deposition transcripts that contain confidential business information that Epic seeks to file under seal. *See, e.g.*, *Johnson v. Esports Ent. Grp., Inc.*, 2023 WL 6035668, at *2 (S.D.N.Y. Sep. 14, 2023) (granting motion to seal portions of Rule 30(b)(6) deposition transcript "filed in connection with a letter motion to request leave to file a motion for summary judgment" because the transcript contained "sensitive business information").

Furthermore, Epic's proposed redactions are appropriate where, as here, the information sought to be sealed has been designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order (Dkt. No. 63). *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3 (granting motion to seal and redact portions of a letter motion for a pre-motion conference and related exhibits referencing discovery documents "designated as 'Outside Counsel Eyes Only' or 'Attorneys' Eyes Only' under the parties' protective order"); *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 3526416, at *1-3 (granting motions to seal both judicial and non-judicial documents containing confidential information subject to a protective order).

For all the reasons discussed above, Epic respectfully requests that its letter-motion to seal portions of Epic's letter and exhibits appended thereto be granted.

Respectfully submitted,

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

The Honorable Naomi Reice Buchwald
   United States Courthouse
      500 Pearl St.
         New York, NY 10007-1312

Copies To:

All Counsel of Record

BY ECF