# Exhibit A

CRAVATH

Lauren A. Moskowitz
lmoskowitz@cravath.com
T+1-212-474-1648
New York

September 21, 2026

Re: Particle Health Inc. v. Epic Systems Corporation, No. 24-cv-07174-NRB (S.D.N.Y.)

Counsel:

I write on behalf of Epic Systems Corporation ("Epic") in response to Particle Health Inc.'s ("Particle") September 17, 2026 email regarding Particle's proposed schedule.

## I. Particle Fails To Account for the Broader Scope of Discovery in Phase II

Particle claims that Epic's proposed schedule is "unnecessarily delayed" and "inconsistent" with the Court's September 3, 2026 order directing the parties to "submit a proposed schedule concluding fact and expert discovery" (Dkt. No. 101). (*See* 9/17/2026 Email from J. Braun.) Quoting Particle, the Court stated that "Particle has represented to the Court that it 'anticipates a short fact and expert discovery' that can be completed 'efficiently'", and stated that the "proposed schedule should accord with these representations". (Dkt. No. 101 (quoting Dkt. Nos. 80 at 5, 95 at 3).) The Court was holding *Particle* to its own representations. Particle misconstrues the Court's directive and improperly attempts to impose a ceiling on the discovery to which Epic is entitled for its defenses.

Phase I discovery was "'focused,' 'narrow,' and 'limited' . . . [,] solely addressing three issues identified in the Order relating to market definition" (Dkt. No. 47 at 1 (citing Dkt. No. 42 at 30-31, 69)), and the parties' search parameters were calibrated accordingly to that narrow scope. But as Particle has previously conceded as being necessary (*see* Dkt. No. 94 at 3), Phase II discovery must encompass not only the broader, full scope of market definition—including competitive dynamics, customer perceptions of substitutability, barriers to entry, customer switching, win/loss data, and pricing—but also discovery related to Particle's allegations of "exclusionary conduct[,] anticompetitive effects in the market[,] market power[,] and Epic's intent and knowledge regarding its competitive position", as well as discovery on Particle's tortious interference with contract claim (*id.*).

In Phase II, the parties will need to negotiate custodians, search terms, and other search parameters—and then collect, review, produce documents, and take depositions—across the full breadth of issues described above. Particle's Phase II proposal does not give the parties sufficient time for such discovery. A comparison to the Phase I schedule confirms the point. As set forth in the chart below, Particle's Phase II proposal allocates a *shorter* window for ESI negotiations and provides only *one additional week* for the parties to substantially complete their document productions as compared to what the Court had ordered in Phase I. And while Particle's proposal increases the deposition period from 48 days in Phase I to 91 days in Phase II, that 43-day increase does not build in sufficient time for adequate party and third-party depositions. Indeed, in Phase I, the parties each noticed and completed only *one* party

deposition; in Phase II, where there will be many more party depositions, substantially more time is required. Nor does Particle's proposal account for third-party depositions, which were entirely absent from Phase I and are inherently more time-consuming because they require negotiation and coordination with third parties under no obligation to prioritize this litigation.

| | **Phase I Schedule (Dkt. No. 56)** | **Particle's Phase II Proposal (9/17/2026 Email from J. Braun)** |
|---|---|---|
| ESI-parameter and RFP objections negotiations completed; the Parties shall present to the Court any unresolved issues or disputes concerning objections or ESI parameters | 33 days (Nov. 12[1] – Dec. 15, 2025) | 26 days (Oct. 28 – Nov. 23, 2026) |
| Substantial completion of party document production | 60 days (Dec. 15, 2025 – Feb. 13, 2026) | 67 days (Nov. 23, 2026 – Jan. 29, 2027) |
| Close of fact discovery, including fact depositions | 48 days (Feb. 13 – Apr. 2, 2026) | 91 days (Jan. 29 – Apr. 30, 2027) |

Moreover, Particle's proposed expert discovery schedule is also inadequate—particularly for Epic's rebuttal reports. Unlike Particle, which can begin preparing its opening expert reports well in advance of Particle's opening report deadline, Epic's rebuttal reports are inherently responsive in nature and the proposed schedule should account for this asymmetry. Moreover, in a case involving antitrust market definition, competitive effects analysis, and damages, a 31-day window for Epic's rebuttal expert reports is plainly insufficient. Epic also expects that the 31-day window for the parties to take expert depositions may need to be extended as well.

## II. Epic's Counterproposal

In the interest of advancing the parties towards a resolution, Epic proposes the revised schedule set forth in the chart below, which accounts for the aforementioned insufficiencies in Particle's proposal. Epic remains willing to meet and confer to reach a mutually agreeable schedule to propose to the Court.

| | **Particle's Phase II Proposal (9/17/2026 Email from J. Braun)** | **Epic Counterproposal** |
|---|---|---|
| **Last Day to Reissue/Serve RFPs[2]** | September 28, 2026 | September 28, 2026 |

[1] Epic served its responses and objections to Particle's First and Second Set of Requests for Production on November 12, 2025.

[2] This deadline does not apply to any other written discovery.

| | **Particle's Phase II Proposal (9/17/2026 Email from J. Braun)** | **Epic Counterproposal** |
|---|---|---|
| **ESI-parameter and RFP objections negotiations completed** | November 23, 2026 | November 23, 2026 |
| **Present to the Court any unresolved issues or disputes concerning objections or ESI parameters*** | November 23, 2026 | December 4, 2026 |
| **Substantial completion of party document production** | January 29, 2027 | March 15, 2027 |
| **Close of party fact discovery** | April 30, 2027 | June 14, 2027 |
| **Plaintiff Opening Reports** | May 28, 2027 | July 2, 2027 |
| **Defendant Rebuttal Reports** | June 28, 2027 | September 3, 2027 |
| **Plaintiff Reply Reports** | July 16, 2027 | September 21, 2027 |
| **Close of all remaining fact discovery and close of expert discovery** | August 16, 2027 | November 1, 2027 |
| **Deadline to file pre-motion letters for summary judgment and Daubert motions** | September 10, 2027 | November 8, 2027 |

Sincerely,

*/s/ Lauren A. Moskowitz*

Lauren A. Moskowitz

Adam Wolfson
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

BY EMAIL