# Exhibit B

quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7312**

WRITER'S EMAIL ADDRESS
**kathrynbonacorsi@quinnemanuel.com**

September 23, 2026

**VIA EMAIL**

Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
lmoskowitz@cravath.com

Re: *Particle Health Inc. v. Epic Systems Corporation*, No. 24-cv-07174-NRB (S.D.N.Y.)

Counsel:

We write on behalf of Plaintiff Particle Health, Inc. ("Particle") in response to Epic Systems Corporation's ("Epic") September 21, 2026 letter regarding the parties' proposed case schedules. For the reasons below, Particle does not agree to Epic's latest proposed schedule. Because the parties remain far apart on several core deadlines, Particle believes that the most efficient next step is for the parties to submit a joint letter presenting their competing schedules to the Court.

## I. The Court Ordered Short, Efficient Discovery.

The Court's September 3, 2026 Order (the "Order") noted that Particle "has represented to the Court that it 'anticipates a short fact and expert discovery' that can be completed 'efficiently'" and ordered that "[t]he ***parties' proposed schedule*** should accord with these representations." Dkt. 101 (emphasis added). This directive binds not just Particle, as Epic suggests, but Epic too.

With this in mind, Particle shared a schedule on September 9 that conforms to the Court's request. Epic countered on September 14 with a schedule that extended the discovery period by 101 days. Particle agreed with interim adjustments but again determined to maintain a short and efficient discovery period with its September 17 proposal. Epic's September 21 counterproposal, however, extends most of the discovery dates nearly two months beyond Particle's proposal.

## II. Epic's Proposed Schedule Does Not Follow the Court's Order for Short, Efficient Discovery.

Epic offers three justifications for its extended schedule: the broader scope of full discovery, the time needed for document production and depositions, and the time needed for rebuttal expert reports. None justifies the extent of the delay Epic proposes.

*First*, following Phase One, the parties are already ahead on the logistical steps necessary for collection, review, negotiation, and production. They have negotiated, and the Court has entered, an ESI protocol and a confidentiality order. Phase One also has given the parties familiarity with potential search terms, custodians, and repositories, and the parties have had extensive time to investigate and collect their own ESI. And, notwithstanding the parties' agreement to reissue or serve requests for production by September 28, Epic has had the substance of many of Particle's requests since Particle first served them on February 24, 2025 and October 12, 2025. Epic has thus had nearly a year—and, for Particle's first set of requests, more than eighteen months—to consider its positions on many of those requests. Phase Two will expand the scope of existing discovery, but it does not require the parties to begin all processes from scratch.

*Second*, Particle's proposal already accounts for the additional time that Phase Two's larger scope calls for. Particle has incorporated additional time into both substantial completion of party document production and close of fact discovery. Document collection and review can proceed in parallel with ESI-protocol negotiations. Measured from the September 28, 2026 deadline to reissue or serve requests for production, the parties will have ***over four months*** to identify custodians and collect, review, and produce documents on a rolling basis before the January 29, 2027 substantial-completion deadline. For depositions, Particle proposes 91 days, nearly double that of Phase One, to accommodate the additional party depositions and anticipated third-party depositions for Phase Two. Epic's own counterproposal allots an additional 91-day period between substantial completion of document production (March 15, 2027) and close of party fact discovery (June 14, 2027).

*Third*, Epic's objections to Epic's 31 days to submit an expert rebuttal report(s) being "plainly insufficient" and resulting in an "asymmetry" because Epic's reports will be "responsive in nature" are meritless. It is common practice for rebuttal reports to follow opening reports within 30 days: the Federal Rules of Civil Procedure set the default standard that, absent stipulation or court order, rebuttal expert disclosures are due within 30 days after the opposing party's opening expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). The "asymmetry" Epic bemoans is in fact the standard that many cases adopt, particularly where, as here, the parties are proceeding through a "short" and "efficient[]" discovery period. Epic's counterproposal of 63 days for rebuttal expert reports, more than double what Particle proposes, is inconsistent with a short discovery period and devoid of any reason why any departure from this well-worn norm is warranted here.[1]

---

[1] Epic's schedule creates an asymmetry of its own: it would give Particle just 18 days after the close of party fact discovery to serve opening reports—down from 28 days under Particle's proposal—while giving Epic 63 days to respond.

* * *

For these reasons, Particle cannot agree to Epic's counterproposal. Because the parties remain far apart in their respective proposed case schedules and are unable to reach an agreement despite a meet-and-confer and multiple rounds of correspondence, the parties are at an impasse. Particle thus proposes that the parties submit a joint letter to the Court setting forth each party's proposed schedule. Please review the enclosed draft letter and confirm Epic's agreement to its form, or send any comments, so that the parties may file it promptly.

Regards,

*/s/ Kathryn Bonacorsi*
Kathryn Bonacorsi

*Counsel for Plaintiff Particle Health, Inc.*

Enclosures

Cc: All counsel of record